1  NANCY SHER COHEN (State Bar No. 81706)
     Nancy.Cohen@LathropGPM.com
2  RONALD A. VALENZUELA (State Bar No. 210025)
3    Ronald.Valenzuela@LathropGPM.com
   LATHROP GPM LLP
4  1888 Century Park East, Suite 1000
5  Los Angeles, CA 90067
   Telephone: (310) 789-4600
6  Facsimile: (310) 789-4601
7
8  Attorneys for Plaintiffs

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12 | ARCONIC INC.; MACOM                  | Case No.: 2:20-cv-02586
   | CONNECTIVITY SOLUTIONS, LLC          |
13 | (F/K/A APPLIED MICRO CIRCUITS        | **NOTICE OF RELATED CASE**
   | CORPORATION); BASF CORPORATION;      |
14 | BAXTER HEALTHCARE CORPORATION;       | [Local Rule 83-1.3.3]
   | C. T. L. PRINTING INDUSTRIES, INC.;  |
15 | CALIFORNIA HYDROFORMING              | Complaint filed March 18, 2020
   | COMPANY, INC.; COLUMBIA              |
16 | SHOWCASE & CABINET COMPANY,          |
   | INC.; CROSBY & OVERTON, INC.;        |
17 | DISNEY ENTERPRISES, INC.; FHL        |
   | GROUP; FORENCO, INC.; GENERAL        |
18 | DYNAMICS CORPORATION; HERCULES       |
   | INCORPORATED; HEXCEL                 |
19 | CORPORATION; HONEYWELL               |
   | INTERNATIONAL INC.;                  |
20 | INTERNATIONAL PAPER COMPANY;         |
   | LOS ANGELES COUNTY                   |
21 | METROPOLITAN TRANSPORTATION          |
   | AUTHORITY; MASCO BUILDING            |
22 | PRODUCTS CORPORATION; MATTEL,        |
   | INC.; MERCK SHARP & DOHME            |
23 | CORPORATION; PILKINGTON GROUP        |
   | LIMITED; QUEST DIAGNOSTICS           |
24 | CLINICAL LABORATORIES, INC.;         |
   | RAYTHEON COMPANY; SAFETY-KLEEN       |
25 | SYSTEMS, INC.; SOCO WEST, INC.;      |
   | SPARTON TECHNOLOGY, INC.; THE        |
26 | BOEING COMPANY; THE DOW              |
   | CHEMICAL COMPANY; TRIMAS             |
27 | CORPORATION; AND UNIVAR              |
   | SOLUTIONS USA INC.,                  |
28 |                                      |
                    Plaintiffs,

|    |                                      |
|----|--------------------------------------|
| 1  | v.                                   |
| 2  |                                      |
| 3  |                                      |
| 4  |                                      |
| 5  |                                      |
| 6  | CAL-TRON PLATING, INC.; DENNIS O'MEARA; ELECTRONIC CHROME & GRINDING CO., INC.; DUNCAN INDUSTRIES, INC.; HALLIBURTON ENERGY SERVICES, INC.; MID-WEST FABRICATING CO.; OMEGA CHEMICAL CORPORATION; SANTA FE RUBBER PRODUCTS, INC.; SUNRISE PROPERTIES, LLC; AND VANOWEN HOLDINGS, LLC; AND DOES 1 – 250, INCLUSIVE, |
| 7  |                                      |
| 8  |                                      |
| 9  |                                      |
| 10 |                                      |
| 11 |                                      |
| 12 | Defendants.                          |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE plaintiffs in this action, Arconic Inc., et al. ("Plaintiffs"), hereby submit this Notice of Related Case on the grounds that this action, filed on March 18, 2020, in the United States District Court, Central District of California, is related to the following two actions which are before the Honorable George H. Wu:

1. *United States of America, et al. v. Abex Aerospace, et al.*, Case No. 2:16-CV-02696-GW (Ex.) (the "*Abex* Action"); and.

2. *Alcoa Inc. et al. v. APC Investment Co., et al.*, Case No. 2:14-cv-06456-GW (Ex.) ("*APC Investment* Action").

This action is related to the *APC Investment* and *Abex* Actions under Local Rule 83-1.3.1 for the following reasons:

In 2016, Plaintiffs entered into a consent decree memorializing a settlement between the United States, the California Department of Toxic Substances Control, Plaintiffs, and others with respect to certain liability for groundwater contamination that is defined under the consent decree as "Operable Unit No. 2" or "OU-2" and is located at and near the Whittier and Santa Fe Springs, California communities ("the OU-2 Consent Decree"). That consent decree was lodged and ultimately approved by Judge Wu in the *Abex* Action. Under the OU-2 Consent Decree, Plaintiffs, and others, are obliged to implement certain response actions at OU-2 which will address the OU-2 contamination.

Plaintiffs here are also plaintiffs in the *APC Investment* Action, who allege that *others* should contribute to the costs arising from the OU-2 Consent Decree. Specifically, Plaintiffs allege that the defendants in the *APC Investment* Action are associated with properties that are contributing sources of the OU-2 groundwater contamination, as hazardous substances have been released at those properties, contaminated the soil, and migrated into the OU-2 groundwater. Plaintiffs seek, *inter alia*, contribution under the Comprehensive Environmental, Response,

Compensation, and Liability Act ("CERCLA") and declaratory relief against defendants in the *APC Investment* Action to require those defendants to pay their equitable share of the costs arising from the OU-2 Consent Decree.

In this case, just as in the *APC Investment* Action, Plaintiffs allege that defendants Cal-Tron Plating, Inc. et al. ("Defendants") are associated with properties that are contributing sources of the OU-2 groundwater contamination, as hazardous substances have been released at those properties, contaminated the soil, and migrated into the OU-2 groundwater.  Plaintiffs here seek contribution under CERCLA and declaratory relief against Defendants to require them to pay their equitable share of the costs arising from the OU-2 Consent Decree.

As described above, the OU-2 contamination, and the work required under the OU-2 Consent Decree to address that contamination, are at the center of this lawsuit, the *Abex* Action, and the *APC Investment* Action.  Requiring this action to be heard by a judge other than the court presiding over the *Abex* and *APC Investment* Actions, Judge Wu, would entail substantial duplication of labor.  It would require two different judges to learn and understand the nature and extent of the OU-2 groundwater contamination, the nature of the work required under the OU-2 Consent Decree to address that contamination, and the potentially responsible parties, several of whom have generally engaged in similar conduct that resulted in releases of hazardous substances into the environment from their properties.  Judicial economy would best be served if this matter is assigned to Judge Wu.

DATED: March 18, 2020                    LATHROP GPM LLP


                                         By:  /s/  Nancy Sher Cohen
                                         Attorneys for Plaintiffs

Case 2:20-cv-02586-GW-E Document 5 Filed 03/19/20 Page 5 of 5 Page ID #:75