NANCY SHER COHEN (State Bar No. 81706)
 nancy.cohen@lathropgpm.com
RONALD A. VALENZUELA (State Bar No. 210025)
 ronald.valenzuela@lathropgpm.com
LATHROP GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
310.789.4600
310.789.4601

Attorneys for Plaintiffs
Arconic Inc. et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Arconic Inc. et al.,<br><br>             Plaintiffs,<br><br>vs.<br><br>Cal-Tron Plating, Inc. et al,<br><br>             Defendants. | CASE NO. 2:20-cv-02586-GW(Ex)<br><br>Assigned to: Hon. George H. Wu<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER STAYING CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed: March 18, 2020 |

32701572v3 May 21, 2020  2:03 PM

## *EX PARTE* APPLICATION

Plaintiffs Arconic Inc. et al. ("Plaintiffs") hereby apply to this Court *ex parte* (the "Application") for an order staying this case pending the outcome of the appeal of this Court's statute-of-limitations ruling in a related action: *Arconic Inc. et al. v APC Investment Co, et al.*, Case No. 2:14-cv-06456 GW (Ex.) ("*Arconic*"). That appeal (the "*Arconic* Appeal") is currently pending before the Ninth Circuit Court of Appeals; it has been fully briefed, oral argument was conducted over two months ago, and all that remains is for the Ninth Circuit to issue its decision. That decision may directly bear on *this case*, answering when the statute of limitations expires for the types of claims asserted here, namely, claims for contribution and declaratory relief under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"). Good cause exists for granting this Application.

Here, Defendant Vanowen Holdings, LLC ("Vanowen") wants to litigate the statute-of-limitations issue; it intends to bring a motion to dismiss on the grounds that Plaintiffs' CERCLA claims in this case are time-barred. Plaintiffs would oppose, as they contend that the claims are timely. But this dispute need not, and should not, be joined now, because the Ninth Circuit's decision in the *Arconic* Appeal will almost certainly settle the question, and thus staying this case to allow time for the Ninth Circuit to issue that decision is warranted and appropriate. A stay would conserve party and judicial resources and promote judicial economy. Conserving those resources would be impossible if this request was brought as a regularly noticed motion, as Plaintiffs would be simultaneously opposing Vanowen's motion to dismiss—at significant cost—while seeking a stay to avoid those very costs.

As required under Local Rule 7-19.1, notice of this Application was given to all Defendants that have been served in this matter.[1] *See* Decl. of Ronald A. Valenzuela

---

[1] All Defendants have been served except Dennis O'Meara and his former company Omega Chemical Corporation. Plaintiffs are continuing their diligent efforts to serve those two Defendants. *See* Valenzuela Decl. ¶ 7.

In Support of *Ex Parte* Application ("Valenzuela Decl.") ¶¶ 16-22. Plaintiffs have also served a copy of this Application and all supporting papers on counsel for those Defendants, which are listed in Appendix A attached hereto. *Id*. Vanowen is the only Defendant that opposes this Application. *Id*.

The Application is brought in accordance with Local Rule 7-19 and Federal Rule of Civil Procedure 6(c)(1)(A) and is based upon the Memorandum of Points and Authorities, Declaration of Ronald A. Valenzuela, and proposed order submitted concurrently herewith, all other pleadings filed in this action and in *Arconic Inc. et al. v APC Investment Co, et al.*, Case No. 2:14-cv-06456 GW (Ex.) and contained in the Court's file. As required under the Court's Procedures, published on the home page for the Hon. George H. Wu at the United States District Court, Central District of California website at https://www.cacd.uscourts.gov/honorable-george-h-wu, **any opposition to this Application must be filed not later than 24 hours after the filing of this *ex parte* application**.

Dated: May 21, 2020                           LATHROP GPM LLP

                                              By: /s/ Ronald A. Valenzuela
                                                  Ronald A. Valenzuela
                                                  Attorneys for Plaintiffs Arconic Inc.
                                                  et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an environmental case involving regional groundwater contamination that has been designated by U.S. EPA as Operable Unit No. 2, or OU-2, of the Omega Chemical Corporation Superfund Site. This Court is already aware of the groundwater contamination in OU-2, because that contamination is at the center of a related case filed in 2014 which is pending before this Court – the *Arconic* case.

The plaintiffs in *Arconic*, a group which includes the plaintiffs in this case, asserted claims under CERCLA for contribution and declaratory relief. Plaintiffs sought to require defendants, parties that Plaintiffs allege share responsibility for the OU-2 contamination, to bear their fair share of costs arising from a consent decree between Plaintiffs and the federal and state governments that imposes certain obligations related to addressing the OU-2 groundwater contamination (the "OU-2 Consent Decree").

This Court, however, dismissed the CERCLA claims asserted in *Arconic*, ruling that the limitations period for those claims began in 2007 and expired no later than 2010 and thus were time-barred under CERCLA's 3-year statute of limitations. Plaintiffs appealed that ruling to the Ninth Circuit, arguing that the limitations period for their CERCLA claims began to run on March 31, 2017, when this Court approved the OU-2 Consent Decree, and did not expire until March 31, 2020. The *Arconic* Appeal was deemed argued and submitted over two months ago, on March 3.

Plaintiffs subsequently brought this lawsuit on March 18 asserting two claims under CERCLA. Those claims are substantially similar to the CERCLA claims asserted in *Arconic*. Both sets of claims relate to OU-2, and both seek to require defendants, parties alleged to share responsibility for the OU-2 contamination, to bear a portion of the costs arising from the OU-2 Consent Decree. Indeed, this suit was filed prior to March 31 to ensure that Plaintiffs' claims were timely in the event the Ninth Circuit reverses the District Court's ruling and holds that the limitations period

for the claims asserted in *Arconic,* and by extension here, expired March 31, 2020. In other words, the timing of the filing of this lawsuit was aimed at preserving Plaintiffs' CERCLA claims against Defendants before the limitations period for those claims expired.[2]

Given the similarities between the CERCLA claims in *Arconic* and in this case, the Ninth Circuit's decision in the *Arconic* Appeal will inform this case; it will likely determine when the statute of limitations for the CERCLA claims in this case expired. As such, it would be an enormous waste of time, effort, and money for the parties to litigate—and for this Court to adjudicate—this matter *before* the Ninth Circuit has issued its decision.

Indeed, the threat of having to needlessly commit such resources is not theoretical; it is imminent, as Defendant Vanowen has advised Plaintiffs that it intends to bring a Rule 12(b)(6) motion. That motion will seek dismissal of Plaintiffs' claims as time-barred and subject to this Court's statute-of-limitations ruling in *Arconic* under the doctrine of res judicata.

But as indicated, the Ninth Circuit's decision in the *Arconic* Appeal is expected to answer that question. The Ninth Circuit will either conclude that the limitations period for the types of CERCLA claims at issue here expired long ago, and thus likely obviate the need for motion practice on that issue in this case, or it will conclude that the limitations period did not expire until this year, on March 31, thus eliminating the basis for Vanowen's anticipated motion to dismiss. For this reason, Plaintiffs proposed that the parties submit a stipulated request for a stay to avoid the time and

---

[2] Prior to filing this lawsuit, Plaintiffs spent several months trying to obtain agreements with Defendants, and many others, to toll the statute of limitations for Plaintiffs' CERCLA claims and avoid having to file this action at all. Valenzuela Decl. ¶ 8. Plaintiffs were largely successful but were unable to reach such an agreement with Defendants. *Id*.

expense of briefing and arguing Vanowen's anticipated motion, a proposition that Vanowen rejected.

A stay of this case, therefore, pending the outcome of the *Arconic* Appeal is warranted. A stay is in the interest of justice, conserves party and judicial resources, and promotes judicial economy, and no party would be prejudiced by a stay. Indeed, the only Defendant that has voiced any opposition to this Application is Vanowen.[3] But Vanowen is not being deprived of any rights or defenses, including a statute-of-limitations defense. It is merely required to defer that defense until the Ninth Circuit has rendered its decision on the statute-of-limitations issue, a decision that likely will decide the viability of Vanowen's defense. Accordingly, Plaintiffs respectfully submit that this Application should be granted.

## II. PROCEDURAL BACKGROUND

The *Arconic* lawsuit was initiated in 2014 and assigned to this Court. Valenzuela Decl. ¶ 3. Plaintiffs in this case are among the group of plaintiffs in *Arconic*. *Id.* After Plaintiffs, and others, entered into the OU-2 Consent Decree[4] with the federal and state governments, Plaintiffs amended the *Arconic* complaint to assert two causes of action under CERCLA. *Id.* One cause of action asserts a claim for contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f). *Id.* The other asserts a claim for declaratory relief under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201. *Id.*

The *Arconic* defendants moved for summary judgment on the CERCLA claims, arguing that the statute of limitations had expired before Plaintiffs filed suit. *Id.* ¶ 6. Plaintiffs opposed. *Id.* In February 2019, this Court entered judgment in *Arconic*,

---

[3] Of the remaining seven Defendants, six have stated that they do not oppose this Application and the seventh has indicated that it is "neutral" or "agnostic." Valenzuela Decl. ¶¶ 16-22.

[4] This Court approved the OU-2 Consent Decree in the matter titled *United States of America et al. v. Abex Aerospace et al.*, Case No. 2:16-CV-02696-GW (Ex.).

dismissing the CERCLA claims, with prejudice, on the grounds that they were time-barred.[5] *Id*. Plaintiffs appealed that ruling, the briefing and argument by the parties is complete, and the Ninth Circuit has taken the matter under submission. *Id.*

On March 18, 2020, Plaintiffs filed the Complaint in this action against defendants Cal-Tron Plating, Inc. et al., along with a Notice of Related Case, indicating that this case was related to the *Arconic* and *Abex* actions. *Id.*¶ 7. The Complaint asserts only two causes of action: a claim for contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f), and a claim for declaratory relief under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201. *Id*.

After this suit was filed, counsel for Plaintiffs, Ronald Valenzuela, attempted to contact Defendants to propose submitting a stipulated request to this Court, asking the Court to enter an order staying this case pending the outcome of the *Arconic* Appeal. *Id.*¶¶ 9-10. Mr. Valenzuela was eventually able to identify counsel each Defendant had retained for this case, and he discussed the proposed stipulated request for a stay with Defendants' counsel, including counsel for Defendant Vanowen. *Id*. During those discussions, Mr. Valenzuela provided background concerning the *Arconic* case and the *Arconic* Appeal and advised Defendants' counsel that the Ninth Circuit's decision in the *Arconic* Appeal would likely bear directly on this case. *Id*. Mr. Valenzuela also shared a draft of the proposed stipulation with counsel for the Defendants who expressed interest in the stay. *Id*.

Counsel for Vanowen, Thomas Weiss, expressed skepticism about the stay, but indicated he would discuss it with his client. *Id*. ¶ 11. The remaining Defendants were generally amenable to the concept of a stay pending the outcome of the *Arconic* Appeal, though the details of the stipulation still needed to be worked out. *Id*.

---

[5] A third claim asserted in *Arconic* for injunctive relief under the Resource Conservation and Recovery Act, as amended, 42 U.S.C. §§ 6901-6992k, the sole remaining claim, is currently stayed. Valenzuela Decl. ¶ 6.

On May 15, 2020, Mr. Weiss contacted Mr. Valenzuela, to request a meeting to confer about Vanowen's intention to file a Rule 12(b)(6) motion. *Id.* ¶ 12. The parties conferred telephonically on the afternoon of May 20 and discussed the anticipated motion. *Id.* ¶ 14. Mr. Valenzuela again proposed submitting a stipulated request to stay this case as a means to avoid the time, expense, and cost of litigating the anticipated motion, but Mr. Weiss rejected the proposal, indicating that Vanowen may have a laches defense even if the Ninth Circuit reverses the ruling in *Arconic*. *Id.*

Mr. Valenzuela then indicated that he would discuss the contents of the parties' telephone conference with Plaintiffs and would later advise Mr. Weiss if the parties were at an impasse. *Id.* ¶ 15. During the call, Mr. Valenzuela also informed Mr. Weiss that if the parties could not find a way to avoid Vanowen's anticipated Rule 12 motion, Plaintiffs intended to file an *ex parte* application the following day seeking the relief sought by this Application. *Id.*

Later that evening, Mr. Valenzuela e-mailed Mr. Weiss, advised him that the parties were at an impasse and that Plaintiffs would seek a stay via an *ex parte* application the following day, Thursday, May 21. *Id.* ¶ 16. Although Mr. Weiss later responded by e-mail expressing "surprise" that Plaintiffs would be applying *ex parte* for a stay and objecting that *ex parte* relief was not appropriate, Mr. Weiss expressed no such surprise during the call earlier that day, did not indicate that *ex parte* relief was inappropriate, and instead commented that it was well within the Court's discretion to decide that a stay was the appropriate course of action. *Id.*

### III. ARGUMENT

#### A. The Relief Sought By This Application

Plaintiffs seek an order staying this case pending the outcome of the *Arconic* Appeal. The requested stay would begin upon entry of the Court's order granting this Application, and the stay would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the *Arconic* Appeal becomes final and non-appealable, or (b) December 1, 2020. Further, under the requested order,

Defendants' respective deadlines to respond to the Complaint would be tolled during the stay. Defendants' new response deadline would be the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court enters the order staying this case.

Under the requested stay order, Plaintiffs will notify the Court of the Ninth Circuit's decision in *Arconic* within 5 court days of Plaintiffs' notice of that decision. No later than 21 days following the termination of the requested stay, the parties will file a joint status report and propose a date for a status conference with the Court.

### B.     This Court Has Authority To Stay This Case

As this Court observed in *Arconic* [*see* Dkt. No. 346 at Page ID #: 7187-88], a district court has discretionary authority to stay a proceeding pending another court's ruling. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-11 (9th Cir. 2005); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may [properly] find it is efficient for its own docket and the fairest course for the parties to … stay … an action before it, pending resolution of independent proceedings which bear upon the case."); *see also Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To assess whether a stay is appropriate, courts assess the competing interests affected by a stay. *Lockyer,* 398 F.3d at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: (1) hardship or inequity a party may suffer by going forward; (2) possible damage that may result from the granting of a stay; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*; Schwarzer, Tashima, et al., Fed. Civ. Proc. Before Trial (2014) § 2:4395, at 2E-47-48.

Here, the competing interests weigh in favor of staying this case.

**1.     If this case goes forward while the *Arconic* Appeal is pending, the**

**parties would suffer hardship and inequity.**

Plaintiffs' CERCLA claims in this matter are substantively similar to the CERCLA claims asserted in *Arconic*, which this Court ruled were time-barred. As such, the Ninth Circuit's decision in the *Arconic* Appeal will likely have a material effect on whether Plaintiffs may pursue their claims against Defendants. Waiting, therefore, for the Ninth Circuit to render its decision would be prudent and appropriate before proceeding in this case.

Defendant Vanowen, however, insists upon litigating the central issue now before the Ninth Circuit: when the statute of limitations expires for the types of CERCLA claims asserted here. If Vanowen files its anticipated motion, Plaintiffs will be compelled to oppose it to preserve all of its arguments for appeal, and as this Court will recall from *Arconic,* the briefing on the statute-of-limitations issue was voluminous.

Contesting the statute-of-limitations issue now, in this case, makes little sense. It would be an utter waste of the parties' time, effort, and money to contest the CERCLA claims based on a statute-of-limitations defense, only to have the Ninth Circuit later decide that those claims are not time-barred. Conversely, if the Ninth Circuit were to issue a decision in *Arconic* that renders the CERCLA claims in this case impossible to maintain, there are far less costly and more efficient means of disposing of those claims than fully briefing and arguing a motion to dismiss.

Nor would the Court be well served by investing judicial resources to manage this case and adjudicate the parties' disputes while the *Arconic* Appeal is pending. Those resources should be conserved until it is clear to what extent the claims asserted here, and Defendant Vanowen's anticipated motion, are viable.

**2.    No possible damage would result from granting a stay.**

Plaintiffs are not asking the Court to deprive Vanowen, or any Defendant, of its rights, claims, or defenses in this action. All are expressly preserved. After the *Arconic* Appeal is resolved, and assuming that Plaintiffs' claims remain viable under

the Ninth Circuit's decision, Defendants will have an opportunity to challenge the Complaint and defend against Plaintiffs' claims on the merits.

This case is in its earliest stages. It was filed a few weeks ago, and Defendants have only recently been served. No pending motions, discovery, or other pretrial activities would be disrupted by a stay or have to be redone when it is lifted. And no party would gain an unfair advantage over any other party if the case is stayed, as the requested stay applies equally to all parties.

Indeed, the only parties that arguably would suffer from a stay are Plaintiffs, as they have already incurred millions of dollars to address OU-2—and those costs continue to grow every day—while the status of their CERCLA claims aimed at compelling Defendants to help bear those costs remains uncertain. Nevertheless, Plaintiffs understand that under the current circumstances, a stay is the most efficient and cost-effective way to proceed at this time.

**3.      The orderly course of justice would be served by granting a stay.**

A stay would in no way complicate issues, proof, or questions of law in this case. To the contrary, waiting for the Ninth Circuit to render its decision in the *Arconic* Appeal would simplify this case. That decision may dispose of the defenses that Defendant Vanowen wishes to litigate via its anticipated motion to dismiss, but in all events, it will provide clarity concerning when the statue of limitations expires for the types of CERCLA claims asserted in this case.

Vanowen's professed reason for opposing a stay is without merit. It claims that it might prevail on a laches defense even if the Ninth Circuit concludes that the claims asserted in *Arconic* are not time-barred. Plaintiffs dispute this and are confident that Vanowen cannot succeed on that defense. But, importantly for purposes of deciding this Application, a stay of this case pending the outcome of the *Arconic* Appeal would in no way preclude Vanowen from asserting that defense after the stay is lifted. The stay would have no effect whatsoever on the nature or availability of any claim or defense possessed by a party to this lawsuit. Its only impact would be in the timing of

asserting those claims or defenses, and any perceived inconvenience, or impatience, in having to wait to litigate those claims or defenses is significantly outweighed by the enormous costs and burdens that would be imposed on the parties and the Court by not waiting.

## IV. CONCLUSION

Because the Ninth Circuit's coming decision in *Arconic* may have a material effect on this case, a stay of this case pending the outcome of the *Arconic* Appeal is reasonable and warranted. It is the fairest course for the parties, conserves party and judicial resources, promotes judicial economy, and does not prejudice or otherwise harm any party. It is no surprise, then, that most of the Defendants do not oppose this Application. Only one Defendant, Vanowen, insists upon litigating an issue that the Ninth Circuit may decide in the very near future, but it fails to offer a valid basis for not waiting and instead demands that the parties and the Court adopt the least fair, least efficient, and least economical course in this action. Accordingly, Plaintiffs respectfully submit that this Application should be granted and this case stayed pending the outcome of the *Arconic* Appeal.

Dated: May 21, 2020                      LATHROP GPM LLP

                                         By: /s/ Ronald A. Valenzuela
                                             Ronald A. Valenzuela
                                             Attorneys for Plaintiffs Arconic Inc.
                                             et al.

# Appendix A

Counsel for Defendants

**Cal-Tron Plating, Inc.**
Justin Panitchpakdi
VAN NESS FELDMAN LLP
3717 Mt. Diablo Boulevard, Suite 200
Lafayette, California 94549
Tel.: (925) 282-8012
Fax: (925) 284-0870
jpanitchpakdi@vnf.com

**Electronic Chrome & Grinding Co., Inc.**
Thomas P Schmidt
LAW OFFICES OF THOMAS P SCHMIDT
900 Fulton Avenue, Suite 250
Sacramento, California 95825
Tel.: (310) 962-9128
tpjschmidt@gmail.com

**Duncan Industries, Inc.**
Aaron P. Allen
GLASER WEIL FINK HOWARD AVCHEN &
  SHAPIRO LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, California 90067
Tel.: (310) 282-6279
Fax: (310) 556-2920
aallan@glaserweil.com

**Halliburton Energy Services, Inc.**
William D. Wick
WACTOR & WICK LLP
3640 Grand Avenue
Suite 200
Oakland, California 94610
Tel.: (510) 465-5750
bwick@ww-envlaw.com

**Mid-West Fabricating Co.**
Timothy C. Cronin
THE CRONIN LAW GROUP
390 Bridge Parkway, Suite 220
Redwood City, California 94065
Tel.: (415) 951-0166
Fax: (415) 951-0167
tcronin@crowlaw.com

**Santa Fe Rubber Products, Inc.**
David Van Riper
VAN RIPER LAW
1254 Irvine Boulevard, Suite 200
Tustin, California 92780
Tel.: (714) 731-1800
dave@vanriperlaw.com

**Sunrise Properties, LLC**
Michael Vergara
SOMACH SIMMONS & DUNN
500 Capitol Mall, Suite 100
Sacramento, California 95814
Tel.: (916) 446-7979
Fax: (916) 446-8199
mvergara@somachlaw.com

**Vanowen Holdings, LLC**
Thomas J. Weiss
WEISS & ZAMAN
1925 Century Park East, Suite 2140
Los Angeles, California 90067
Tel: (310) 788-0710
Fax: (310) 788-0735
tweiss@weisslawla.com