1 NANCY SHER COHEN (State Bar No. 81706)
2   nancy.cohen@lathropgpm.com
  RONALD A. VALENZUELA (State Bar No. 210025)
3   ronald.valenzuela@lathropgpm.com
4 LATHROP GPM LLP
  1888 Century Park East, Suite 1000
5 Los Angeles, CA 90067
6 310.789.4600
  310.789.4601
7

8 Attorneys for Plaintiffs
  Arconic Inc. et al.
9

10 UNITED STATES DISTRICT COURT

11 CENTRAL DISTRICT OF CALIFORNIA

12 WESTERN DIVISION

| | |
|---|---|
| 13 Arconic Inc. et al., | CASE NO. 2:20-cv-02586-GW(Ex) |
| 14         Plaintiffs, | |
| 15 vs. | Assigned to: Hon. George H. Wu |
| 16 Cal-Tron Plating, Inc. et al, | **DECLARATION OF RONALD A. VALENZUELA IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER STAYING CASE** |
| 17         Defendants. | |
| 18 | |
| 19 | |
| 20 | Complaint Filed: March 18, 2020 |
| 21 | |

22
23
24
25
26
27
28

-1-

## DECLARATION OF RONALD A. VALENZUELA

I, Ronald A. Valenzuela, declare as follows:

1.      I am a partner with the law firm of Lathrop GPM LLP, counsel of record for Plaintiffs Arconic Inc. et al. ("Plaintiffs") in this matter. I am duly admitted to practice before the courts of the State of California and before this Court. Unless otherwise indicated, I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would competently testify thereto.

2.      Prior to January 1, 2020, Lathrop GPM LLP was known as Lathrop Gage LLP. I was a partner at Lathrop Gage LLP since October 1, 2017.  Prior to October 1, 2017, I was an associate at Proskauer Rose LLP.

3.      A lawsuit titled *Arconic Inc. et al. v APC Investment Co, et al.*, Case No. 2:14-cv-06456 GW (Ex.) ("*Arconic*") was initiated in 2014 and assigned to this Court. At the time, Proskauer Rose LLP was counsel of record for plaintiffs in that case. After I joined Lathrop Gage LLP, that firm became counsel of record for plaintiffs in *Arconic*. Lathrop GPM LLP is now counsel of record for plaintiffs in *Arconic*. While at Proskauer Rose LLP, Lathrop Gage LLP, and now Lathrop GPM LLP, I handled the day-to-day management of *Arconic*. Plaintiffs in this case are among the group of plaintiffs in *Arconic* (the "*Arconic* Plaintiffs").

4.      In 2016, all of the *Arconic* Plaintiffs, and others, entered into a consent decree relating to Operable Unit No. 2 of the Omega Chemical Superfund Site. The federal and state governments were also parties to the OU-2 Consent Decree, which was approved by this Court in *United States of America et al. v. Abex Aerospace et al.*, Case No. 2:16-CV-02696-GW (Ex.).

5.      After entering into the OU-2 Consent Decree, the *Arconic* Plaintiffs amended the *Arconic* complaint to assert two causes of action under CERCLA. One cause of action asserts a claim for contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f). The other asserts a claim for declaratory relief under CERCLA

Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201.

6.     The *Arconic* defendants moved for summary judgment on the CERCLA claims, arguing that the statute of limitations had expired before the *Arconic* Plaintiffs filed suit. The *Arconic* Plaintiffs opposed. In February 2019, this Court entered judgment in *Arconic*, dismissing the CERCLA claims, with prejudice, on the grounds that they were time-barred. A third claim asserted in *Arconic* for injunctive relief under the Resource Conservation and Recovery Act, as amended, 42 U.S.C. §§ 6901-6992k, the sole remaining claim, is currently stayed. The *Arconic* Plaintiffs appealed the statute-of-limitations ruling, the briefing on the appeal is complete, oral argument was conducted on March 3 2020, and the Ninth Circuit deemed the matter argued and submitted as of March 3, 2020.

7.     On March 18, 2020, Plaintiffs filed the Complaint in this action against defendants Cal-Tron Plating, Inc. et al., along with a Notice of Related Case, indicating that this case was related to the *Arconic* and *Abex* actions. The Complaint asserts only two causes of action: a claim for contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f), and a claim for declaratory relief under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201. All Defendants have been served except Dennis O'Meara and his former company Omega Chemical Corporation. Plaintiffs are continuing their diligent efforts to serve those two Defendants.

8.     Prior to filing this lawsuit, Plaintiffs spent several months trying to obtain agreements with Defendants, and many others, to toll the statute of limitations for Plaintiffs' CERCLA claims and avoid having to file this action at all. Plaintiffs were largely successful but were unable to reach such an agreement with Defendants.

9.     After this suit was filed, I attempted to contact Defendants to propose submitting a stipulated request to this Court, asking the Court to enter an order staying this case pending the outcome of the *Arconic* Appeal. Over the next several weeks, I

was eventually able to identify counsel each Defendant had retained for this case.  I telephoned each separately and discussed the proposed stipulated request for a stay. I spoke with counsel for Defendant Vanowen, Thomas Weiss, on March 30, 2020.

10.     During my discussions with each counsel, I provided background concerning the *Arconic* case and the *Arconic* Appeal and advised Defendants' counsel that the Ninth Circuit's decision in the *Arconic* Appeal would likely bear directly on this case. I also shared a draft of the proposed stipulation with counsel for the Defendants who expressed an interest in the stay.

11.     Regarding my discussion with Vanowen's counsel, Mr. Weiss, Mr. Weiss, expressed skepticism about the stay, but indicated he would discuss it with his client. The remaining Defendants were generally amenable to the concept of a stay pending the outcome of the *Arconic* Appeal, though the details of the stipulation still needed to be worked out.

12.     On May 15, 2020, Mr. Weiss contacted me via e-mail to request a meeting to confer about Vanowen's intention to file a Rule 12(b)(6) motion. A true and correct copy of Mr. Weiss's e-mail is attached to my Declaration as Exhibit A.

13.     On May 18 and 19, 2020, I separately telephoned counsel for all Defendants, expect Vanowen, to advise them that Vanowen intended to file a Rule 12(b)(6) motion on the grounds of statute of limitations and res judicata. I also explained to each that if Vanowen could not be persuaded to stipulate to a stay of this case in lieu of filing its motion, Plaintiffs would likely apply, ex parte, for an order staying this case. During those conversations, none of the attorneys for Defendants voiced an objection, two remained non-committal, and several indicated that they would not oppose an ex parte application.

14.     Mr. Weiss and I conferred telephonically on the afternoon of May 20 and discussed Vanowen's anticipated motion. During the call, I again proposed submitting a stipulated request to stay this case as a means to avoid the time, expense, and cost of litigating the anticipated motion, but Mr. Weiss rejected the proposal, indicating that

Vanowen may have a laches defense even if the Ninth Circuit reverses the ruling in *Arconic*.

15.    I then indicated that I would discuss the contents of our telephone conference with Plaintiffs and would later advise Mr. Weiss if the parties were at an impasse. I also informed Mr. Weiss that if the parties could not find a way to avoid Vanowen's anticipated Rule 12 motion, Plaintiffs intended to file an *ex parte* application the following day seeking the relief sought by this Application.

16.    Later that evening, I e-mailed Mr. Weiss, advised him that the parties were at an impasse and that Plaintiffs would seek a stay via an *ex parte* application the following day, Thursday, May 21. Although Mr. Weiss later responded by e-mail expressing "surprise" that Plaintiffs would be applying *ex parte* for a stay and objecting that *ex parte* relief was not appropriate, Mr. Weiss expressed no such surprise during the call earlier that day, he did not indicate that *ex parte* relief was inappropriate, and instead he commented that it was well within the Court's discretion to decide that a stay was the appropriate course of action. Mr. Weiss also indicated that his client opposed the Application. A true and correct copy of my May 20, 2020 e-mail correspondence with Mr. Weiss is attached to my declaration as Exhibit B.

17.    Notice of this Application was given to all Defendants that have been served in this matter. On May 20, 2020, I e-mailed counsel for each of the Defendants to provide notice that Plaintiffs intended to file the Application the following day. My e-mail contained the substance of the order Plaintiffs were requesting. It provided that Plaintiffs would seek an order staying this case pending the outcome of the *Arconic* Appeal. The requested stay would begin upon entry of the Court's order granting this Application, and the stay would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the *Arconic* Appeal becomes final and non-appealable, or (b) December 1, 2020. Further, under the requested order, Defendants' respective deadlines to respond to the Complaint would be tolled during the stay. Defendants' new response deadline would be the later of: (a) 30 days after

the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court enters the order staying this case. Further, under the requested stay order, Plaintiffs will notify the Court of the Ninth Circuit's decision in *Arconic* within 5 court days of Plaintiffs' notice of that decision. No later than 21 days following the termination of the requested stay, the parties will file a joint status report and propose a date for a status conference with the Court.

18. My May 20, 2020 e-mail also requested that Defendants advise me by 2:00 p.m. the following day, May 21, 2020, whether that Defendant would oppose the Application. True and correct copies of those e-mails are attached to my Declaration as Exhibit C.

19. The next morning, I followed up my e-mail with a telephone call to each Defendant, except Defendants Vanowen, Duncan Industries, and Cal-Tron Plating, who had already responded to my May 20 e-mail, to discuss the Application and make myself available for any questions about it or Vanowen's opposition to it.

20. On May 20, 2020, counsel for Defendant Duncan Industries advised me by e-mail that his client would not oppose the Application, and on May 21, 2020, I received e-mail confirmation from Defendants Cal-Tron Plating, Inc., Sunrise Properties, LLC, and Santa Fe Rubber Products, Inc. that those Defendants would not oppose the Application. True and correct copies of that correspondence is attached to my Declaration as Exhibit D.

21. Around noon on May 21, I spoke by telephone with counsel for Electronic Chrome & Grinding Co., Thomas Schmidt. Mr. Schmidt advised me that his client would not oppose the Application. Approximately 30 minutes later, I spoke by telephone with counsel for Halliburton Energy Services, Inc., William Wick. Mr. Wick informed me that his client was "agnostic" or "neutral" concerning the Application.

22. Finally, around 1:00 p.m. on May 21, I telephoned counsel for Mid-West Fabricating Co., Timothy Cronin. Mr. Cronin confirmed that his client would not

1   oppose the Application.

2

3

4

5

6   Dated: May 21, 2020                    /s/ Ronald A. Valenzuela

7                                          Ronald A. Valenzuela

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Thomas J. Weiss <tweiss@weisslawla.com> |
| **Sent:** | Friday, May 15, 2020 4:42 PM |
| **To:** | Cohen, Nancy Sher; Valenzuela, Ronald A. |
| **Subject:** | 2:20-cv-02586 CD CA |

Dear Counsel:  Vanowen Holdings has received a copy of summons and complaint in the above action.  This is notice to you under local rule 7 -3 that Vanowen intends to move to dismiss the case as to this defendant under Rule 12(b)(6) on at least two grounds:  res judicata and the expiration of the statute of limitations.  Under local rule 7-3, counsel are required to confer concerning the substance of the motion and whether it can be avoided.  I am available to have a telephone or Zoom conference any time Tuesday or Wednesday May 19 or 20.  Please select a time and day and preferred medium.  Thank you.

Thomas J. Weiss
WEISS & ZAMAN
1925 Century Park East, Suite 2140
Los Angeles, California  90067
Telephone:  310-788-0710
Facsimile:   310-788-0735
email:  tweiss@weisslawla.com

Exhibit A
000008

# Exhibit B

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 6:42 PM |
| **To:** | Thomas J. Weiss |
| **Cc:** | Cohen, Nancy Sher |
| **Subject:** | RE: Mission Power Engineering Co. v. Continental Cas. Co. |

Tom: During our conversation this afternoon, I advised you of Plaintiffs' intention to seek the ex parte relief described in my email below, if we reached an impasse on Vanowen's anticipated motion. You expressed no surprise then, and you even remarked that it was well within the Court's discretion to decide that a stay was the appropriate course of action. We understand from your email below that Vanowen disagrees that a stay would be appropriate, and we will, of course, advise the Court of Vanowen's opposition.

Ron


Ronald Valenzuela
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
mailto:ronald.valenzuela@lathropgpm.com
http://www.lathropgpm.com


-----Original Message-----
From: Thomas J. Weiss [mailto:tweiss@weisslawla.com]
Sent: Wednesday, May 20, 2020 6:16 PM
To: Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>; Cohen, Nancy Sher <nancy.cohen@lathropgpm.com>
Subject: FW: Mission Power Engineering Co. v. Continental Cas. Co.

Ron, thank you for taking the time to discuss the motion and the case with me today.  I am rather surprised by your notice of ex parte motion to stay, with the conditions you refer to.  This situation is clearly not appropriate for an ex parte motion. See the attached Mission Power case which discusses the abuses of ex parte applications where there is no urgency to use them, but where they are done for purely tactical reasons.  The comments by the court are apt to this situation.  You may have noticed that Judge Wu cites this case in his cautionary note about ex parte motions.  So, yes, I oppose the motion, but more fundamentally the use of ex parte tactics in this context is obviously designed to intercept any reasoned opposition to plaintiffs' plan to insulate itself from the result of its prior litigation, and profit from the appearance of an emergency which does not exist.  In your declaration of notice to Vanowen and information to the court on the response, please include a copy of this response to your ex parte notice.

Thomas J. Weiss
WEISS & ZAMAN
1925 Century Park East, Suite 2140
Los Angeles, California  90067
Telephone:  310-788-0710
Facsimile:  310-788-0735
email:  tweiss@weisslawla.com

-----Original Message-----
From: Westlaw@westlaw.com <Westlaw@westlaw.com>
Sent: Wednesday, May 20, 2020 5:45 PM

Exhibit B
000009

To: Shawn Zaman <szaman@weisslawla.com>; Thomas J. Weiss <tweiss@weisslawla.com>
Subject: Mission Power Engineering Co. v. Continental Cas. Co.

Thomas Weiss sent you content from Westlaw.
Please see the attached file.

Item:        Mission Power Engineering Co. v. Continental Cas. Co.
Citation:    883 F.Supp. 488
Sent On:     Wednesday, May 20, 2020
Sent By:     Thomas Weiss
Client ID:   40 CAL APP 4TH 610

Note:


--------------------------------------------------------------------------------
Westlaw © 2020 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit B
000010

# Exhibit C

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 4:59 PM |
| **To:** | Bill Wick |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Halliburton Energy Services) |

Bill: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000011

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 4:59 PM |
| **To:** | mvergara@somachlaw.com |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Sunrise Properties, LLC) |

Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000012

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 5:00 PM |
| **To:** | David Vanriper |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Santa Fe Rubber Products, Inc.) |

Dave: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000013

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 5:01 PM |
| **To:** | Timothy Cronin |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Mid-West Fabricating) |

Tim: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000014

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 5:02 PM |
| **To:** | tpjschmidt@gmail.com |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Electronic Chrome) |

Tom:  Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the Arconic Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the Arconic Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

COVID-19 Resources & Updates   CLICK HERE

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000015

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 5:04 PM |
| **To:** | Aaron Allan |
| **Cc:** | Olivia Weiss |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Duncan Industries) |

Aaron: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000016

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 5:06 PM |
| **To:** | Brittney Bush |
| **Cc:** | tpjschmidt@gmail.com |
| **Subject:** | FW: Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Electronic Chrome) |

Brittney: Apologies for neglecting to copy you on the e-mail below.

**Ronald Valenzuela**
Partner
Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

---

**From:** Valenzuela, Ronald A. [mailto:ronald.valenzuela@lathropgpm.com]
**Sent:** Wednesday, May 20, 2020 5:02 PM
**To:** tpjschmidt@gmail.com
**Subject:** Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Electronic Chrome)

Tom:  Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron

Exhibit C
000017



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

**COVID-19** Resources & Updates   CLICK HERE

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000018

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 5:07 PM |
| **To:** | Justin Panitchpakdi |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Cal-Tron Plating, Inc.) |

Justin: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the Arconic Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the Arconic Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

**COVID-19** Resources & Updates  CLICK HERE

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000019

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com> |
| **Sent:** | Wednesday, May 20, 2020 6:07 PM |
| **To:** | Thomas J. Weiss |
| **Subject:** | Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Vanowen) |

Tom:  Good speaking with you this afternoon. Based on our conversation, we understand that your client, Vanowen Holdings, LLC intends to bring a Rule 12(b)(6) motion on statute of limitations grounds and under the doctrine of res judicata. I proposed that the parties instead ask the Court to stay this case pending the Ninth Circuit's decision in the <u>Arconic</u> Appeal, but you advised that your client is not interested in a stay. I've spoken with my client, and Plaintiffs will not agree to voluntarily dismiss Vanowen.

Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above.

Finally, you agreed to accept service of the ex parte application via e-mail.  Thank you for that professional courtesy.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

Exhibit C
000020

**COVID-19** Resources & Updates   **CLICK HERE**

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit C
000021

# Exhibit D

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Aaron Allan <aallan@glaserweil.com> |
| **Sent:** | Wednesday, May 20, 2020 5:22 PM |
| **To:** | Valenzuela, Ronald A. |
| **Cc:** | Olivia Weiss |
| **Subject:** | Re: Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Duncan Industries) |

Ron,

We do not oppose the stay or the ex parte relief described below, and we will accept service of the application and supporting papers by email (to me and Olivia).

Thanks.

Aaron

---

**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Wednesday, May 20, 2020 5:03 PM
**To:** Aaron Allan
**Cc:** Olivia Weiss
**Subject:** Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Duncan Industries)

Aaron: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron

Exhibit D
000022



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

COVID-19 Resources & Updates  CLICK HERE

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:
The Road to Insurance Recovery
Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.

Exhibit D
000023

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | David Vanriper <dave@vanriperlaw.com> |
| **Sent:** | Thursday, May 21, 2020 9:39 AM |
| **To:** | Valenzuela, Ronald A. |
| **Subject:** | Re: Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Santa Fe Rubber Products, Inc.) |

Not opposed.  Thanks.

Dave Van Riper
VAN RIPER LAW
(714) 731-1800
Dave@vanriperlaw.com

---

**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Wednesday, May 20, 2020 5:00:10 PM
**To:** David Vanriper <dave@vanriperlaw.com>
**Subject:** Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Santa Fe Rubber Products, Inc.)

Dave: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and
5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com

Exhibit D
000024

lathropgpm.com

**COVID-19** Resources & Updates   **CLICK HERE**

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit D
000025

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Justin Panitchpakdi <jpanitchpakdi@vnf.com> |
| **Sent:** | Thursday, May 21, 2020 8:05 AM |
| **To:** | Valenzuela, Ronald A. |
| **Subject:** | RE: Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Cal-Tron Plating, Inc.) |

Ron,

Cal-Tron Plating, Inc. will not oppose the stay or ex parte relief.  We are happy to accept service of the application by email.

Thank you,

**Justin Panitchpakdi | Associate**



3717 Mount Diablo Blvd., Suite 200
Lafayette, CA 94549

(925) 282-8016 | jpanitchpakdi@vnf.com | vnf.com

*This communication may contain information and/or metadata that is legally privileged, confidential or exempt from disclosure.  If you are not the intended recipient, please do not read or review the content and/or metadata and do not disseminate, distribute or copy this communication.  Anyone who receives this message in error should notify the sender immediately by telephone (202-298-1800) or by return e-mail and delete it from his or her computer.*

**From:** Valenzuela, Ronald A. [mailto:ronald.valenzuela@lathropgpm.com]
**Sent:** Wednesday, May 20, 2020 5:07 PM
**To:** Justin Panitchpakdi
**Subject:** Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Cal-Tron Plating, Inc.)

Caution: External Email.

Justin: Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1. a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2. the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3. Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was

Exhibit D
000026

remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;

4. Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and

5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

**COVID-19** Resources & Updates   CLICK HERE

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit D
000027

**Valenzuela, Ronald A.**

| | |
|---|---|
| **From:** | Michael Vergara <mvergara@somachlaw.com> |
| **Sent:** | Thursday, May 21, 2020 9:45 AM |
| **To:** | Valenzuela, Ronald A. |
| **Subject:** | RE: Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Sunrise Properties, LLC) |

Ron,

Sunrise does not oppose the application.

Best Regards,

MIke

**Michael Vergara**
*Attorney*

SOMACH SIMMONS & DUNN | ATTORNEYS AT LAW
500 CAPITOL MALL | SUITE 1000 | SACRAMENTO, CA 95814

(916) 446-7979 | OFFICE
(916) 469-3824 | DIRECT
(916) 769-2578 | MOBILE

SOMACHLAW.COM | BIO | LINKEDIN | VCARD | MAP | MVERGARA@SOMACHLAW.COM

The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone at (916) 446-7979 or reply by e-mail and delete or discard the message. Thank you.

**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Wednesday, May 20, 2020 4:59 PM
**To:** Michael Vergara <mvergara@somachlaw.com>
**Subject:** Arconic Inc. et al. v. Cal-Tron Plating, Inc. et al. - No. 2:20-cv-02586 - Ex Parte Application for Order Staying Case (Sunrise Properties, LLC)

Plaintiffs in the above referenced matter will apply *ex parte* tomorrow afternoon, May 21, 2020, for an order providing:

1.  a stay of this case pending the outcome of the <u>Arconic</u> Appeal;
2.  the stay would begin upon entry of the Court's order granting the ex parte application and would automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in the <u>Arconic</u> Appeal becomes final and non-appealable, or (b) December 1, 2020;
3.  Defendants' respective deadlines to respond to the Complaint would be tolled during the stay and would be due the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court entered the order staying this case;
4.  Plaintiffs will provide notice to the Court of the Ninth Circuit's decision within 5 court days of Plaintiffs' notice of that decision; and

Exhibit D
000028

5. within 21 days of the termination of the stay, the parties will file a joint status report and propose a date for a status conference with the Court.

Please let us know, by 2:00 PM on Thursday, May 21, 2020, whether your client opposes the stay and the ex parte relief sought, as described above. Please also let us know if you will accept service of the application and supporting papers by e-mail.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery

Exhibit D
000029