UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2586-GW-Ex | Date | May 27, 2020 |
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS – RULING ON EX PARTE APPLICATION TO STAY CASE [14]**

I. **Background**

Plaintiffs are a group of entities related to companies that allegedly sent chemicals to Omega Chemical Corporation in Whittier, California (the "Omega Property") for processing and recycling. *See* Complaint, Docket No. 1, ¶ 4. Groundwater underlying the Omega Property is contaminated with numerous substances that are hazardous to the environment and human health, such as chlorinated and non-chlorinated solvents and hexavalent chromium. *See id.* ¶ 2. The Environmental Protection Agency ("EPA") has designated this regional groundwater contamination as Operable Unit No. 2 of the Omega Superfund Site ("OU-2"). *See id.* Defendants are entities that have owned properties or operated businesses that sit atop of very near OU-2. *See id.* ¶ 3. Plaintiffs bring this action against Defendants seeking contribution and declaratory judgment under sections 113(f) and 113(g)(2) of the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). *See id.* ¶ 1. This case is related to the case *Arconic, Inc., et al. v. APC Investment Co., et al.*, Case No. 2:14-cv-06456-GW-E ("*APC Investment*").

Before the Court is Plaintiffs' *ex parte* application to stay the case. *See Ex Parte* Application for Order Staying Case ("Application"), Docket No. 14. Plaintiffs ask this Court to stay the case until the Ninth Circuit resolves the appeal in *APC Investment* related to the statute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2586-GW-Ex | Date | May 27, 2020 |
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 2 of 3 |

limitations on Plaintiffs' claims. Defendant Vanowen Holdings, LLC ("Vanowen") opposes Plaintiffs' Application on the basis that, *inter alia*, the Application is not a proper use of an *ex parte* proceeding.

## II.   Legal Standard

The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

> The law on *ex parte* applications is well-settled in the Ninth Circuit: In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.

*Henderson v. JPMorgan Chase Bank*, No. CV-113428-PSG-PLAX, 2013 WL 12126772, at *2 (C.D. Cal. July 10, 2013) (citing *Mission Power*, 883 F. Supp. at 492); *see also In re ConAgra Foods, Inc.*, No. CV-1105379-MMM-AGRX, 2014 WL 12580053, at *2 (C.D. Cal. Dec. 29, 2014). Alternately, *ex parte* applications may be appropriate "when a party seeks a routine order (*e.g.*, to file an overlong brief or to shorten the time within which a motion may be brought)." *Intermagnetics*, 101 B.R. at 194.

## III.   Discussion

Defendant Vanowen argues that this is not an appropriate use of an *ex parte* application, and the Court would agree. Plaintiffs have not satisfied either of the conditions for *ex parte* relief. Plaintiffs do not identify any irreparable injury that they will suffer if their application for a stay is heard under regular noticed motion procedures. In fact, Plaintiffs do not directly address the requirements for *ex parte* filings at all. At most, Plaintiffs argue that they will be forced to expend resources in opposing Defendants' anticipated motion to dismiss if the Court does not grant *ex parte* relief. *See* Motion at 2. The fact that Plaintiffs may incur greater litigation costs if forced to argue for a stay through regular motion procedures does not constitute "irreparable prejudice"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2586-GW-Ex | Date | May 27, 2020 |
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 3 of 3 |

necessitating *ex parte* relief. *See, e.g., Mission Power*, 883 F. Supp. at 492 ("A showing of irreparable prejudice usually requires reference to the merits of the underlying motion."); *see also Pike v. Cty. of San Bernardino*, No. EDCV-171680-JGB-KKX, 2019 WL 4383956, at *2 (C.D. Cal. June 17, 2019) (explaining that additional legal expenses do not constitute irreparable prejudice in the *ex parte* context); *Komaiko v. LegalZoom.com, Inc.*, No. CV 15-7877-R, 2016 WL 9023013, at *2 (C.D. Cal. May 24, 2016) (same). Similarly, Plaintiffs have not shown that they are without fault in creating the crisis that requires *ex parte* relief. To the extent that a "crisis" exists here, it appears to the Court that Plaintiffs could have avoided it by simply filing a motion to stay sooner, since Plaintiffs apparently hoped to have the case stayed from the beginning. *See* Motion at 4. As such, the Court finds that Plaintiffs have not established the conditions required to justify *ex parte* relief. If Plaintiffs seek to have the Court stay the case, they may seek a stay through regular noticed motion procedures.

IV. **Conclusion**

Based on the foregoing discussion, the Court would **DENY** the *ex parte* application to stay the case.