NANCY SHER COHEN (State Bar No. 81706)
  nancy.cohen@lathropgpm.com
RONALD A. VALENZUELA (State Bar No. 210025)
  ronald.valenzuela@lathropgpm.com
LATHROP GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
310.789.4600
310.789.4601

Attorneys for Plaintiffs
Arconic Inc. et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Arconic Inc. et al.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Cal-Tron Plating, Inc. et al,<br><br>　　　　　Defendants. | Case No. 2:20-cv-02586-GW(Ex)<br><br>Assigned to: Hon. George H. Wu<br><br>**DECLARATION OF RONALD A. VALENZUELA IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER STAYING CASE**<br><br>Hearing Date: June 29,2020<br>Hearing Time: 8:30 a.m.<br>Judge: Hon. George H. Wu<br>Courtroom: 9D, Ninth Floor<br><br>Complaint Filed: March 18, 2020 |

-1-

**DECLARATION OF RONALD A. VALENZUELA**

I, Ronald A. Valenzuela, declare as follows:

1. I am a partner with the law firm of Lathrop GPM LLP, counsel of record for Plaintiffs Arconic Inc. et al. ("Plaintiffs") in this matter. I am duly admitted to practice before the courts of the State of California and before this Court. Unless otherwise indicated, I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would competently testify thereto.

2. Prior to January 1, 2020, Lathrop GPM LLP was known as Lathrop Gage LLP. I was a partner at Lathrop Gage LLP since October 1, 2017. Prior to October 1, 2017, I was an associate at Proskauer Rose LLP.

3. A lawsuit titled *Arconic Inc. et al. v APC Investment Co, et al.*, Case No. 2:14-cv-06456 GW (Ex.) ("*Arconic*") was initiated in 2014 and assigned to this Court. At the time, Proskauer Rose LLP was counsel of record for plaintiffs in that case. After I joined Lathrop Gage LLP, that firm became counsel of record for plaintiffs in *Arconic*. Lathrop GPM LLP is now counsel of record for plaintiffs in *Arconic*. While at Proskauer Rose LLP, Lathrop Gage LLP, and now Lathrop GPM LLP, I handled the day-to-day management of *Arconic*. Plaintiffs in this case are among the group of plaintiffs in *Arconic* (the "*Arconic* Plaintiffs").

4. In 2016, all of the *Arconic* Plaintiffs, and others, entered into a consent decree relating to Operable Unit No. 2 of the Omega Chemical Superfund Site. The federal and state governments were also parties to the OU-2 Consent Decree, which was approved by this Court in *United States of America et al. v. Abex Aerospace et al.*, Case No. 2:16-CV-02696-GW (Ex.).

5. After entering into the OU-2 Consent Decree, the *Arconic* Plaintiffs amended the *Arconic* complaint to assert two causes of action under CERCLA. One cause of action asserts a claim for contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f). The other asserts a claim for declaratory relief under CERCLA

-2-

1 | Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201.

6. The *Arconic* defendants moved for summary judgment on the CERCLA claims, arguing that the statute of limitations had expired before the *Arconic* Plaintiffs filed suit. The *Arconic* Plaintiffs opposed. In February 2019, this Court entered judgment in *Arconic*, dismissing the CERCLA claims, with prejudice, on the grounds that they were time-barred. A third claim asserted in *Arconic* for injunctive relief under the Resource Conservation and Recovery Act, as amended, 42 U.S.C. §§ 6901-6992k, the sole remaining claim, is currently stayed. The *Arconic* Plaintiffs appealed the statute-of-limitations ruling, the briefing on the appeal is complete, oral argument was conducted on March 3, 2020, and the Ninth Circuit deemed the matter argued and submitted as of March 3, 2020.

7. On March 18, 2020, Plaintiffs filed the Complaint in this action against defendants Cal-Tron Plating, Inc. et al., along with a Notice of Related Case, indicating that this case was related to the *Arconic* and *Abex* actions. The Complaint asserts only two causes of action: a claim for contribution under CERCLA Section 113(f), 42 U.S.C. § 9613(f), and a claim for declaratory relief under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201. All defendants, except Dennis O'Meara and his former company Omega Chemical Corporation, ("Defendants") have been served. Plaintiffs are continuing their diligent efforts to serve those two defendants.

8. Prior to filing this lawsuit, and to avoid having to bring this action, Plaintiffs spent several months trying to obtain agreements with Defendants, and many others, to toll the statute of limitations for Plaintiffs' CERCLA claims in case the Ninth Circuit reversed the District Court's statute-of-limitations ruling in *Arconic*. Plaintiffs were largely successful, reaching agreements with several dozen parties, but were unable to reach such an agreement with Defendants.

9. Soon after this suit was filed, I attempted to contact Defendants to

propose submitting a stipulated request to this Court, asking the Court to enter an order staying this case pending the outcome of the *Arconic* Appeal. Over the next several weeks, I was eventually able to identify counsel each Defendant had retained for this case. I telephoned each separately and discussed the proposed stipulated request for a stay. I spoke with counsel for Defendant Vanowen, Thomas Weiss, on March 30, 2020 and proposed that Vanowen join a stipulated request to stay this case.

10. During my discussions with each counsel, I provided background concerning the *Arconic* case and the *Arconic* Appeal and advised Defendants' counsel that the Ninth Circuit's decision in the *Arconic* Appeal would likely bear directly on this case. I also shared a draft of the proposed stipulation with counsel for the Defendants who expressed an interest in the stay.

11. Regarding my discussion with Vanowen's counsel, Thomas Weiss, Mr. Weiss, expressed skepticism about the stay, but indicated he would discuss it with his client and get back to me, but he did not do so until nearly two months later. The remaining Defendants were generally amenable to the concept of a stay pending the outcome of the *Arconic* Appeal, though the details of the stipulation still needed to be worked out. Several offered proposed edits to the draft stipulation that my office had prepared. Understanding that this Court would almost certainly require the unanimous consent of Defendants for a stay if the request were made by stipulation, I again contacted counsel for Vanowen on May 5 to determine if that Defendant was amenable to a stay. Plaintiffs received no response until mid-May. By this point, Vanowen was the only Defendant that had not signed on in principle to the stay.

12. Vanowen, however, did not respond to the proposal for a stay until May 15, 2020, when Mr. Weiss contacted me via e-mail to request a meeting to confer about Vanowen's intention to file a Rule 12(b)(6) motion. A true and correct copy of Mr. Weiss's e-mail is attached to my Declaration as Exhibit A.

13. After meeting and conferring with all Defendants, including Vanowen on May 20, Plaintiffs file an *ex parte* application seeking the same relief sought by this

-4-

1  Motion. During my conversation with Vanowen's counsel concerning that application, I again proposed submitting a stipulated request to stay this case as a means to avoid the time, expense, and cost of litigating the anticipated motion, but Mr. Weiss rejected the proposal.

14. Plaintiffs filed the *ex parte* application on May 21, 2020, which the Court denied on the grounds that Plaintiffs had not made the requisite showing entitling them to *ex parte* relief. The Court further indicated that Plaintiffs may seek a stay through regularly noticed motion procedures.

15. Following that ruling, I contacted counsel for Defendants, advised each that Plaintiffs intended to bring this Motion, and confirmed that each Defendant's position regarding the stay, and this Motion, had not changed, namely, only Vanowen opposed the Motion. On May 28, 2019, I spoke separately by telephone with counsel for Defendants Cal-Tron Plating, Inc. and Mid-West Fabricating Co., Messrs. Justin Panitchpakdi and Timothy Cronin, respectively. Both indicated that their respective clients would not oppose the Motion and agreed that the parties had satisfied their obligation to meet and confer under Local Rule 7-3 prior to the filing of this Motion.

16. On May 29, 2020, I spoke separately by telephone with counsel for Defendants Santa Fe Rubber Products, Inc., Electronic Chrome & Grinding Co., and Sunrise Properties, LLC, Messrs. David Van Riper, Thomas Schmidt, and Michael Vergara, respectively.  All three indicated that their respective clients would not oppose the Motion and agreed that the parties had satisfied their obligation to meet and confer under Local Rule 7-3 prior to the filing of this Motion. That same day, I received an e-mail from counsel for Duncan Industries, Inc., Aaron Allen, confirming that Mr. Allen's client would not oppose the Motion and agreeing that the parties had satisfied their obligation to meet and confer under Local Rule 7-3 prior to the filing of this Motion. A true and correct copy of Mr. Allen's e-mail is attached to my Declaration as Exhibit B.

17. I also spoke telephonically with Mr. Weiss on May 28 and 29 concerning

this Motion. Mr. Weiss indicated that Vanowen would oppose the Motion, but he agreed that the parties had satisfied their obligation to meet and confer under Local Rule 7-3 prior to the filing of this Motion. During those discussions, I offered to extend Vanowen's deadline to respond to the Complaint until after this Court has ruled on this Motion. Mr. Weiss indicated that he would "think about it," but as of the filing of this Motion, Vanowen had not responded to the offer to extend its deadline to respond to the Complaint.

18. Finally, on June 1, 2020, counsel for Defendant Halliburton Energy Services, Inc., Mr. William Wick, e-mailed me indicating that his client was "neutral" about the stay and the Motion and that the parties had satisfied their obligation to meet and confer under Local Rule 7-3 prior to the filing of this Motion. A true and correct copy of my June 1 e-mail exchange with Mr. Wick is attached to my declaration as Exhibit C.

Dated: June 1, 2020            /s/ Ronald A. Valenzuela
                                             Ronald A. Valenzuela

# Exhibit A

# Valenzuela, Ronald A.

| | |
|---|---|
| **From:** | Thomas J. Weiss <tweiss@weisslawla.com> |
| **Sent:** | Friday, May 15, 2020 4:42 PM |
| **To:** | Cohen, Nancy Sher; Valenzuela, Ronald A. |
| **Subject:** | 2:20-cv-02586 CD CA |

Dear Counsel:  Vanowen Holdings has received a copy of summons and complaint in the above action.  This is notice to you under local rule 7 -3 that Vanowen intends to move to dismiss the case as to this defendant under Rule 12(b)(6) on at least two grounds:  res judicata and the expiration of the statute of limitations.  Under local rule 7-3, counsel are required to confer concerning the substance of the motion and whether it can be avoided.  I am available to have a telephone or Zoom conference any time Tuesday or Wednesday May 19 or 20.  Please select a time and day and preferred medium.  Thank you.

Thomas J. Weiss
WEISS & ZAMAN
1925 Century Park East, Suite 2140
Los Angeles, California  90067
Telephone:  310-788-0710
Facsimile:   310-788-0735
email:   tweiss@weisslawla.com

# Exhibit B

# Valenzuela, Ronald A.

| | |
|---|---|
| **From:** | Aaron Allan <aallan@glaserweil.com> |
| **Sent:** | Friday, May 29, 2020 8:37 AM |
| **To:** | Valenzuela, Ronald A. |
| **Cc:** | Olivia Weiss |
| **Subject:** | Re: Cal-Tron Plating - Draft Stipulation to Extend Deadline for Duncan Industries to Respond to Complaint |

Ron,

I received your voice-mail message from yesterday.  This will confirm that Duncan Industries does not oppose your request for a stay, whether brought ex parte or as a noticed motion, and that you have satisfied your obligation to meet and confer under the rules.

Separately, we would like for our time to respond to the complaint extended again, if necessary, to be after any hearing and ruling on your noticed motion.  Please keep this request in mind as you move forward with your motion and with the opposing defendant.

Thanks.

Aaron

**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Friday, May 22, 2020 11:32 AM
**To:** Aaron Allan
**Subject:** RE: Cal-Tron Plating - Draft Stipulation to Extend Deadline for Duncan Industries to Respond to Complaint


Thanks.


**Ronald Valenzuela**
Partner
Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

**From:** Aaron Allan [mailto:aallan@glaserweil.com]
**Sent:** Friday, May 22, 2020 11:30 AM
**To:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Cc:** Olivia Weiss <oweiss@glaserweil.com>
**Subject:** Re: Cal-Tron Plating - Draft Stipulation to Extend Deadline for Duncan Industries to Respond to Complaint

Ron,

1

Exhibit B
008

Duncan consents and authorizes Plaintiffs to file this stipulation.

Thanks.

Aaron

---

**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Friday, May 22, 2020 11:28 AM
**To:** Aaron Allan
**Cc:** Olivia Weiss
**Subject:** RE: Cal-Tron Plating - Draft Stipulation to Extend Deadline for Duncan Industries to Respond to Complaint

Just noticed that my assistant left Nancy's name off of the signature block below the signature line.  Please review this draft and disregard the one I sent 30 minutes ago.

Ron


**Ronald Valenzuela**
Partner
Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

---

**From:** Valenzuela, Ronald A. [mailto:ronald.valenzuela@lathropgpm.com]
**Sent:** Friday, May 22, 2020 10:59 AM
**To:** Aaron Allan <aallan@glaserweil.com>
**Cc:** Olivia Weiss <oweiss@glaserweil.com>
**Subject:** Cal-Tron Plating - Draft Stipulation to Extend Deadline for Duncan Industries to Respond to Complaint

Aaron: The proposed stipulation is attached. Please let us know if you have any comments.  If not, please confirm that Duncan consents as to content and authorizes Plaintiffs to file.

Ron



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential filed for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:
[The Road to Insurance Recovery](#)

Although Glaser Weil attorneys and staff are working remotely in order to reduce the risks associated with COVID-19, we will continue doing our utmost to provide prompt, professional service to and on behalf of our clients. Thank you for your understanding.

3

# Exhibit C

# Valenzuela, Ronald A.

| | |
|---|---|
| **From:** | Bill Wick <BillWick@ww-envlaw.com> |
| **Sent:** | Monday, June 1, 2020 7:59 AM |
| **To:** | Valenzuela, Ronald A. |
| **Subject:** | RE: Cal-Tron Plating Action - Plaintiffs' Motion for Stay |

Ron,

    Yes.

        Bill

William D. Wick
Wactor & Wick LLP
Environmental Attorneys
3640 Grand Avenue, Suite 200
Oakland, CA 94610
510.465.5750 Ext. 2
bwick@ww-envlaw.com

**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Monday, June 1, 2020 7:58 AM
**To:** Bill Wick <BillWick@ww-envlaw.com>
**Subject:** RE: Cal-Tron Plating Action - Plaintiffs' Motion for Stay

Thanks, Bill.  Do you agree that Plaintiffs and Halliburton have satisfied their obligation under Local Rule 7-3 to meet and confer about Plaintiffs' motion for a stay?

Ron

**Ronald Valenzuela**
Partner
Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com

**From:** Bill Wick [mailto:BillWick@ww-envlaw.com]
**Sent:** Monday, June 1, 2020 7:10 AM
**To:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Subject:** RE: Cal-Tron Plating Action - Plaintiffs' Motion for Stay

Ron,

1

Exhibit C
011

I confirmed that Halliburton's position remains neutral.
Bill


William D. Wick
Wactor & Wick LLP
Environmental Attorneys
3640 Grand Avenue, Suite 200
Oakland, CA 94610
510.465.5750 Ext. 2
bwick@ww-envlaw.com


**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Friday, May 29, 2020 3:48 PM
**To:** Bill Wick <BillWick@ww-envlaw.com>
**Subject:** RE: Cal-Tron Plating Action - Plaintiffs' Motion for Stay

Thanks.  Looks like we'll file on Monday, so if you could let me know by noon that day, I'd appreciate it.


**Ronald Valenzuela**
Partner
Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com


**From:** Bill Wick [mailto:BillWick@ww-envlaw.com]
**Sent:** Friday, May 29, 2020 3:35 PM
**To:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Subject:** Re: Cal-Tron Plating Action - Plaintiffs' Motion for Stay

Ron,
Have not yet heard from my client to confirm neutrality on your proposed motion.  Will let you know as soon as I do.
Bill

Get Outlook for iOS

**From:** Valenzuela, Ronald A. <ronald.valenzuela@lathropgpm.com>
**Sent:** Friday, May 29, 2020 3:22:00 PM
**To:** Bill Wick <BillWick@ww-envlaw.com>
**Subject:** Cal-Tron Plating Action - Plaintiffs' Motion for Stay

Bill:  Just left you another vmail.  Please call me this afternoon. Thanks.



**Ronald Valenzuela**
Partner

Lathrop GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA  90067-1623
Direct: 310.789.4660
ronald.valenzuela@lathropgpm.com
lathropgpm.com



This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Please visit our Insurance Recovery & Counseling blog:

The Road to Insurance Recovery