1  THOMAS J. WEISS, State Bar No. 63167
   tweiss@weisslawla.com
2  SHAWN ZAMAN, State Bar No. 306224
   szaman@weisslawla.com
3  **WEISS & ZAMAN**
   1925 Century Park East, Suite 2140
4  Los Angeles, California 90067
   Telephone:  (310) 788-0710
5  Facsimile:  (310) 788-0735

6  Attorneys for Defendant VANOWEN HOLDINGS, LLC

7

8                UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10

11 ARCONIC INC., et al.,                    )  CASE NO. 2:20-CV-02586-GW (Ex)
                                            )  (Case Assigned to the Hon. George H.
12                          Plaintiffs,     )  Wu, Courtroom 9D)
                                            )
13     vs.                                  )  [Related to Case No.
                                            )  2:16-CV-02696-GW (Ex.) and
14 CAL-TRON PLATING, INC., et al.,          )  Case No. 2:14-cv-06456-GW (Ex.)]
                                            )
15                          Defendants.     )  NOTICE OF MOTION AND MOTION
                                            )  OF VANOWEN HOLDINGS, INC. TO
16 _____ )  DISMISS COMPLAINT PURSUANT
                                               TO F.R.C.P. 12(b)(6); MEMORANDUM
17                                             OF POINTS AND AUTHORITIES

18                                             Hearing Date:          July 2, 2020
                                               Time:                 8:30 a.m.
19                                             Courtroom:                  9D
                                               350 West 1st Street, Los Angeles, CA,
20                                             90012

21                                             Case Filed:        March 18, 2020

22                                             [FILED CONCURRENTLY WITH
                                               REQUEST FOR JUDICIAL NOTICE]
23

24 TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

25          NOTICE IS HEREBY GIVEN THAT on July 2, 2020, at 8:30 a.m. before the

26 Honorable George H. Wu, in Courtroom 9D of the United States District Court

27 located at 350 West First Street, Los Angeles, California 90012 defendant

28 VANOWEN HOLDINGS, LLC ("Vanowen") will and hereby does move the Court to

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

1

1  dismiss the complaint in the above-entitled action pursuant to Federal Rule of Civil

2  Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3       Pursuant to Local Rule 7-3, on May 20, 2020 (more than five days prior to the

4  last day for filing the motion) counsel for Vanowen, Thomas J. Weiss emailed and

5  then spoke to counsel for plaintiffs, Ronald Valenzuela in an attempt to confer.

6  Counsel then conferred on May 20, 2020, prior to the filing of this motion. Counsel

7  were unable to reach a resolution.

8       This motion is based on this notice of notion and motion; the accompanying

9  memorandum of points and authorities; the request for judicial notice; the pleadings

10  and papers filed in this action; and such further written and oral materials as may be

11  properly presented to the court at or before the time of the hearing of this motion.

12                              WEISS & ZAMAN

14  By: _____

15                              Thomas J. Weiss

16  Attorneys for Defendant VANOWEN
17  HOLDINGS, LLC

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . 5

**1.   THE LEGAL STANDARD UNDER RULE 12(b)(6)** . . . . . . . . . . . . . . . . 5

**2.   THE ACTION IS BARRED BY RES JUDICATA** . . . . . . . . . . . . . . . . . . 5

**3.   THE COMPLAINT AGAINST VANOWEN HOLDINGS, LLC** . . . . . . . 6

**4.   THIS ACTION ASSERTS THE SAME CLAIMS BY THE SAME PLAINTIFFS AS *ARCONIC I*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**5.   THE JUDGMENT IN THE *ARCONIC I* CASE IS ADVERSE TO PLAINTIFFS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**6.   APART FROM THE JUDGMENT ADVERSE TO PLAINTIFFS IN THE *ARCONIC I* CASE IS RES JUDICATA ON THE QUESTION OF THE RUNNING OF THE STATUTE OF LIMITATIONS** . . . . . . . . . . . . . . . 9

**7.   THERE ARE NO EQUITABLE GROUNDS TO DENY VANOWEN'S MOTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**8.   CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

3

1

**TABLE OF AUTHORITIES**

2
**Page**

**FEDERAL CASES**

3

*Ackerman v. American Airlines, Inc* (ND Tex., 1995) 924 F. Supp. 749 . . . . . . . . .  11

4

*Arconic, Inc., et al. v. APC Investment Co., et al.,* U.S.D.C.
5      Central District of California, Case No. 14-cv-6456-GW
       ("*Arconic I*"). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

6

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
7

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544 . . . . . . . . . . . . . . . . . . . . . . . . 5
8

*Blonder-Tongue Laboratories v. University of Illinois Foundation\*
9      (1971) 402 US 313 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10   *Collins v. D.R. Horton, Inc.* (9th Cir., 2007) 505 F. 3d 874 . . . . . . . . . . . . . . . .  9, 10

11   *Hynix Semiconductor Inc v. Rambus Inc* (ND CA 2012) 897 F. Supp. 2d 939 . . . .  11

12   *Orion Tire Corp. v. Goodyear Tire & Rubber Company*
        (9th Cir., 2001) 268 F. 3d  1133 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
13
*Reed v. Allen* (1932) 286 U.S. 191. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
14
*Sprewell v. Golden State Warriors* (9th Cir., 2001) 266 F.3d 979 . . . . . . . . . . . . . . 5
15
*Swartz v. KPMG* (9th Cir., 2007) 476 F.3d 756 . . . . . . . . . . . . . . . . . . . . . . . . . . 5
16
*Tripati v. Henman* (9th Cir., 1988) 857 F.2d 1366 . . . . . . . . . . . . . . . . . .  9, 10
17

18                           **STATE CASE**

19   *FEV v. City of Anaheim* (2017) 15 Cal.App.5th 462 . . . . . . . . . . . . . . . . . . . . . .  9, 10

20

21                        **FEDERAL STATUTES**

22   42 U.S.C. section 9613(g)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

23   Comprehensive Environmental, Response, Compensation, and Liability Act
     ("CERCLA") 113(g)(3)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 8
24

25                          **FEDERAL RULES**

26   F.R.Civ.P. Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

4

## MEMORANDUM OF POINTS AND AUTHORITIES

1. ## THE LEGAL STANDARD UNDER RULE 12(b)(6)

Under rule 12(b)(6), a complaint is deficient and warrants dismissal when it fails to state a claim upon which relief can be granted.  F.R.Civ.P. 12(b)(6).  A complaint may fail to state a claim for one of two reasons: (1) lack of a cognizable legal theory or (2) failure to allege sufficient facts under a cognizable legal theory.  *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.  In determining whether a complaint survives this test, courts "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG* (9th Cir., 2007) 476 F.3d 756, 763.  In so doing, courts must accept the complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff.  But a court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 663, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences".  *Sprewell v. Golden State Warriors* (9th Cir., 2001) 266 F.3d 979, 988.   Where the well-pleaded facts permit the court only to infer the mere possibility of misconduct, the pleader cannot avoid dismissal.

2. ## THE ACTION IS BARRED BY RES JUDICATA.

Defendant's motion to dismiss is very simple. The action is barred by the defensive collateral estoppel aspect of res judicata, also known as issue preclusion. *Blonder-Tongue Laboratories v. University of Illinois Foundation* (1971) 402 US 313.  That bar arises from the prior order granting summary judgment and entry of judgment in a prior action by these same plaintiffs on the same issue and claim for relief presented by this complaint.

The relevant facts and circumstances as set forth in the complaint, and the accompanying notice of related cases, and judicially noticeable prior rulings and judgment of this court are as follows:

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

5

1         In related case number 14-cv-6456-GW, *Arconic, Inc., et al. v. APC Investment*

2   *Co., et al.* ("*Arconic I*"), this court granted summary judgment for defendants by its

3   order of January 15, 2019, holding that the CERCLA contribution action pled by

4   plaintiffs was barred by the three-year statute of section 113(g)(3)(B) CERCLA, and

5   began running in 2007 by virtue of the consent decree identified in the ruling

6   memorandum of the court.  As described in the Notice of Related Cases filed by

7   plaintiffs herein, that action was by the same plaintiffs as this, relating to the same

8   site, and relating to the same remediation site, known as OU-2.  Doc. 5, pp. 71-74.

9   **3.**    **THE COMPLAINT AGAINST VANOWEN HOLDINGS, LLC.**

10         Vanowen Holdings appears to be an afterthought as a defendant.  It is not

11   alleged to have dumped any waste on the site at any time, nor to have operated any

12   polluting facility.  Nor is it alleged to have in any way abetted, assisted or aided any

13   pollution. It is a party to this action solely because it purchased affected property.

14   The only allegations relating to Vanowen are at paragraph 44, where it is identified as

15   "a current or previous 'owner' or 'operator' ... of the Omega Chemical Source

16   Property", and at paragraph 150 where it is alleged: "Defendant Vanowen Holdings

17   LLC purchased the Omega Chemical Source Property in 2003 and remains the owner

18   today."

19         Those are the only allegations that mention Vanowen.  The complaint does not

20   allege or explain why Vanowen could not have been sued for contribution in the 2014

21   *Arconic I* case brought by these same plaintiffs.

22   **4.**    **THIS ACTION ASSERTS THE SAME CLAIMS BY THE SAME**

23          **PLAINTIFFS AS *ARCONIC I***

24         There is no doubt that the subject matter of the present action is the same as

25   *Arconic I.* The plaintiffs are the same, the site is the same, the claim is the same.  As

26   stated by plaintiffs in their notice of related cases,

27                   "Plaintiffs here are also plaintiffs in the APC

28               Investment Action, who allege that *others* should contribute

1       to the costs arising form the OU-2 Consent Decree.

2       Specifically, Plaintiffs allege that the defendants in the APC

3       Investment Action are associated with properties that are

4       contributing sources of the OU-2 groundwater

5       contamination, as hazardous substances have been released

6       at those properties, contaminated the soil, and migrated into

7       the OU-2 groundwater.  Plaintiffs seek, *inter alia*,

8       contribution under the Comprehensive Environmental,

9       Response, Compensation, and Liability Act ('CERCLA')

10      and declaratory relief against defendants in the APC

11      Investment Action to require those defendants to pay their

12      equitable share of the costs arising from the OU-2 Consent

13      Decree.

14              "In this case, *just as in the APC Investment Action*

15      [emphasis added], Plaintiffs allege that defendants...are

16      associated with properties that are contribution sources of

17      the OU-2 groundwater contamination, as hazardous

18      substances have been released at those properties,

19      contaminated the soil, and migrated into the OU-2

20      groundwater.  Plaintiffs here seek contribution under

21      CERCLA and declaratory relief against Defendants to

22      require them to pay their equitable share of the costs arising

23      from the OU-2 Consent Decree."  Doc. 5, pp. 73-74.

24   5.    **THE JUDGMENT IN THE *ARCONIC I* CASE IS ADVERSE TO**

25         **PLAINTIFFS**

26         Judgment in favor of defendants and against plaintiffs in the *ARCONIC I* case

27   was entered February 4, 2019.  By order and opinion dated January 15, 2019, the

28   court in that case granted summary judgment based on the three-year statute of

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

7

1  limitations for contribution contained in section 113(g)(3)(B).  The court found that
2  the statute started running March 1, 2007 when the plaintiffs entered a settlement and
3  consent decree with the United States covering the costs of remediation for OU-2.
4  Ruling on Summary Judgment, pp. 16654-16656. The judgment was appealed to the
5  Ninth Circuit, where it remains pending.

6      In its decision January 15, 2019, in *Arconic I*, (Case 2:14-cv-06456-GW-E
7  Document 809 Filed 01/15/19, pages 16644-16670) this court held that the action for
8  contribution under CERCLA was barred by the three-year statute of limitations of
9  CERCLA section 113(g)(3)(B). The court held that the running of the statute
10  commenced with the March 2007 Settlement and consent decree which these
11  plaintiffs entered with respect to the costs arising from the contamination at OU-2:
12  "Moving Defendants move for summary judgment as to Plaintiffs' first and third
13  claims for relief, arguing that the three-year statute of limitations in 42 U.S.C. section
14  9613(g)(3)(B) bars them...Plaintiffs style the first claim for relief as 'Contribution
15  Under CERCLA'...The third claim for relief is labeled as "Declaratory Judgment
16  Under Federal Law[.]" Note 6, p. 16648.

17      The court found that the costs of remediation under the March 2007 Settlement
18  included the costs for which plaintiffs were liable under the settlement agreement.
19  (pp. 16661-16664)

20      Because the claims of the plaintiffs are for the same contribution rights, if any,
21  as asserted in the 2014 action, they are based on the same operative facts as they
22  relate to the liability of plaintiffs for which contribution is sought.  That means that as
23  a matter of law, the action is barred by the March 2007 consent decree described in
24  this court's January 15, 2019 order and opinion, which analyzed the scope of the text
25  of the 2007 settlement and concluded that "The 2007 Settlement cast a wide net that
26  includes the costs sought in the 5AC and that are more specifically delineated in the
27  Costs Timeline." (p. 16665)
28  / / /

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

8

**6.**   **THE JUDGMENT ADVERSE TO PLAINTIFFS IN THE *ARCONIC I* CASE IS RES JUDICATA ON THE QUESTION OF THE RUNNING OF THE STATUTE OF LIMITATIONS.**

A judgment of a United States District Court has res judicata effect notwithstanding the pendency of an appeal of that judgment. *Reed v. Allen* (1932) 286 U.S. 191, 199; *Tripati v. Henman* (9th Cir., 1988) 857 F.2d 1366-1367; *Collins v. D.R. Horton, Inc.* (9th Cir., 2007) 505 F. 3d 874, 882-883; *Orion Tire Corp. v. Goodyear Tire & Rubber Company* (9th Cir., 2001) 268 F. 3d 1133, 1140, n. 2; *FEV v. City of Anaheim* (2017) 15 Cal.App. 5th 462, 467.

In *Tripati*, a prisoner sued to enforce a constitutional right of access to an adequate law library. The district court granted summary judgment, finding that the law library at the facility was adequate. Plaintiff appealed, and while the appeal was pending started a second action on the same claim. The district court dismissed, holding that the second action was barred by the judgment in the first action, even though the appeal of that judgment was still pending. The Ninth Circuit affirmed the dismissal of the second action, holding:

> "'The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal [citations]. To deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation. Citation]. . .This case illustrates the logic behind the rule. To deny action # 1's preclusive effect while Tripati's motion is

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

9

1    pending would enable him to simultaneously

2    maintain two identical claims in the same

3    district court."

4         That is exactly what plaintiffs here are attempting to do.

5         In *D.R. Horton*, the court, citing *Tripati*, articulated the same principle in the

6    context of collateral estoppel, saying "we have held that the benefits of giving a

7    judgment preclusive effect pending appeal outweigh any risks of a later reversal of

8    that judgment." 505 F.3d 882.

9         In *FEV v. City of Anaheim*, the California court of appeal addressed the effect

10   on related state court litigation of a federal judgment pending appeal, where the state

11   action was based on the same claim as the federal action.  The court, citing *D.R.*

12   *Horton* reiterated that "A federal court judgment retains its collateral estoppel effect,

13   however, while on appeal and, therefore, the federal court judgment had collateral

14   estoppel effect at the time of oral argument."  The state courts are bound to give such

15   a judgment the same collateral estoppel effect it would have in a federal court. 15

16   Cal.App.5th 467.

17        Plaintiffs cannot avoid this conclusion as a matter of law.  They cannot dispute

18   that if the court follows the law with respect to federal standards of res judicata, the

19   action against Vanowen should be dismissed.

20   **7.    THERE ARE NO EQUITABLE GROUNDS TO DENY VANOWEN'S**

21       **MOTION.**

22        Plaintiffs cannot reasonably avoid this legal conclusion by an appeal to any

23   equitable doctrine.  They controlled the litigation of both actions and are not entitled

24   to any kind of extra benefit because they chose to split their claims into two actions.

25   Vanowen acquired the property in 2003, and no reason is pled to show that plaintiffs

26   could not bring any contribution claim against Vanowen in the 2014 action.   They

27   should not be allowed to maintain this action which they knowingly filed after the

28   adverse determination of their claim.  Plaintiffs could not have a good faith belief in

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

10

1  the validity of their claim given the law on finality of judgments of the United States
2  District Court.  The fact that they realized the statute of limitations would continue to
3  run while the Ninth Circuit appeal is pending does not justify plaintiffs in pretending
4  the prior judgment does not exist.

5      There appears to be no binding authority over whether the application of
6  defensive collateral estoppel is mandatory when its requirements have been met.
7  *Ackerman v. American Airlines, Inc* (ND Tex., 1995) 924 F. Supp. 749, 753, holds
8  that such application is mandatory.  The issue is discussed by the court in *Hynix*
9  *Semiconductor Inc v. Rambus Inc* (ND CA 2012) 897 F. Supp. 2d 939, 972-973,
10  noting the lack of binding federal authority on the question.

11      Assuming the court has discretion to consider equitable doctrines in its
12  application of collateral estoppel in this case, the facts pled and judicially noticeable
13  provide no basis for denying Vanowen of its day in court to assert the defense.

14      Plaintiffs will argue that the court should resort to evasions of the law by the
15  simple expedient of not deciding this motion.  Their real quarrel is not with any act or
16  omission of Vanowen but with the fundamental federal law of finality of district court
17  judgments.  This is a problem the plaintiffs have created for themselves by their
18  control over their own litigation.  This court held that by waiting seven years to sue
19  for contribution, plaintiffs had allowed the statute to run against the defendants in
20  *Arconic I*.  Between 2014 and 2019, another five years had passed by the time
21  *Arconic I* was dismissed as untimely brought. In the appeal, Plaintiffs contend that the
22  statute of limitations expires March 31, 2020, three years from this court's approval
23  of the March 31, 2017 consent decree in the *Abex* action.  Knowing that any possible
24  contribution claims against Vanowen would be barred after March 31, 2020, plaintiffs
25  tried to use the present action to stop the running of the statute on the March 31, 2020
26  deadline.  That should not be allowed, because it amounts to depriving Vanowen of
27  its valid defense under federal law.

28  ///

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

11

1    Plaintiffs are simply attempting to game the federal system to avoid application

2  of the rule of judgment finality.  Even if the Ninth Circuit should some day reverse

3  the district court judgment in *Arconic I*, that should not be deemed to resurrect this

4  case, which was barred by collateral estoppel the day it was filed.  The alternate

5  statute of limitations March 31, 2020, has expired.

6  **8.**    **CONCLUSION**

7    For the reasons given above, the motion should be granted.

8                      WEISS & ZAMAN

9

10                     By:

11                         Thomas J. Weiss

12                     Attorneys for Defendant VANOWEN
                       HOLDINGS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT VANOWEN HOLDINGS, LLC
TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12b6
CASE NO. 2:20-CV-02586-GW (Ex)

12