LATHROP GPM LLP
Nancy Sher Cohen (State Bar No. 81706)
  nancy.cohen@lathropgpm.com
Ronald A. Valenzuela (State Bar No. 210025)
  ronald.valenzuela@lathropgpm.com
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: 310.789.4600
Facsimile:  310.789.4601

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARCONIC INC.; et al. <br><br><br> Plaintiffs, <br><br> vs. <br><br> CAL-TRON PLATING, INC.; et al. <br><br><br> Defendants. | Case No. 2:20-cv-02586-GW(Ex) <br><br> Assigned to: Hon. George H. Wu <br><br> **PLAINTIFFS' OPPOSITION TO VANOWEN HOLDINGS, LLC'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> Hearing Date:  July 2, 2020 <br> Hearing Time:  8:30 A.M. <br> Judge: Hon. George H. Wu <br> Courtroom: 9D, Ninth Floor <br><br> Complaint Filed:  March 18, 2020 |

LATHROP GPM LLP
1888 CENTURY PARK EAST, SUITE 1000
LOS ANGELES, CA 90067

# TABLE OF CONTENTS

**<u>Page</u>**

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND ................................................................................................ 3

      A.     The *Arconic* Case .................................................................................. 3

              1.     Plaintiffs seek contribution for costs arising from a consent decree approved in March 2017. ................................................. 3

              2.     Plaintiffs contend that the CERCLA claims in *Arconic*, and those asserted here, are not time-barred. ........................... 3

      B.     This Action ............................................................................................ 5

III. ARGUMENT ................................................................................................... 5

      A.     Vanowen's "Res Judicata" Defense Would Be Eliminated If The Ninth Circuit Reverses The *Arconic* Judgment. ............................... 5

      B.     The Court Should Postpone Its Ruling On Vanowen's Motion Pending The Outcome Of The *Arconic* Appeal. ............................... 7

              1.     The Ninth Circuit's decision in *Arconic* may well vitiate Vanowen's res judicata defense. ........................................... 8

              2.     The authorities agree that postponement is the proper approach under circumstances such as those presented here. ........ 9

              3.     Vanowen's bases for insisting upon an immediate ruling find no support in its authorities and are without merit. ............... 11

IV. CONCLUSION ............................................................................................... 14

ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arconic Inc. et al. v APC Investment Co, et al.*,
    Case No. 2:14-cv-06456 GW (Ex.) ...................................................................*passim*

*Bailey v. Ness*,
    733 F.2d 279 (3d Cir. 1984) ...........................................................2, 10, 11

*Beaird v. Seagate Tech.*,
    145 F.3d 1159 (10th Cir. 1998) .................................................................. 6

*Butler v. Eaton*,
    141 U.S. 240 (1891)...................................................................................... 6

*Cell Therapeutics, Inc. v. Lash Group, Inc.*,
    586 F.3d 1204 (9th Cir. 2009) .................................................................... 7

*Collins v. D.R. Horton, Inc.*,
    505 F.3d 874 (9th Cir. 2007) ...................................................... 1, 2, 9, 12

*Costantini v. Trans World Airlines*,
    681 F.2d 1199 ............................................................................................... 7

*Crowder v. Blue Cross of Cal.*,
    No. CV 14-04747, 2014 U.S. Dist. LEXIS 183371 (C.D. Cal. Oct. 23,
    2014) ............................................................................................................... 6

*Erebia v. Chrysler Plastic Products Corp.*,
    891 F.2d 1212 (6th Cir. 1989) .................................................................... 6

*FEV v. City of Anaheim*,
    15 Cal.App.5th 462, 467 (Cal. Ct. App. 2017).......................................... 12

*Griesen v. Hanken*,
    925 F.3d 1097 (9th Cir. 2019) .................................................................... 6

*In re Hedged-Investments Associates, Inc.*,
    48 F.3d 470 (10th Cir. 1995) ...................................................................... 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...................................................................................... 9

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
   719 F.3d 1367 (Fed. Cir. 2013) ................................................................. 6

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) .................................................................... 9

*Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*,
   268 F.3d 1133 (9th Cir. 2001) ................................................................ 12

*Ornellas v. Oakley*,
   618 F.2d 1351 (9th Cir. 1980) ............................................................. 2, 6

*Ortiz v. Kelly*,
   No. 3:05-CV-00113-LRH VPC, 2007 WL 2592891 (D. Nev. Sept. 5,
   2007) ............................................................................................................ 8

*Prager v. El Paso National Bank*,
   417 F.2d 1111 (5th Cir. 1969) ................................................................ 11

*Ray v. Halsey*,
   214 F.2d 366 (5th Cir. 1954) ............................................................ 10, 11

*Reed v. Allen*,
   286 U.S. 191 (1932) ................................................................................. 12

*Seltzer v. Ashcroft*,
   675 F.2d 184 (8th Cir. 1982) .................................................................. 10

*South Carolina Nat. Bank v. Atlantic States Bankcard Ass'n, Inc.*,
   896 F.2d 1421 (4th Cir. 1990) .................................................................. 6

*State of Calif. ex. rel. Dept. of Toxic Substances Control v. Neville
   Chemical Co., 213 F. Supp. 2d 1115 (C.D. Cal. 2002)* ........................... 12

*Syverson v. Int'l Business Machines Corp.*,
   472 F.3d 1072 (9th Cir. 2007) .................................................................. 7

*TMTV, Corp. v. Mass Productions, Inc.*,
   645 F.3d 464 (1st Cir. 2011) .................................................................... 8

*Tripati v. Henman*,
   857 F.2d 1366 (9th Cir. 1988) ................................................................ 12

*Voggenthaler v. Maryland Square LLC*,
   724 F.3d 1050 (9th Cir. 2013) ................................................................ 12

*Zamani v. Carnes*,
    491 F.3d 990 (9th Cir. 1997) ........................................................................ 6

**Statutes**

42 U.S.C. § 9607(a)(1) ...................................................................................... 12

CERCLA Section 107 .......................................................................................... 13

CERCLA Section 113(f), 42 U.S.C. § 9613(f) ................................................. 3

CERCLA Section 113(f)(1) ........................................................................... 4, 14

CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) ..................................... 3

Comprehensive Environmental Response Compensation and Liability
    Act, 42 U.S.C. § 9601 et seq. ..................................................................... 3

Federal Declaratory Judgments Act, 28 U.S.C. § 2201 ................................. 3

**Other Authorities**

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 18A
    Federal Practice & Procedure: Jurisdiction 2d. § 4433 (2002) ................ 9

C.D. Cal. Local Rule 7-5 ................................................................................... 6

Restatement (Second) of Judgments § 13 (1982) ........................................... 9

Restatement (Second) of Judgments § 16, comment c (1982) ..................... 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Defendant Vanowen Holdings, LLC ("Vanowen") attempts to turn the doctrine of res judicata on its head. Rather than employing that doctrine for its intended purpose, to avoid re-litigating issues resolved in a previous case and otherwise prevent needless litigation (*Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 881 (9th Cir. 2007)), Vanowen's insistence that the Court dismiss Plaintiffs' claims on res judicata grounds (the "Motion") will needlessly spawn litigation concerning a question that is likely to be answered very soon by the Ninth Circuit in *Arconic Inc. et al. v APC Investment Co, et al.*, Case No. 2:14-cv-06456 GW (Ex.) ("*Arconic*").

There, this Court entered judgment against plaintiffs, ruling that the limitations period for their CERCLA environmental claims began in 2007 and expired no later than 2010 and thus were 4 years too late under the applicable 3-year statute of limitations (the "*Arconic* Judgment"). Plaintiffs appealed that judgment; the appeal has been fully briefed and argued, and a decision from the Ninth Circuit is imminent.

Plaintiffs in this case filed suit last March against defendants Cal-Tron Plating, Inc., et al. ("Defendants"), asserting CERCLA claims similar to those dismissed in *Arconic*. Plaintiffs did so to avoid running afoul of the limitations period that Plaintiffs contend, and argued to this Court and the Ninth Circuit in *Arconic*, applies to those claims. Acknowledging that the impending decision in the *Arconic* appeal may have a direct bearing on this case, Plaintiffs have tried to obtain a stay of this case to spare the parties, and the Court, the time, effort, and expense of litigating a case that might not be possible maintain, depending on the outcome of the *Arconic* appeal.

But Vanowen has stubbornly refused all efforts to conserve party and judicial resources in this case and insists upon dismissal of Plaintiffs' CERCLA claims under the *Arconic* Judgment—well aware that it could soon be reversed. Indeed, Vanowen goes so far as to make the extraordinary claim that the *Arconic* Judgment would bar Plaintiffs' claims against Vanowen even if the Ninth Circuit reverses it. But the law is

1

not on Vanowen's side. If the *Arconic* Judgment is reversed, Vanowen's res judicata defense evaporates. *See Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir. 1980).

If this Court were to grant the Motion and enter judgment, and the *Arconic* Judgment is later reversed, setting aside the judgment in this case would be no simple or inexpensive matter. It would likely involve further motion practice before this Court, an appeal before the Ninth Circuit, and perhaps a direct action to set aside the judgment. And this Court can reasonably expect that Vanowen will challenge Plaintiffs' efforts to set aside that judgment at every step given its manifest appetite for litigation. And Vanowen's resistance would only increase the costs—for both the parties *and* the courts—of attempting to set aside a judgment in this case.

But all of this is easily avoided. This Court has the authority to postpone its ruling on the Motion pending the outcome of the *Arconic* appeal. The Ninth Circuit has expressly acknowledged this authority (*D.R. Horton*, 505 F.3d at 882-83), and Vanowen does not dispute it. Moreover, postponement is particularly suitable where, as here, the statute of limitations on the claims sought to be dismissed might expire while the judgment upon which the motion to dismiss is based winds its way through the appellate process. *See, e.g., Bailey v. Ness,* 733 F.2d 279 (3d Cir. 1984).

Vanowen offers no authority to the contrary or compelling reason why it cannot, or should not, wait for the outcome of the *Arconic* appeal. It merely offers that it is "just the property owner" and alleges that Plaintiffs "waited since 2007" to bring suit and then filed this case without a good faith belief in the validity of their claims. Of course, none of this is true, but, more importantly, none of it identifies any harm or prejudice that Vanowen would suffer in waiting for the outcome of the *Arconic* appeal. On that point, all Vanowen can muster is the contention that it is being "deprived" of its res judicata defense, but this is not true either. The Ninth Circuit's decision in *Arconic* is imminent, and it will likely decide the issues underlying Vanowen's Motion, essentially resolving it and obviating any need for this Court to decide it.

1   Thus, Plaintiffs respectfully submit that this Court should defer ruling on the

2   Motion pending the outcome of the *Arconic* appeal.

3   **II.   BACKGROUND[1]**

4   **A.   The *Arconic* Case**

5   **1.   Plaintiffs seek contribution for costs arising from a consent decree**

6   **approved in March 2017.**

7   The *Arconic* lawsuit was initiated in 2014 and is pending before this Court.

8   Plaintiffs in this case are among the group of plaintiffs in *Arconic*. That case involves

9   regional groundwater contamination that has been designated by U.S. EPA as

10  Operable Unit No. 2, or OU-2, of the Omega Chemical Corporation Superfund Site.

11  After Plaintiffs, and others, entered into a consent decree with the federal and state

12  governments that imposes certain obligations related to addressing the OU-2

13  groundwater contamination (the "OU-2 Consent Decree"), Plaintiffs amended the

14  *Arconic* complaint to assert two causes of action under the Comprehensive

15  Environmental Response Compensation and Liability Act, 42 U.S.C. § 9601 et seq.

16  ("CERCLA"). One cause of action asserts a claim for contribution under CERCLA

17  Section 113(f), 42 U.S.C. § 9613(f). The other asserts a claim for declaratory relief

18  under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) and the Federal

19  Declaratory Judgments Act, 28 U.S.C. § 2201.

20  **2.   Plaintiffs contend that the CERCLA claims in *Arconic*, and those**

21  **asserted here, are not time-barred.**

22  In April 2018, defendants in *Arconic* moved for summary judgment on the

23  CERCLA claims on the grounds that they were time barred. Plaintiffs opposed. In

24  2019, this Court entered judgment against Plaintiffs, ruling that the limitations period

25  for their CERCLA claims began in 2007 and expired no later than 2010 and thus were

26  time-barred under CERCLA's 3-year statute of limitations.

27  _____

28  [1] The facts set forth in this Section are set out more fully, along with evidentiary
    support, in Plaintiffs' pending Motion for Stay [Dkt. Nos. 33, 33-1].

3

Plaintiffs contend that the CERCLA claims in *Arconic* were timely filed on June 13, 2016.[2] The 3-year limitations period for those claims for costs arising under the OU-2 Consent Decree began to run no earlier than March 31, 2017, when this Court approved that consent decree, and thus the limitations period did not expire until March 31, 2020, at the earliest. Contrary to the contention of the *Arconic* defendants, a 2007 settlement among certain former customers of Omega Chemical Corporation, including the *Arconic* plaintiffs (the "2007 Settlement"),[3] did not trigger the statute of limitations for the OU-2 contribution claims for two reasons.

First, the *Arconic* plaintiffs did not accrue an OU-2 contribution claim leading up to the 2007 Settlement or any other pre-2016 judicially approved settlement, and thus the limitations period for that claim could not have expired before 2016. A CERCLA Section 113(f)(1) contribution claim is available only to a party that is sued for and incurs more than its fair share of liability in an underlying Section 107(a) cost-recovery suit or Section 106 enforcement action, and no lawsuit to which the *Arconic* plaintiffs were parties prior to 2016 met these prerequisites with respect to the OU-2 costs at issue here.

Second, in *Arconic,* plaintiffs do not seek costs they incurred under the 2007 Settlement – or any other judicially approved settlement that the *Arconic* plaintiffs entered into prior to 2016. CERCLA does not prohibit a party in an early settlement from seeking contribution related to a later settlement, as long as those settlements cover separate obligations. And neither the 2007 Settlement nor any pre-2016 consent decree obligated the *Arconic* plaintiffs to incur the massive costs they have incurred

---

[2] Plaintiffs offer only a summary here of their opposition to the *Arconic* defendants' summary-judgment motion regarding the statute of limitations. Plaintiffs' position is fully set forth in their submissions in support of that opposition in this Court and in the appeal before the Ninth Circuit, all of which are incorporated herein by reference.

[3] Throughout its Motion, Vanowen misleadingly characterizes the 2007 Settlement as a "consent decree with the United States." *See, e.g.,* Mot. at 6:5; 8:2-3, 10, 23. The 2007 Settlement was a private settlement between customers of Omega Chemical Corp. *See Arconic* Docket, Dkt. No. 746. It was not a consent decree.

and will incur within the scope of the OU-2 Consent Decree for which they seek contribution in *Arconic*. Any contrary conclusion would scuttle CERCLA's carefully calibrated scheme to encourage parties to begin promptly cleaning portions of Superfund sites and to enter the types of early settlements that make Superfund litigation manageable.

The *Arconic* defendants' ancillary judicial estoppel argument for seeking dismissal of the CERCLA claims as time-barred does not bar the *Arconic* plaintiffs' contribution claims, nor did those plaintiffs forfeit their response to the estoppel argument in the district court, as defendants contend. Defendants' argument in support of judicial estoppel does not satisfy the multifactor test for applying estoppel, nor does it challenge or estop the *Arconic* plaintiffs' second, independent basis for a finding that their claims are not time-barred. And the *Arconic* plaintiffs *did* respond to the judicial estoppel argument at their first opportunity in the district court, and, in all events, waiver rules do not apply where the district court addresses the merits of an issue, as was the case in *Arconic*.

### B.    This Action

Plaintiffs brought this lawsuit on March 18 asserting two claims under CERCLA relating to OU-2 that seek to require defendants, parties alleged to share responsibility for the OU-2 contamination, to bear a portion of the costs arising from the OU-2 Consent Decree. Given the similarities with the *Arconic* action, this suit was filed before March 31 to ensure its timeliness if the Ninth Circuit reverses the *Arconic* Judgment; it was not brought to take a "second bite of the apple."

### III.    ARGUMENT

### A.    Vanowen's "Res Judicata" Defense Would Be Eliminated If The Ninth Circuit Reverses The *Arconic* Judgment.

In a single line at the end of its brief, Vanowen appears to contend that if the Ninth Circuit reverses the *Arconic* Judgment, it would have no impact on this case, because that judgment "should not be deemed to resurrect this case," as it somehow

retains its preclusive effect as to Vanowen. *See* Motion at 12:2-4. The Court should not be distracted by this vague, unsubstantiated claim that is contrary to the law.

A "cryptic allusion" in a party's opening brief is insufficient to properly raise the issue before the trial court. *Griesen v. Hanken*, 925 F.3d 1097, 1115 n.6 (9th Cir. 2019); *see also* C.D. Cal. Local Rule 7-5 (requiring "complete memorandum in support thereof and the points and authorities upon which the moving party will rely"). Here, Vanowen offers no foundation, rationale, or logic to support its claim. Nor does it cite any caselaw standing for that proposition. As such, this Court should ignore it entirely.[4]

Whatever Vanowen intended to mean by its conclusory statement, one thing is clear: if the Ninth Circuit reverses or vacates the *Arconic* Judgment, the basis for Vanowen's "res judicata" defense would be eviscerated. *Ornellas*, 618 F.2d at 1356. The law is well settled on this point. "Where the prior judgment, or any part thereof, relied upon by a subsequent court has been reversed, the defense of collateral estoppel evaporates." *Erebia v. Chrysler Plastic Products Corp.*, 891 F.2d 1212, 1215 (6th Cir. 1989); *see also Butler v. Eaton,* 141 U.S. 240, 244 (1891); *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1372 (Fed. Cir. 2013); *In re Hedged-Investments Associates, Inc.*, 48 F.3d 470, 472–473 (10th Cir. 1995); *South Carolina Nat. Bank v. Atlantic States Bankcard Ass'n, Inc.*, 896 F.2d 1421, 1430–1431 (4th Cir. 1990); Restatement (Second) of Judgments § 16, comment c (1982) (when a later judgment is based upon an earlier judgment which is set aside or reversed, "[t]he court should then normally set aside the later judgment").

---

[4] The Court may also ignore any attempt by Vanowen in its reply brief to explain or buttress its bald assertion. *See Griesen*, 925 F.3d at 1115; *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 1997) ("The district court need not consider arguments raised for the first time in a reply brief."). Alternatively, if the Court decides to consider any such new material, Plaintiffs would be entitled to an opportunity to respond in the form of a sur-reply. *See, e.g., Crowder v. Blue Cross of Cal.*, No. CV 14-04747, 2014 U.S. Dist. LEXIS 183371, *9 (C.D. Cal. Oct. 23, 2014); *see also Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998).

Given that the viability of Vanowen's res judicata defense is likely to be decided soon by the Ninth Circuit in *Arconic*, prudence dictates that any ruling on the Motion should await the Ninth Circuit's decision.

**B.    The Court Should Postpone Its Ruling On Vanowen's Motion Pending The Outcome Of The *Arconic* Appeal.**

As a threshold matter, Plaintiffs observe that it is unclear whether Vanowen is moving under a theory of claim preclusion (formerly referred to as "res judicata") or issue preclusion (alternatively referred to as "collateral estoppel"). Although the doctrines are related, the Ninth Circuit has articulated different elements for each. *Compare Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009) ("[c]laim preclusion applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties") (internal quotation marks and citation omitted) *with Syverson v. Int'l Business Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (issue preclusion applies where (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action) *see also Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 n.2 (res judicata and collateral estoppel are related "but distinct" doctrines).

Vanowen references "collateral estoppel" or "issue preclusion" in its Motion (*see, e.g.*, Mot. at 5:21), but it instead focuses its brief exclusively on the first two elements of *claim* preclusion, not *issue* preclusion (*see* Mot. at 6-8 (discussing claim preclusion elements of identity of claims and final judgment)). As to the third element of claim preclusion, privity of the parties, the Motion merely states that plaintiffs in *Arconic* and this case are "the same."[5] *See, e.g.*, Mot. at 6:25. However, at least one

---

[5] For purposes of clarity only, plaintiffs in *Arconic* and Plaintiffs here are not identical, as Vanowen seems to suggest. Plaintiffs here are a subgroup of the *Arconic* plaintiffs. *Compare Arconic* Compl., Ex. A, [*Arconic* Docket, Dkt. No. 526-1] *with Cal-Tron* Compl., Ex. A [Dkt. No. 1-1].

district court in the Ninth Circuit has held that claim preclusion is not available where plaintiffs in the current and prior action are the same but the defendants are different, as is the case here. *See Ortiz v. Kelly,* No. 3:05-CV-00113-LRH VPC, 2007 WL 2592891 at *10-11 (D. Nev. Sept. 5, 2007); *see also TMTV, Corp. v. Mass Productions, Inc.*, 645 F.3d 464, 473 (1st Cir. 2011). Thus, not only is the Motion vague as to which doctrine Vanowen is relying upon, it is defective as to one of those doctrines: claim preclusion.

### 1. The Ninth Circuit's decision in *Arconic* may well vitiate Vanowen's res judicata defense.

Vanowen rests its Motion *solely* upon the purported res judicata effect of the *Arconic* Judgment. That judgment was appealed to the Ninth Circuit, and that court will likely issue its decision soon. Thus, Vanowen's insistence that its Motion be decided now, before the *Arconic* appeal is resolved, raises the real, and problematic, possibility that a judgment dismissing the claims against Vanowen on res judicata grounds will rest upon a nullity.

Resolving that problem would not be simple, straightforward, or inexpensive. It would involve extensive work, almost certainly in this Court and before the Ninth Circuit, to set aside the judgment on the Motion, including, potentially, motion practice before this Court, an appeal to the Ninth Circuit, and a direct action to set aside the judgment. And this Court can reasonably expect Vanowen to oppose setting aside a judgment in its favor every step of the way.

The best way to cut through this knot is to avoid tying it in the first place. Postponing a decision on the Motion until the *Arconic* appeal is resolved would do that. It would likely either (1) ensure that a dismissal of Plaintiffs' claims against Vanowen on res judicata grounds rests upon a judgment that cannot be disturbed, or (2) definitively establish that Vanowen's claimed res judicata defense is unviable. Either way, the central question raised by Vanowen's Motion is answered *without* the

1   risk of imposing on the parties, and the courts, the time, effort, and expense of

2   "undoing" a judgment in this action that is no longer valid.

3              **2.     The authorities agree that postponement is the proper approach**

4                      **under circumstances such as those presented here.**

5        This Court's power to stay proceedings, pending the outcome of related

6   proceedings in other matters, is incidental to its inherent power to control the

7   disposition of its cases in the interests of efficiency and fairness to the court, counsel,

8   and litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Leyva v. Certified*

9   *Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). And the Ninth Circuit has

10  expressly acknowledged a court's authority to delay ruling on a motion seeking

11  dismissal on res judicata grounds when the judgment on which that motion rests is

12  pending on appeal. *See D.R. Horton*, 505 F.3d at 882-83.

13       The Ninth Circuit is not alone on this point. The authorities agree on the

14  wisdom of employing this postponement or deferral "device" to avoid the problem of

15  an estoppel-based judgment that rests on an earlier, invalid judgment. *See* Charles

16  Alan Wright, Arthur R. Miller & Edward H. Cooper, 18A Federal Practice &

17  Procedure: Jurisdiction 2d. § 4433 (2002) ("grotesque result of perpetuating a

18  judgment that rests on nothing more than a subsequently reversed judgment" may be

19  avoided by delaying further proceedings in the second action pending conclusion of

20  the appeal in the first action); Restatement (Second) of Judgments § 13 (1982) ("The

21  pendency of . . . an appeal from a judgment, is relevant in deciding whether the

22  question of preclusion should be presently decided in the second action. It may be

23  appropriate to postpone decision of that question until the proceedings addressed to

24  the judgment are concluded.") and § 16 (1982) ("it may still be advisable for the court

25  that is being asked to apply the judgment as res judicata to stay its own proceedings to

26  await the ultimate disposition of the judgment in the trial court or on appeal"). Thus,

27  Vanowen is incorrect that this Court would not be "following the law" or would be

28

"evading it" (*see* Mot. at 10:18, 11:14) if it exercises its inherent authority to postpone its ruling on the Motion.

Postponement is especially appropriate where the limitations period on the claims in the second action would expire before the appeal in the first action is resolved. Plaintiffs contend that the CERCLA claims asserted in *Arconic* were timely filed. *See, supra,* Background § B.2. If the Ninth Circuit agrees and reverses the *Arconic* Judgment, its decision will almost certainly entail the conclusion that the statute of limitations for Plaintiffs' CERCLA claims for costs arising from the OU-2 Consent Decree was March 31, 2020—over two months ago. Thus, dismissal of the CERCLA claims in this action would *imperil* Plaintiffs' ability to reassert those claims later if the *Arconic* Judgment is reversed. Indeed, this action was initiated to *preserve* those claims in case of reversal.

In *Bailey v. Ness,* for example, defendant moved to dismiss a federal civil rights action against it arguing that plaintiff's earlier criminal conviction in state court estopped plaintiff's civil rights action. 733 F.2d at 280. The district court granted the motion, plaintiff appealed, and the Fifth Circuit reversed, concluding that because plaintiff faced a statute of limitations problem if her claims were dismissed, "it was improper for the district court to dismiss . . . [the] action," as a victory on appeal in the first action "would be meaningless . . . unless [plaintiff's] right to bring her [second] civil suit is preserved." *Id.* at 283. Instead, "the district court should have stayed the present action until the appeals from the state court conviction had run their course or had run out of time in which to be brought." *Id.* Other courts have similarly recognized that a stay of the second action pending the outcome of the appeal of the judgment in the first action is warranted where the plaintiff faces a statute of limitations problem. *See, e.g., Ray v. Halsey,* 214 F.2d 366, 368 (5th Cir. 1954) (reversing dismissal in favor of stay of district court proceedings and cautioning that in considering motion to dismiss "the federal court should take into consideration the possibility of a reversal of that judgment"); *Seltzer v. Ashcroft,* 675 F.2d 184, 185 (8th

10

Cir. 1982) (reversing dismissal and ordering stay of district court action pending appeal of judgment in first action); *see also Prager v. El Paso National Bank,* 417 F.2d 1111, 1112 (5th Cir. 1969) (ordering district court to "hold" the state court case pending appeal in first action that would warrant federal relief).[6]

Here, Plaintiffs do not merely face the *possibility* that a limitations period might expire before the *Arconic* appeal is resolved, according to Vanowen, the limitations period has *already lapsed* on Plaintiffs' CERCLA claims in this case, as the period ran over two months ago, on March 31. *See* Mot. at 12:4-5; *cf. Bailey,* 733 F.2d at 283 ("A dismissal of a party's suit, even without prejudice, simply does not protect the party from a statute of limitations problem should the . . . proceedings [in the first action] take a great deal of time."). And although there are steps that Plaintiffs might take to help preserve those claims in the face of dismissal, they involve extensive cost and effort, not just for the parties, but also for this Court and the Ninth Circuit, that may be easily avoided by postponing a decision on the Motion.

**3.     Vanowen's bases for insisting upon an immediate ruling find no support in its authorities and are without merit.**

None of the cases cited by Vanowen supports its request for an immediate ruling on its Motion. Those cases (*see* Mot. at. 9-10), merely stand for two general propositions: a district court's judgment is "final" for res judicata purposes pending its

---

[6] In *Bailey* and *Halsey*, the appellate courts had reason to doubt the preclusive effect of the state court's judgment in the first action, as the relevant state law was uncertain about, or actually indicated that, the judgment became preclusive only *after* all appeals of the judgment had been resolved. *See Bailey*, 733 F.2d at 281-82; *Halsey*, 214 F.2d at 368. Nevertheless, those federal appellate courts ordered the district courts to stay the second action pending the outcome of the appeal in the first action based on their concern over plaintiff's statute of limitations problem. 733 F.2d at 283; 214 F.2d. at 368. If that concern was enough to warrant a stay of the second action even where there was doubt that the judgment in the first action was preclusive, a plaintiff's statute of limitations problem is certainly enough to warrant a stay where, as here, there is no dispute that a district court's judgment has res judicata effect while that judgment is on appeal.

11

appeal; and relief from a judgment should be requested from the court that rendered it. *See Reed v. Allen,* 286 U.S. 191, 198-201 (1932); *Tripati v. Henman,* 857 F.2d 1366, 1367 (9th Cir. 1988); *D.R. Horton*, 505 F.3d at 882; *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1140 n.2 (9th Cir. 2001); *FEV v. City of Anaheim,* 15 Cal.App.5th 462, 467 (Cal. Ct. App. 2017).

None of those cases involved the question presented to this Court: whether to rule on a motion to dismiss brought on res judicata grounds or postpone that ruling given that the judgment serving as the basis for the motion is on appeal and may soon be reversed. Only one case, *D.R. Horton,* even mentions the issue. *See D.R. Horton,* 505 F.3d at 882. And there, rather than supporting Vanowen, *D.R. Horton* undercuts its position, as the Ninth Circuit in that case acknowledges postponement as a favorable alternative for avoiding the problem created when an estoppel-based judgment in one action is based on a judgment in an earlier action that is reversed. *Id*.

In addition to lacking any legal authority for its position, Vanowen offers no compelling argument as to how it, or any other party or the courts, would suffer harm by waiting for the outcome of the *Arconic* appeal. First, Vanowen seems to suggest that it is entitled to an immediate ruling because, although it owns the Omega Chemical Corporation property, it purportedly never dumped waste at its property, or never "abetted, assisted, or aided any pollution" there. *See* Mot. at 6:10-18. Even if true, this "fact" is irrelevant and reflects a fundamental misunderstanding of the applicable law. "CERCLA is a strict liability statute in that it does not require a party to act culpably in order to be liable for clean up." *Voggenthaler v. Maryland Square LLC*, 724 F.3d 1050, 1061 (9th Cir. 2013). Vanowen is indisputably liable under CERCLA, because it is the current owner and operator of the Omega Chemical Corporation property (*see* 42 U.S.C. § 9607(a)(1); *State of Calif. ex. rel. Dept. of Toxic Substances Control v. Neville Chemical Co.*, 213 F. Supp. 2d 1115, 1124 (C.D. Cal. 2002)), the property that has been the subject of extensive investigative and

enforcement activities by federal and state regulatory authorities for decades, though it certainly is not the only source of the OU-2 contamination by any stretch.

Second, Vanowen argues that postponement would be unfair because Plaintiffs "could not have had a good faith belief in the validity of their claims given the law on finality of judgments of the United States District Court." Mot. at 10:28 to 11:2. This is nonsense. Plaintiffs' appeal of the *Arconic* Judgment has not been exhausted, that judgment may yet be reversed, and Plaintiffs would not have spent the last two years vigorously litigating the statute-of-limitations issue, at considerable expense, if they were not confident that their claims in *Arconic*, and those asserted here, were timely.

Third, Vanowen argues that the current dispute is "a problem Plaintiffs created for themselves by their control over their own litigation," having "waited" seven years after the 2007 Settlement to initiate *Arconic,* then allowed another five years to lapse before the statute-of-limitations issue was decided, then "used" this action merely to avoid the limitations bar that Plaintiffs believe applies here. Mot. at 11:17-26. This argument also lacks merit.

It is based on the premise that Plaintiffs' claims for contribution for costs arising under the OU-2 Consent Decree accrued in 2007, a premise that Plaintiffs have vigorously opposed for over two years. It ignores the fact that *Arconic* began as a cost recovery action under CERCLA Section 107 in 2014, not a contribution action under Section 113. It ignores that Plaintiffs' contribution claims accrued in 2016, and that it was *defendants* in *Arconic*, not Plaintiffs, that controlled the statute-of-limitations issue. And it is based on faulty logic. If, as Vanowen contends, entry of the *Arconic* Judgment automatically prohibited Plaintiffs from "using" this action to preserve their CERCLA claims in case that judgment was reversed, then, by that logic, courts have *no* discretion to postpone ruling on a motion to dismiss and application of res judicata is mandatory. But that is not the law (*see, supra,* Section III.B.2), and Plaintiffs are aware of no authority requiring them to have forfeited their claims.

At bottom, the *only* harm or prejudice that Vanowen contends would come to it

if made to wait is being denied "its day in court" and "deprived of its . . . [res judicata] defense." Mot. at 11:13, 27. Not so. Vanowen's Motion rests **solely** upon the *Arconic* Judgment, and the Ninth Circuit will soon either affirm that judgment or reverse it, effectively deciding the Motion. Vanowen is in no way being deprived of its ability to dispose of Plaintiffs' claims on statute-of-limitations grounds.[7]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that Vanowen's Motion be denied or the decision on the Motion be deferred pending the outcome of the appeal in *Arconic*.

Date:  June 11, 2020                          LATHROP GPM LLP

By:   /s/ Ronald A. Valenzuela
      _____
      Ronald A. Valenzuela
      Attorneys for Plaintiffs

---

[7] Vanowen also complains that Plaintiffs fail to allege or explain why Vanowen could not have been sued in the *Arconic* action in 2014. *See, e.g.,* Mot. 6:19-21. This is a red herring. CERCLA imposes no requirements under Section 113(f)(1) regarding *when* a party may seek contribution from a PRP other than the prerequisites that the party first be sued under Section 106 or 107, as described above (*see, supra,* Background § B.2), and that the claims be brought within the limitations period. Moreover, Plaintiffs are not aware of any authority, and Vanowen has not cited any, holding that whether the party seeking dismissal on res judicata grounds "could have been sued" in the first action is a fact that has any bearing on the court's analysis concerning whether to postpone its ruling in the second action. Indeed, that fact makes no difference here. Had Vanowen been sued in *Arconic* in 2014, it undoubtedly would be in the same position that it now finds itself: awaiting the Ninth Circuit's decision concerning whether the claims asserted against it are possibly time-barred.