UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2586-GW-Ex | Date | June 26, 2020 |
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 1 of 7 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS – RULING PLAINTIFFS' MOTION FOR ORDER STAYING CASE [33]**

**A.   Background**[1]

The plaintiffs ("Plaintiffs") filed a motion to stay this CERCLA action, pending the outcome of their appeal in a related CERCLA action ("*Arconic I*")[2] – also before this Court – concerning the same Superfund site, but against a different group of defendants. The defendants in *Arconic I* argued that the statute of limitations on Plaintiffs' CERCLA contribution claim had already expired back in 2010, because a 2007 settlement agreement involving Plaintiffs was sufficiently tied to their contribution claim to trigger CERCLA's 3-year statute of limitations. The Court agreed with the *Arconic I* defendants and dismissed the claim as time-barred. *See Arconic I* Ruling.

Plaintiffs' contribution claim in this action may be sufficiently connected to that 2007 settlement agreement to also be time-barred. Plaintiffs contend that the Court's finding was incorrect, and that the statute of limitations did not expire until March 2020. While they made that

---

[1] The Court uses the following abbreviations for the filings: (1) Complaint ("Compl."), ECF No. 1; (2) Plaintiffs' Motion to Stay ("Mot."), ECF No. 33; (3) Declaration of Valenzuela ("Valenzuela Decl."), ECF No. 33-1; (4) Vanowen's Opposition to Motion to Stay ("Opp."), ECF No. 46; (5) Plaintiffs' Reply in Support of Motion to Stay ("Reply"), ECF No. 51; (6) Court Ruling on *Arconic I* MSJ ("*Arconic I* Ruling"),. 2:14-cv-06456-GW-(Ex) ECF No. 809.

[2] That case is also before this Court: *Arconic, Inc. et al v. APC Investment Co.*, No. 2:14-cv-06456-GW-(Ex). The Plaintiffs here are a subset of the *Arconic I* plaintiffs.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2586-GW-Ex | Date | June 26, 2020 |
|---|---|---|---|
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 2 of 7 |

argument to the Ninth Circuit in their *Arconic I* appeal, Plaintiffs filed the complaint in this action just ahead of that March 2020 deadline to preserve their claim in case the Ninth Circuit agrees with them about the statute of limitations. They then moved for a stay pending the outcome of their appeal.

B. Origins of the Superfund Site

The contaminated site at the center of all this is the Omega Chemical Corporation Superfund Site (the "Site"), located in Whittier, California. Compl. ¶ 141. Omega Chemical Corporation ("Omega Chemical") operated a refrigerant and solvent recycling and treatment facility at the Site from approximately 1974 to 1995, contaminating the surrounding subsurface soil and groundwater and leading the EPA to designate it a Superfund site.

Plaintiffs are a subset of companies that allegedly sent chemicals to Omega Chemical's facility for processing and recycling.[3] Compl. ¶ 4. The EPA contends that this contributed to the Site's contamination, and as a result Plaintiffs have incurred significant costs working with the EPA on investigating the contamination and preparing remediation plans. *Id.* ¶ 5.

C. The *Arconic I* action

In 2014, Plaintiffs brought a CERCLA contribution claim against the defendants in *Arconic I*, alleging that the defendants owned properties or operated businesses near the Site that contributed to the soil and groundwater contamination. The Court, however, found that the statute of limitations had already expired because of an earlier 2007 settlement agreement involving

---

[3] Plaintiffs are: Arconic Inc.; MACOM Connectivity Solutions, LLC (formerly known as Applied Micro Circuits Corporation); BASF Corporation; Baxter Healthcare Corporation; C. T. L. Printing Industries, Inc. (formerly known as Cal-Tape & Label Co.); California Hydroforming Company, Inc.; Columbia Showcase & Cabinet Company, Inc.; Crosby & Overton, Inc.; Disney Enterprises, Inc.; FHL Group; Forenco, Inc.; General Dynamics Corporation; Hercules LLC (formerly known as Hercules Incorporated); Hexcel Corporation; Honeywell International Inc.; International Paper Company; Los Angeles County Metropolitan Transportation Authority; Masco Building Products Corporation (formerly known as Masco Corporation of Indiana); Mattel, Inc.; Merck Sharp & Dohme Corp.; Pilkington Group Limited; Quest Diagnostics Clinical Laboratories, Inc.; Raytheon Company; Safety-Kleen Systems, Inc.; Soco West, Inc.; Sparton Technology, Inc.; The Boeing Company; The Dow Chemical Company; TriMas Corporation; and Univar Solutions USA Inc. (formerly known as Univar USA Inc.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2586-GW-Ex | Date | June 26, 2020 |
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 3 of 7 |

Plaintiffs.

That settlement arose from yet another CERCLA action, this one commenced in 2004 by the Omega Chemical Potentially Responsible Parties Organized Group ("OPOG"), an unincorporated association of public and private entities – including Plaintiffs – that the EPA found may have contributed to the Site's contamination. OPOG sued over 200 defendants that it alleged were responsible for the hazardous substances processed at the Site and therefore also contributed to the contamination. It sought contribution under CERCLA from the defendants to recover costs OPOG members incurred in investigating the contamination at the Site and preparing remediation plans.

In 2007, OPOG and the defendants entered into a settlement that purported to resolve the parties' "claims against each other with regard to their responsibilities for the [Site]." *Arconic I* Ruling at 12. The Court found that the settlement triggered CERCA's statute of limitations, which states that "[n]o action for contribution for any response costs or damages may be commenced more than 3 years after . . . entry of a judicially approved settlement with respect to such costs or damages." 42 U.S.C. § 9613(g)(3)(B). Plaintiffs contend that the settlement did not cover the same "costs or damages" as their contribution claim in *Arconic I*. They argue that the clock on their *Arconic I* claim did not begin until 2017, when they and various other parties entered into a consent degree with the federal government and the State of California governing the Superfund site. The Court disagreed and dismissed Plaintiffs' claim. Plaintiffs appealed that finding to the Ninth Circuit.

D. This action

In March 2020, Plaintiffs brought this action against an entirely new group of defendants ("Defendants")[4], alleging that defendants owned properties or operated businesses near the Site

---

[4] Defendants are: Cal-Tron Plating, Inc.; Electronic Chrome & Grinding Co., Inc.; Duncan Industries, Inc.; Dennis O'Meara; Halliburton Energy Services, Inc.; Mid-West Fabricating Co.; Omega Chemical Corporation; Santa Fe Rubber Products, Inc.; Sunrise Properties, LLC; and Vanowen Holdings, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2586-GW-Ex | Date | June 26, 2020 |
|---|---|---|---|
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 4 of 7 |

that contributed to the soil and groundwater contamination. Plaintiffs recognize that their claims are "substantially similar to the CERCLA claims asserted in *Arconic I*, and therefore may be subject to the same statute of limitations – in which case they would also be time-barred. Mot. at 1. Nevertheless, they filed the complaint while the *Arconic I* appeal was still pending to ensure its timeliness in the event the Ninth Circuit agrees with their position that the statute of limitations did not expire until March 31, 2020. Plaintiffs now seek a stay of this action pending that appeal. Two of the ten defendants have not yet been served; of the eight who have been served, six of them are unopposed to the stay and one of them is neutral. Valenzuela Decl. ¶¶ 7, 15-18. Only defendant Vanowen Holdings, LLC ("Vanowen") is opposed to the motion.

**E.     Legal Standard**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 399 U.S. 248, 254 (1936). Using this power "calls for an exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. These competing include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110.

**F.     Discussion**

The only real harm Vanowen identifies from a stay is that it would deprive Vanowen of "an *expeditious* determination of its motion to dismiss." Opp. at 4 (emphasis added). Vanowen's motion to dismiss is scheduled for July 2020. Oral argument on Plaintiffs' appeal in *Arconix I* was held back in March 2020. Most cases are decided by the Ninth Circuit within 3 months to a year

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2586-GW-Ex | Date | June 26, 2020 |
|---|---|---|---|

| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 5 of 7 |
|---|---|---|---|

of oral argument, suggesting that Vanowen would likely have to wait at most 8 more months if a stay were granted. The Court does not find this particularly harmful.

What Vanowen really appears to be concerned about is losing the issue-preclusion (sometimes referred to as collateral estoppel)[5] defense it raises in its motion to dismiss. According to Vanowen, Plaintiffs' contribution claim against it seeks to recover the same costs as in *Arconix I*, and that Plaintiffs are therefore precluded from arguing that the 2007 settlement did not trigger the statute of limitations. Therefore, Vanowen is entitled to a finding that Plaintiffs' claim against it is also time-barred.

It is true, as Vanowen argues, that "a final judgment retains its collateral estoppel effect, if any, while pending appeal." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007). However, this rule can be problematic, because it "creates the potential for a collateral estoppel-based judgment based on a prior judgment that is subsequently vacated or reversed on appeal." *Id.* That is the problem the Court faces here – should it proceed to the merits of Vanowen's issue-preclusion defense when that issue is on appeal before the Ninth Circuit? For district courts, this problem "can be avoided, *whether by delaying further proceedings in the second action pending conclusion of the appeal in the first action*, by a protective appeal in the second action that is held open pending determination of the appeal in the first action, or by a direct action to vacate the second judgment." *Id.* at 883 (citing Wright & Miller § 4433) (emphasis added). Contrary to what Vanowen argues, Plaintiffs' desire for a stay does not "subvert and avoid the federal rule of finality of district court judgments," but rather has been explicitly recognized by the courts as a solution to a problem. Opp. at 4. Going ahead with this action and deciding the issue-preclusion defense

---

[5] The parties both use the term "res judicata" in its broader sense, to refer collectively to both claim preclusion and issue preclusion. The Court, however, refers to the two separately and will not use the term res judicata because of the confusion it may cause – res judicata is sometimes used more narrowly to refer only to claim preclusion. *See, e.g., Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S.Ct. 1589, 1594 (2020) ("The first is issue preclusion (sometimes called collateral estoppel) . . . . The second doctrine is claim preclusion (sometimes itself called res judicata)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2586-GW-Ex | Date | June 26, 2020 |
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 6 of 7 |

in Vanowen's motion to dismiss would be a waste of the parties' efforts if the Ninth Circuit ends up reversing the statute-of-limitations finding.

Vanowen suggests, without citing any authority, that even if the Ninth Circuit reversed the statute-of-limitations finding, Plaintiffs' claim would still be time-barred. Its theory appears to be that the claim was time-barred the moment it was filed on March 18, 2020 and therefore it cannot "toll[] the running of the statute of limitations" until it is "retroactively validated" by a Ninth Circuit reversal in *Arconix I*. Opp. at 4. In effect, Vanowen argues that Plaintiffs cannot properly bring their claim against Vanowen until *after* a reversal by the Ninth Circuit (assuming it does reverse), which would be futile here because the alternative statute-of-limitations deadline – March 31, 2020 – has also already expired. The Court is not persuaded by this argument. In the event of a reversal, Plaintiffs could simply reassert their claim against Vanowen, which would relate back to the one filed on March 18 and therefore be timely. Vanowen cannot get a "reversal-proof" dismissal of Plaintiffs' claim.

The Court acknowledges Vanowen's point that Plaintiffs have not explained why Vanowen was not included in the *Arconix I* action. However, given the large effort required to track down potential contributors over the decades of the Site's history (*Arconix I* involved about 30 defendants on top of the over 200 defendants in the 2007 settlement), it is not surprising that some potential contributors are not discovered until later in the process. Plaintiffs sought to avoid filing this suit by obtaining agreements from potential contributors to toll the statute of limitations on their CERCLA contribution claim. Valenzuela Decl. ¶ 8. While they obtained the agreement of several dozen parties, Vanowen – as well as the rest of the defendants – did not, resulting in this litigation.

**G.     Conclusion**

The Court finds that the present motion can be resolved without the need for oral argument. Therefore, the June 29, 2020 hearing is taken off-calendar pursuant to C.D. Cal. L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2586-GW-Ex | Date | June 26, 2020 |
|---|---|---|---|
| Title | *Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.* | Page | 7 of 7 |

Based on the foregoing discussion, the Court **GRANTS** the motion for a stay.