1  Timothy C. Cronin        (SBN: 181989)
   tcronin@crolaw.com
2  Alan R. Johnston         (SBN: 208991)
3  ajohnston@crolaw.com
   Dennis J. Byrne          (SBN: 172618)
4  dbyrne@crolaw.com
5  THE CRONIN LAW GROUP
6  390 Bridge Parkway, Suite 220
   Redwood City, CA 94065
7  Telephone: (415) 951-0166
8  Facsimile: (415) 951-0167

9
   Attorneys for Defendant Mid West Fabricating Co.
10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| ARCONIC INC.; MACOM CONNECTIVITY SOLUTIONS, LLC (f/k/a APPLIED MICRO CIRCUITS CORPORATION); BASF CORPORATION; BAXTER HEALTHCARE CORPORATION; C.T.L. PRINTING INDUSTRIES, INC.; CALIFORNIA HYDROFORMING COMPANY, INC.; COLUMBIA SHOWCASE & CABINET COMPANY, INC.; CROSBY & OVERTON, INC.; DISNEY ENTERPRISES, INC.; FHL GROUP; FORENCO, INC.; GENERAL DYNAMICS CORPORATION; HERCULES LLC (f/k/a HERCULES INCORPORATED); HEXCEL CORPORATION; HONEYWELL INTERNATIONAL, INC.; INTERNATIONAL PAPER COMPANY; LOS ANGELES COUNTY; METROPOLITAN TRANSPORATION AUTHORITY; MASCO BUILDING PRODUCTS CORPORATION; MATTEL, | Case No. 2:20-CV-02586-GW (Ex)<br><br>**REQUEST FOR CLARIFICATION OF THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION TO STAY PENDING APPEAL** |

_____
REQUEST FOR CLARIFICATION OF THE COURT'S ORDER GRANTING PLAINTIFFS'
MOTION TO STAY PENDING APPEAL
1

INC.; MERCK SHARP & DOHME CORP.; PILKINGTON GROUP LIMITED; QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.; RAYTHEON COMPANY; SAFETY-KLEEN SYSTEMS, INC.; SOCO WEST, INC.; SPARTON TECHNOLOGY, INC.; THE BOEING COMPANY; THE DOW CHEMICAL COMPANY; TRIMAS CORPORATION; AND UNIVAR SOLUTIONS USA, INC.,

        Plaintiffs,

vs.

CAL-TRON PLATING, INC.; DENNIS O'MEARA; ELECTRONIC CHROME & GRINDING CO., INC.; DUNCAN INDUSTRIES, INC.; HALLIBURTON ENERGY SERVICES, INC.; MID-WEST FABRICATING CO.; OMEGA CHEMICAL CORPORATION; SANTA FE RUBBER PRODUCTS, INC.; SUNRISE PROPERTIES, LLC; AND VANOWEN HOLDINGS, LLC; AND DOES 1 - 10, INCLUSIVE,

        Defendants

        Defendant MID WEST FABRICATING CO. ("MID WEST") respectfully requests a clarification of this Court's June 26, 2020 Order ("Order") granting Plaintiffs' Motion to Stay this CERCLA action ("Motion") pending the outcome of their appeal to the Ninth Circuit in a related CERCLA action concerning the same

/ / /

/ / /

/ / /

/ / /

---

REQUEST FOR CLARIFICATION OF THE COURT'S ORDER GRANTING PLAINTIFFS'
MOTION TO STAY PENDING APPEAL

2

Superfund site, but against a different group of defendants ("*Arconic* Appeal"). (Dkt. No. 55.)[1]

MID WEST seeks clarification regarding whether the Order, in addition to staying this case pending the outcome of the *Arconic* Appeal, was intended by the Court to include the provisions requested by Plaintiffs in their Motion (and agreed upon by all but one defendant) governing: a) the automatic termination of the stay once the *Arconic* Appeal became final; b) the tolling of Defendants' deadline to respond to the Complaint during the stay; c) Plaintiffs' duty to provide notice to this Court of the Ninth Circuit's decision in the *Arconic* Appeal once it became final; and d) the timing of the parties' filing of a joint status report when the *Arconic* Appeal became final with a proposed date for a status conference (collectively, "Plaintiffs' Proposed Stay Terms").  (Dkt. No. 33.)

The Court's June 26, 2020 Order states that "[t]he Court **GRANTS** the motion for a stay."  (Dkt. No. 55.)  But it does not state whether the Court, by granting Plaintiffs' Motion, intended to also include Plaintiffs' Proposed Stay Terms, thereby creating a need for clarification.

The *Arconic* Appeal is now final.  MID WEST respectfully submits, therefore, that clarification of the Order is necessary to ensure the parties' compliance with the deadlines and procedures contemplated by the Court in its June 26, 2020 Order.

---

[1] Defendants Electronic Chrome & Grinding Co., Inc., Vanowen Holdings LLC, Santa Fe Rubber Products, Inc., Cal-Tron Plating, Inc. and Halliburton Energy Services, Inc. join in MID WEST's Request for Clarification of the Court's June 26, 2020 Order.  Defendant Sunrise Properties, LLC and Duncan Industries, Inc. do not oppose MID WEST's Request for Clarification.  Plaintiffs have informed MID WEST that they do not agree with MID WEST'S interpretation of the Court's Order but declined MID WEST's invitation to inform the Court whether it wishes to join, oppose or not oppose the Request for Clarification.  Instead, Plaintiffs have informed MID WEST that they will file a separate statement.

I.  **PLAINTIFFS' MOTION TO STAY AND THE COURT'S ORDER**

    A.  **Plaintiffs' Motion to Stay.**

On June 1, 2020, Plaintiffs filed their Motion seeking an order staying this case pending the outcome of the appeal of this Court's statute-of-limitations ruling in a related case entitled A*rconic Inc. et al. v APC Investment Co, et al.*, Case No. 2:14-cv-06456 GW (Ex.). (Dkt. No. 33.)

Specifically, the terms of Plaintiffs' "requested stay order" were as follows:

1. The stay "would begin upon entry of the Court's order granting [Plaintiffs'] Motion, and [] would automatically terminate the earlier of: (a) 30 days following` the date that the Ninth Circuit's decision in the *Arconic* Appeal becomes final and non-appealable, or (b) December 1, 2020.";

2. "Defendants' respective deadlines to respond to the Complaint would be tolled during the stay. Defendants' new response deadline would be the later of: (a) 30 days after the stay is lifted, or (b) the time that was remaining for the Defendants to respond to the Complaint as of the date the Court enters the order staying this case.";

3. "Plaintiffs would notify the Court of the Ninth Circuit's decision in *Arconic* within 5 court days of Plaintiffs' notice of that decision."; and

4. "No later than 21 days following the termination of the requested stay, the parties will file a joint status report and propose a date for a status conference with the Court." (Dkt. No. 33.)

    B.  **The Court's June 26, 2020 Order Granting Plaintiffs' Motion.**

On June 26, 2020, this Court issued its Order stating that "[t]he Court **GRANTS** the motion for a stay." (Dkt. No. 55.) Beyond that, the Order is silent as to Plaintiffs' Proposed Stay Terms and does not expressly reference them in the Order.

REQUEST FOR CLARIFICATION OF THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION TO STAY PENDING APPEAL
4

### C. The *Arconic* Appeal Becomes Final.

On August 10, 2020, the Ninth Circuit issued its ruling in the *Arconic* Appeal.

On September 14, 2020, Appellees Bodycote Thermal Processing and Palmtree Acquisition Corp (together "Appellees") filed a petition in the Ninth Circuit for both a panel and *en banc* rehearing.

On October 21, 2020, the Ninth Circuit denied Appellees' petition for rehearing or *en banc* hearing.

On October 28, 2020, the seven-day deadline expired for Appellees to request a further 90-day stay of the Ninth Circuit issuing Mandate on its August 10, 2020 ruling to allow Appellees to file a petition for cert to the U.S. Supreme Court.

On October 29, 2020, the Ninth Circuit issued Mandate on its August 10, 2020 ruling in the *Arconic* Appeal thereby making it final and unappealable.

## II. CLARIFICATION OF THE JUNE 26, 2020 ORDER IS NECESSARY

The Order states that "[t]he Court **GRANTS** the motion for a stay." (Dkt. No. 55.)  The Order requires clarification from the Court, however, because it is unclear whether the Order, in addition to staying this case pending the outcome of the *Arconic* Appeal, was intended by the Court to include Plaintiffs' Proposed Stay Terms.

MID WEST believes that by granting Plaintiffs' Motion without qualifying or denying any of the "relief sought" by Plaintiffs, including Plaintiffs' Proposed Stay Terms, it was the Court's intent to necessarily include them in its July 26, 2020 Order.  Such an interpretation of the Order also makes practical sense to MID WEST for two reasons.

First, Plaintiffs' entire Motion is premised on the notion that the instant

action must be stayed while the outcome of the *Arconic* Appeal is pending. To read the Order to exclude Plaintiffs' Proposed Stay Terms, particularly the term governing the automatic termination of the stay once the *Arconic* Appeal became final, would be to construe the Order as amounting to nothing more than an indefinite stay even after the *Arconic* Appeal became final. MID West believes that was clearly not intended by the Court. MID WEST submits that a more reasonable reading of the Order is that the Court intended to include Plaintiffs' Proposed Stay Terms to ensure that a procedure was in place for the case to properly and efficiently move forward once the entire basis for Plaintiffs' Motion and the stay – the pending *Arconic* Appeal - became final.

Second, MID WEST believes that if the Court intended to deny *any* of Plaintiffs' Proposed Stay Terms in connection with granting Plaintiffs' Motion, the Court would have so stated in its Order to avoid any confusion and, presumably, ordered an alternative procedure to be followed once the *Arconic* Appeal became final. But it did not. And in the absence thereof, MID WEST believes that it is reasonable to assume that the Court intended its Order to include the procedures proposed by Plaintiffs in their Motion and that the parties should follow the same.

That said, MID WEST also recognizes that the Court's Order could also be read not to include Plaintiffs' Proposed Stay Terms because the Order does not expressly reference them.

For these reasons, therefore, MID WEST requests clarification of the Order, in an abundance of caution, to ensure that the parties comply with the deadlines and procedures contemplated by the Order, particularly the deadline related to the timely filing of Defendants' response to Plaintiffs' Complaint.

If the Court intended to include Plaintiffs' proposed term regarding the automatic termination of the stay in its Order, the stay automatically terminated on November 28, 2020 and Defendants' response to Plaintiffs' Complaint was due on December 28, 2020. Counsel for Plaintiffs, Ronald Valenzuela, has graciously

agreed to refrain from taking a default against Defendants pending the Court's clarification of the Order.

### III. CONCLUSION

For the foregoing reasons, MID WEST respectfully requests a clarification of this Court's June 26, 2020 Order and, specifically, whether the Order, in addition to staying this case pending the outcome of the *Arconic* Appeal, was intended by the Court to include the provisions requested by Plaintiffs in their Motion (and agreed upon by all but one defendant) governing: a) the automatic termination of the stay once the *Arconic* Appeal became final; b) the tolling of Defendants' deadline to respond to the Complaint during the stay; c) Plaintiffs' duty to provide notice to this Court of the Ninth Circuit's decision in the *Arconic* Appeal once it became final; and d) the timing of the parties' filing of a joint status report with a proposed date for a status conference when the *Arconic* Appeal became final.

Dated: January 5, 2021            Respectfully submitted,

                                              THE CRONIN LAW GROUP


                                              BY: /s/ *Timothy C. Cronin*
                                                   TIMOTHY C. CRONIN
                                                   Attorneys for Defendant
                                                   Mid West Fabricating Co.

                                            LAW OFFICES OF THOMAS P. SCHMIDT


                                            BY: /s/ *Thomas P. Schmidt*
                                                   THOMAS P. SCHMIDT
                                                   Attorneys for Defendant
                                                   Electronic Chrome & Grinding Co., Inc.

REQUEST FOR CLARIFICATION OF THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION TO STAY PENDING APPEAL
7

WEISS & ZAMAN

BY: /s/ *Thomas J. Weiss*
    THOMAS J. WEISS
    Attorneys for Defendant
    Vanowen Holdings LLC

VAN RIPER LAW

BY: /s/ *David A. Van Riper*
    DAVID A. VAN RIPER
    Attorneys for Defendant
    Santa Fe Rubber Products, Inc.

WACTOR & WICK LLP

BY: /s/ *William D. Wick*
    WILLIAM D. WICK
    Attorneys for Defendant
    Halliburton Energy Services, Inc.

VAN NESS FELDMAN LLP

BY: /s/ *Justin R. Panitchpakdi*
    BRIAN L. ZAGON
    JUSTIN R. PANITCHPAKDI
    Attorneys for Defendant
    Cal-Tron Plating, Inc.

*Pursuant to United States District Court, Central District of California, Local Rule 5-4.3.4(2)(i), the filer attests that all signatories listed on this document, and on whose behalf the filer is submitting this document, concur in the filing's content and have authorized the filing.*

---

REQUEST FOR CLARIFICATION OF THE COURT'S ORDER GRANTING PLAINTIFFS'
MOTION TO STAY PENDING APPEAL