LATHROP GPM LLP
Nancy Sher Cohen (State Bar No. 81706)
  nancy.cohen@lathropgpm.com
Ronald A. Valenzuela (State Bar No. 210025)
  ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Telephone: 310.789.4600
Facsimile:  310.789.4601

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARCONIC INC.; et al.<br><br>               Plaintiffs,<br><br>vs.<br><br>CAL-TRON PLATING, INC.; et al.<br><br>               Defendant. | Case No. 2:20-cv-02586-GW(Ex)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT MID-WEST FABRICATING CO.'S REQUEST FOR CLARIFICATION** |

Plaintiffs Arconic Inc. et al. ("Plaintiffs") do not agree that the "Request for Clarification" submitted by defendant Mid-West Fabricating Co. ("Mid-West Fabricating") is necessary given that the scope of the Court's order staying this case is self-evident. Plaintiffs also believe that a continued stay of this case—for a short period—is appropriate.

On June 26, 2020, this Court stayed this case ("June 26 Order") in light of the pending appeal before the Ninth Circuit in *Arconic Inc., et al. v. APC Investment Co. et al.*, No. 19-55181. The Ninth Circuit issued its decision, denied a petition for panel rehearing or rehearing *en banc*, and issued the Mandate on October 29, 2020. This Court's June 26 Order provides no qualifications or limitations regarding the stay, and thus Plaintiffs (and perhaps other parties) understood the stay to have been put in place until further order of this Court. Plaintiffs understand that at least one defendant, Mid-West Fabricating, may interpret the June 26 Order differently.

In all events, Plaintiffs respectfully submit that a short stay of this case is appropriate for two reasons. First, as this Court is aware, Plaintiffs, who are also plaintiffs in the *Arconic* case, are currently litigating, through motions for summary judgment, the *Arconic* defendants' liability for releases of hazardous substances into OU-2 Groundwater.[1] Plaintiffs believe that the Court's decision on the *Arconic* motions will better inform the parties here about one or more legal issues in this case and may even resolve some or all those issues.

Second, a brief stay would allow the parties in this case time to discuss an informal resolution of their dispute that could (a) eliminate parties from this case, or (b) potentially dispose of the entire action. Plaintiffs have already reached out to

---

[1] OU-2, is defined in the September 2011 EPA OU-2 Record of Decision and in the March 31, 2017 OU-2 Consent Decree, entered between Plaintiffs and EPA an approved by this Court in *U.S. et al v. Abex Aerospace et al.*, No. 2:16-cv-02696-GW-Ex; it is composed of contaminated groundwater generally downgradient of OU-1, commingled with chemicals released from properties near or within the OU-2 boundary, which is shown graphically in both the 2011 EPA Record of Decision and the 2017 Consent Decree (hereafter, "OU-2 Groundwater").

several defendants to propose such discussions. Accordingly, a brief continuance of the current stay would ultimately conserve party and judicial resources and promote early settlement.

Date: January 5, 2021                               LATHROP GPM LLP

                                              By:   /s/ Ronald A. Valenzuela
                                                    ─────────────────────────
                                                    Ronald A. Valenzuela
                                                    Attorneys for Plaintiffs