UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2586-GW-Ex** | | Date | February 3, 2021 |
|---|---|---|---|---|

| Title | ***Arconic, Inc., et al. v. Cal-Tron Plating, Inc., et al.*** | | Page | 1 of 1 |
|---|---|---|---|---|

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:  IN CHAMBERS – COURT ORDER**

The Court has received Defendant Mid West Fabricating Co.'s Request for Clarification of the Court's Order Granting Plaintiffs' Motion to Stay Pending Appeal ("Request") (Docket No. 60) and Plaintiffs' Response (Docket No. 61).  On June 1, 2020, Plaintiffs moved to stay this case pending the outcome of the appeal of this Court's statute-of-limitations ruling in a related action: *Arconic Inc. et al. v APC Investment Co, et al.*, Case No. 2:14-cv-06456 GW-(Ex.) ("*Arconic*").  *See* Docket No. 33.  Said motion included an attached proposed order ("Proposed Order") granting the stay and including a number of concomitant conditions (*e.g.* "The stay shall commence upon entry of this Order and automatically terminate the earlier of: (a) 30 days following the date that the Ninth Circuit's decision in *Arconic* becomes final and non-appealable, or (b) December 1, 2020.").  *See* Docket No. 33-2.

On June 26, 2020, the Court granted the motion to stay and issued a written ruling.  *See* Docket No. 56.  In granting the motion, the Court did not adopt the language from Plaintiffs' Proposed Order but merely stated that it "GRANTS the motion for a stay."  The Request seeks a clarification as to whether the Court, in granting Plaintiffs' motion for a stay, also intended to adopt *sub silentio* the conditions delineated in the Proposed Order.  This Court would not adopt *sub silentio* mandatory obligations as it would raise some due process issues.  Thus, the answer to the Request is "no."

However, there does remain a problem in that the Court did not set up another specific date as to when the stay would terminate. The Court would require the parties to file a proposed scheduling order by February 11, 2021 and the Court will set a status/scheduling conference for February 18, 2021, at 8:30.