KRISTIN N. REYNA DEHART (SBN 211075)
kreyna@grsm.com
MATTHEW P. NUGENT (SBN: 214844)
mnugent@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7760
Facsimile: (619) 696-7124

Attorneys for Defendant
ELECTRONIC CHROME & GRINDING, CO. INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCONIC, INC., et al., | CASE NO. 2:20-cv-02586-GW-E |
| Plaintiffs, | **ANSWER OF DEFENDANT ELECTRONIC CHROME & GRINDING, CO., INC. TO PLAINTIFFS' COMPLAINT** |
| vs. | |
| CAL-TRON PLATING, INC., et. al., | |
| Defendants. | |

Defendant Electronic Chrome and Grinding, Co., Inc. (hereinafter "Defendant") hereby answers, for itself and no other party, the Complaint of Plaintiffs Arconic, Inc., et al., as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 is a statement of the nature of the action and not a material fact capable of being admitted or denied such that no response is required.

2. Defendant admits that the assertions in the first sentence of paragraph 2 have been made, including by the United States Environmental Protection Agency ("EPA"). Defendant admits that the facts asserted in sentences 2 and 3 of paragraph 2 can be attributed to the position of the EPA. Defendant is without sufficient information and knowledge to admit any remaining allegations of paragraph 2 and therefore, generally and specifically, denies them.

-1-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1       3.    Defendant lacks sufficient information and knowledge to admit the

2   allegations of paragraph 3 as to any other party, and therefore denies them.

3   Defendant admits that since on or about the late 1960s to present, it operated a

4   chrome plating business at 9128-32 Dice Road, Santa Fe Springs, California, in the

5   vicinity of what EPA has designated as OU-2 (Operable Unit No. 2).  Defendant is

6   without sufficient information and knowledge to admit any remaining allegations

7   of paragraph 3 and therefore, generally and specifically, denies them.

8       4.    Defendant is without sufficient information and knowledge to admit

9   the allegations of paragraph 4 and therefore, generally and specifically, denies

10   them.

11       5.    Defendant is without sufficient information and knowledge to admit

12   the allegations of paragraph 5 and therefore, generally and specifically, denies

13   them.

14       6.    Paragraph 6 is a statement of what Plaintiffs seek by this action and

15   not a material fact capable of being admitted or denied such that no response is

16   required.

17                      **PARTIES**

18       7.    Defendant is without sufficient information and knowledge to admit

19   the allegations of paragraph 7 and therefore, generally and specifically, denies

20   them.

21       8.    Defendant is without sufficient information and knowledge to admit

22   the allegations of paragraph 8 and therefore, generally and specifically, denies

23   them.

24       9.    Defendant is without sufficient information and knowledge to admit

25   the allegations of paragraph 9 and therefore, generally and specifically, denies

26   them.

27   / / /

28   / / /

DEFENDANT ELECTRONIC CHROME &
GRINDING CO. INC.'S ANSWER TO COMPLAINT

CASE NO. 2:20-cv-02586-GW-E

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

1    10.    Defendant is without sufficient information and knowledge to admit

2    the allegations of paragraph 10 and therefore, generally and specifically, denies

3    them.

4    11.    Defendant is without sufficient information and knowledge to admit

5    the allegations of paragraph 11 and therefore, generally and specifically, denies

6    them.

7    12.    Defendant is without sufficient information and knowledge to admit

8    the allegations of paragraph 12 and therefore, generally and specifically, denies

9    them.

10    13.    Defendant is without sufficient information and knowledge to admit

11    the allegations of paragraph 13 and therefore, generally and specifically, denies

12    them.

13    14.    Defendant is without sufficient information and knowledge to admit

14    the allegations of paragraph 14 and therefore, generally and specifically, denies

15    them.

16    15.    Defendant is without sufficient information and knowledge to admit

17    the allegations of paragraph 15 and therefore, generally and specifically, denies

18    them.

19    16.    Defendant is without sufficient information and knowledge to admit

20    the allegations of paragraph 16 and therefore, generally and specifically, denies

21    them.

22    17.    Defendant is without sufficient information and knowledge to admit

23    the allegations of paragraph 17 and therefore, generally and specifically, denies

24    them.

25    18.    Defendant is without sufficient information and knowledge to admit

26    the allegations of paragraph 18 and therefore, generally and specifically, denies

27    them.

28    / / /

DEFENDANT ELECTRONIC CHROME &amp;          CASE NO. 2:20-cv-02586-GW-E
GRINDING CO. INC.'S ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

19.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 19 and therefore, generally and specifically, denies them.

20.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 20 and therefore, generally and specifically, denies them.

21.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 21 and therefore, generally and specifically, denies them.

22.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 22 and therefore, generally and specifically, denies them.

23.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 23 and therefore, generally and specifically, denies them.

24.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 24 and therefore, generally and specifically, denies them.

25.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 25 and therefore, generally and specifically, denies them.

26.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 26 and therefore, generally and specifically, denies them.

27.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 27 and therefore, generally and specifically, denies them.

/ / /

-4-

28.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 28 and therefore, generally and specifically, denies them.

29.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 29 and therefore, generally and specifically, denies them.

30.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 30 and therefore, generally and specifically, denies them.

31.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 31 and therefore, generally and specifically, denies them.

32.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 32 and therefore, generally and specifically, denies them.

33.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 33 and therefore, generally and specifically, denies them.

34.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 34 and therefore, generally and specifically, denies them.

35.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 35 and therefore, generally and specifically, denies them.

36.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 36 and therefore, generally and specifically, denies them.

/ / /

-5-

37.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 37 and therefore, generally and specifically, denies them.

38.     Defendant admits the first sentence of paragraph 38. Defendant admits that it was formerly known as "Electronic Chrome Co. Inc." and that it has operated a business at 9128-32 Dice Road, Santa Fe Springs, California, under this name and/or its present name, since on or about the late 1960s. The remaining allegations of paragraph 38 are legal conclusions which are not material facts capable of being admitted or denied.

39.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 39 and therefore, generally and specifically, denies them.

40.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 40 and therefore, generally and specifically, denies them.

41.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 41 and therefore, generally and specifically, denies them.

42.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 42 and therefore, generally and specifically, denies them.

43.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 43 and therefore, generally and specifically, denies them.

44.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 44 and therefore, generally and specifically, denies them.

/ / /

DEFENDANT ELECTRONIC CHROME &
GRINDING CO. INC.'S ANSWER TO COMPLAINT

CASE NO. 2:20-cv-02586-GW-E

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

45.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 45 and therefore, generally and specifically, denies them.

46.     Defendant is without sufficient information and knowledge to admit the allegations of paragraph 46 and therefore, generally and specifically, denies them.

47.     Paragraph 47 is a statement regarding fictitiously sued defendants and not a material fact capable of being admitted or denied.  To the extent a response is a required, Defendant denies that any "Doe" defendant is an owner, member, or affiliate of Defendant or has any unity of interest with Defendant.

48.     Paragraph 48 is a statement regarding fictitiously named defendants and Plaintiffs' intent regarding the same and not a material fact capable of being admitted or denied.

**JURISDICTION AND VENUE**

49.     Defendant admits that this is an action under CERCLA and that this Court has jurisdiction.

50.     Paragraph 50 is a legal conclusion and not a material fact capable of being admitted or denied.

51.     Defendant admits that venue is proper in this district.  Defendant is without sufficient knowledge and information to admit or deny the remainder of paragraph 51 and therefore generally and specifically, denies the same. Alternatively, the remainder of Paragraph 51 calls for a legal conclusion and is not a material fact capable of being admitted or denied.

**FACTUAL ALLEGATIONS**

52.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 52 and therefore generally and specifically denies them.  Defendant states that the referenced statute in paragraph 52 speaks for themselves.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    53.    Defendant is without sufficient information or knowledge to admit or
2    deny the allegations in paragraph 53 and therefore generally and specifically denies
3    them.

4    54.    Defendant admits that it has operated a business at 9128-32 Dice
5    Road, Santa Fe Springs, California, under this name and/or its present name, since
6    on or about the late 1960s.  Defendant is without sufficient information or
7    knowledge to admit or deny the remaining allegations in paragraph 54 and
8    therefore generally and specifically denies them.

9    55.    Defendant is without sufficient information or knowledge to admit or
10   deny the allegations in paragraph 55 and therefore generally and specifically denies
11   them.

12   56.    Defendant is without sufficient information or knowledge to admit or
13   deny the allegations in paragraph 56 and therefore generally and specifically denies
14   them.

15   57.    Defendant is without sufficient information or knowledge to admit or
16   deny the allegations in paragraph 57 and therefore generally and specifically denies
17   them.

18   58.    Defendant is without sufficient information or knowledge to admit or
19   deny the allegations in paragraph 58 and therefore generally and specifically denies
20   them.

21   59.    Defendant states that the referenced documents speak for themselves
22   and are the best evidence of their contents.  Defendant admits that it is not a
23   signatory to the OU-2 Consent Decree.  Defendant is without sufficient
24   information or knowledge to admit or deny the remaining allegations in paragraph
25   59 and therefore generally and specifically denies them.

26   60.    Defendant is without sufficient information or knowledge to admit or
27   deny the allegations in paragraph 60 and therefore generally and specifically denies
28   them.

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

-8-

61.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 61 and therefore generally and specifically denies them.

62.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 62 and therefore generally and specifically denies them.

63.     Paragraph 63 is a statement of what Plaintiffs seek by this action, and not a material fact capable of being admitted or denied.

64.     Defendant admits that it has operated a business at 9128-32 Dice Road, Santa Fe Springs, California, since on or about the late 1960s.  Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 64 and therefore generally and specifically denies them.

65.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 65 and therefore generally and specifically denies them.

66.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 66 and therefore generally and specifically denies them.

67.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 67 and therefore generally and specifically denies them.

68.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 68 and therefore generally and specifically denies them.

69.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 69 and therefore generally and specifically denies them.

/ / /

DEFENDANT ELECTRONIC CHROME & GRINDING CO. INC.'S ANSWER TO COMPLAINT        CASE NO. 2:20-cv-02586-GW-E

70.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 70 and therefore generally and specifically denies them.

71.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 71 and therefore generally and specifically denies them.

72.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 72 and therefore generally and specifically denies them.

73.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 73 and therefore generally and specifically denies them.

74.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 74 and therefore generally and specifically denies them.

75.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 75 and therefore generally and specifically denies them.

76.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 76 and therefore generally and specifically denies them.

77.     Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 77 and therefore generally and specifically denies them.

78.     Defendant admits that it has operated a chrome plating business at 9128-32 Dice Road, Santa Fe Springs, California, since on or about the late 1960s. Defendant admits historic releases to the ground of certain contaminants at this property. Defendant is without sufficient information or knowledge to admit or

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-10-

1   deny the remaining allegations in paragraph 64 and therefore generally and

2   specifically denies them.

3      79.   Defendant admits that it has operated a chrome plating business at

4   9128-32 Dice Road, Santa Fe Springs, California, since on or about the late 1960s,

5   which has included plating, re-plating, and grinding services.  Defendant is without

6   sufficient information or knowledge to admit or deny the remaining allegations in

7   paragraph 79 and therefore generally and specifically denies them.

8      80.   Defendant admits that hazardous substances, including chromium, and

9   certain solvents, have been stored and used at the 9128-32 Dice Road, Santa Fe

10  Springs, California, property at various points in time and in various locations

11  including the Chrome Shop and the Solvent Use and Storage Area.  Defendant

12  admits that it has operated between one and seven plating tanks over the years

13  which are lined and epoxy coated, with a smaller tank number being present in

14  earlier years of operations and additional tanks added over time.  Defendant is

15  without sufficient information or knowledge to admit or deny the remaining

16  allegations of paragraph 80 and therefore denies them.

17     81.   Defendant admits that it has used chromium, chromic trioxide, and

18  various solvents over the years in its operations.  Defendant is without sufficient

19  information or knowledge to admit or deny the remaining allegations of paragraph

20  81 and therefore denies them.

21     82.   Defendant admits that waste streams, including chromium waste, were

22  created from its operations, but denies that such wastes were ever improperly

23  disposed of, including to any septic system or sanitary sewer on site; Defendant

24  has shipped any hazardous wastes offsite for treatment and/or treated such in its

25  own wastewater treatment system, and further operates a scrubber in the plating

26  tank area. Defendant is without sufficient information or knowledge to admit or

27  deny the remaining allegations of paragraph 82 and therefore denies them.

28  / / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-11-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1   83.     Defendant admits that the allegations of paragraph 83 describe a

2   generic process of plating.  Defendant is without specific information to admit or

3   deny the remaining allegations of paragraph 83 and therefore denies them.

4   84.     Defendant admits that it has been the subject of inspections by various

5   governmental entities over the years.  Defendant denies that it ever illegally

6   disposed of hazardous waste to the sewer line or allowed equipment leaks to

7   discharge to the ground or for failing to construct secondary containment, or placed

8   hazardous materials in the trash.  Defendant has only stored hazardous substances

9   on site for short periods of time while awaiting transportation off-site or treatment

10  on-site and denies that it was "cited" for such storage.  Defendant admits that the

11  L.A. Department of Health & Safety issued one Order to Comply for

12  recordkeeping. Defendant denies that it ever placed any waste materials on the

13  ground that were not within containers or packages awaiting transportation off-site.

14  Defendant denies the remaining allegations of paragraph 84.

15  85.     Defendant admits that the L.A. Department of Public Works

16  conducted an inspection, but what they observed was employees using the

17  designated rinse pit, which is located near the plating tanks.  Once the rinse pit

18  accumulates a certain amount of water, it is directed to the wastewater treatment

19  system on site, which is what the inspection form reflected.  Defendant denies the

20  remaining allegations of paragraph 85.

21  86.     Defendant denies the first two sentences of paragraph 86.  Defendant

22  admits that in 1986, there was an alleged "sample" taken from an unclear location

23  at Defendant's property, with no chain of custody ever produced; Defendant

24  accordingly disputes the results of that "sample."  Defendant denies any remaining

25  allegations of paragraph 86.

26  87.     Defendant admits that there have been detections of chromium in

27  shallow soil samples on its property in recent years but disputes the alleged

28  "sample" supposedly taken in 1986.  Defendant admits the third sentence of

-12-

DEFENDANT ELECTRONIC CHROME &                    CASE NO. 2:20-cv-02586-GW-E
GRINDING CO. INC.'S ANSWER TO COMPLAINT

paragraph 87. Defendant is without sufficient information and knowledge to admit or deny Plaintiffs' own statement based on information and belief as the fourth sentence of paragraph 87. The fifth sentence of paragraph 87 is a legal conclusion and statement (in part) of a statutory definition such that it is not a material allegation of fact capable of being admitted or denied.

88. Defendant is without information or knowledge to admit or deny the allegations in paragraph 88 and as such generally and specifically denies them.

89. Defendant is without information or knowledge to admit or deny the allegations in paragraph 89 and as such generally and specifically denies them.

90. Defendant is without information or knowledge to admit or deny the allegations in paragraph 90 and as such generally and specifically denies them.

91. Defendant is without information or knowledge to admit or deny the allegations in paragraph 91 and as such generally and specifically denies them.

92. Defendant is without information or knowledge to admit or deny the allegations in paragraph 92 and as such generally and specifically denies them.

93. Defendant is without information or knowledge to admit or deny the allegations in paragraph 93 and as such generally and specifically denies them.

94. Defendant is without information or knowledge to admit or deny the allegations in paragraph 94 and as such generally and specifically denies them.

95. Defendant is without information or knowledge to admit or deny the allegations in paragraph 95 and as such generally and specifically denies them.

96. Defendant is without information or knowledge to admit or deny the allegations in paragraph 96 and as such generally and specifically denies them.

97. Defendant is without information or knowledge to admit or deny the allegations in paragraph 97 and as such generally and specifically denies them.

98. Defendant is without information or knowledge to admit or deny the allegations in paragraph 98 and as such generally and specifically denies them.

///

-13-

1    99.    Defendant is without information or knowledge to admit or deny the

2    allegations in paragraph 99 and as such generally and specifically denies them.

3    100.    Defendant is without information or knowledge to admit or deny the

4    allegations in paragraph 100 and as such generally and specifically denies them.

5    101.    Defendant is without information or knowledge to admit or deny the

6    allegations in paragraph 101 and as such generally and specifically denies them.

7    102.    Defendant is without information or knowledge to admit or deny the

8    allegations in paragraph 102 and as such generally and specifically denies them.

9    103.    Defendant is without information or knowledge to admit or deny the

10    allegations in paragraph 103 and as such generally and specifically denies them.

11    104.    Defendant is without information or knowledge to admit or deny the

12    allegations in paragraph 104 and as such generally and specifically denies them.

13    105.    Defendant is without information or knowledge to admit or deny the

14    allegations in paragraph 105 and as such generally and specifically denies them.

15    106.    Defendant is without information or knowledge to admit or deny the

16    allegations in paragraph 106 and as such generally and specifically denies them.

17    107.    Defendant is without information or knowledge to admit or deny the

18    allegations in paragraph 107 and as such generally and specifically denies them.

19    108.    Defendant is without information or knowledge to admit or deny the

20    allegations in paragraph 108 and as such generally and specifically denies them.

21    109.    Defendant is without information or knowledge to admit or deny the

22    allegations in paragraph 109 and as such generally and specifically denies them.

23    110.    Defendant is without information or knowledge to admit or deny the

24    allegations in paragraph 110 and as such generally and specifically denies them.

25    111.    Defendant is without information or knowledge to admit or deny the

26    allegations in paragraph 111 and as such generally and specifically denies them.

27    112.    Defendant is without information or knowledge to admit or deny the

28    allegations in paragraph 112 and as such generally and specifically denies them.

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

-14-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

113.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 113 and as such generally and specifically denies them.

114.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 114 and as such generally and specifically denies them.

115.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 115 and as such generally and specifically denies them.

116.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 116 and as such generally and specifically denies them.

117.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 117 and as such generally and specifically denies them.

118.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 118 and as such generally and specifically denies them.

119.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 119 and as such generally and specifically denies them.

120.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 120 and as such generally and specifically denies them.

121.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 121 and as such generally and specifically denies them.

122.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 122 and as such generally and specifically denies them.

123.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 123 and as such generally and specifically denies them.

124.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 124 and as such generally and specifically denies them.

125.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 125 and as such generally and specifically denies them.

126.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 126 and as such generally and specifically denies them.

DEFENDANT ELECTRONIC CHROME &                    CASE NO. 2:20-cv-02586-GW-E
GRINDING CO. INC.'S ANSWER TO COMPLAINT

127.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 127 and as such generally and specifically denies them.

128.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 128 and as such generally and specifically denies them.

129.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 129 and as such generally and specifically denies them.

130.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 130 and as such generally and specifically denies them.

131.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 131 and as such generally and specifically denies them.

132.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 132 and as such generally and specifically denies them.

133.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 133 and as such generally and specifically denies them.

134.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 134 and as such generally and specifically denies them.

135.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 135 and as such generally and specifically denies them.

136.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 136 and as such generally and specifically denies them.

137.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 137 and as such generally and specifically denies them.

138.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 138 and as such generally and specifically denies them.

139.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 139 and as such generally and specifically denies them.

140.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 140 and as such generally and specifically denies them.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-16-

1      141.    Defendant is without information or knowledge to admit or deny the

2  allegations in paragraph 141 and as such generally and specifically denies them.

3      142.    Defendant is without information or knowledge to admit or deny the

4  allegations in paragraph 142 and as such generally and specifically denies them.

5      143.    Defendant is without information or knowledge to admit or deny the

6  allegations in paragraph 143 and as such generally and specifically denies them.

7      144.    Defendant is without information or knowledge to admit or deny the

8  allegations in paragraph 144 and as such generally and specifically denies them.

9      145.    Defendant is without information or knowledge to admit or deny the

10 allegations in paragraph 145 and as such generally and specifically denies them.

11      146.    Defendant is without information or knowledge to admit or deny the

12 allegations in paragraph 146 and as such generally and specifically denies them.

13      147.    Defendant is without information or knowledge to admit or deny the

14 allegations in paragraph 147 and as such generally and specifically denies them.

15      148.    Defendant is without information or knowledge to admit or deny the

16 allegations in paragraph 148 and as such generally and specifically denies them.

17      149.    Defendant is without information or knowledge to admit or deny the

18 allegations in paragraph 149 and as such generally and specifically denies them.

19      150.    Defendant is without information or knowledge to admit or deny the

20 allegations in paragraph 150 and as such generally and specifically denies them.

21      151.    Defendant is without information or knowledge to admit or deny the

22 allegations in paragraph 151 and as such generally and specifically denies them.

23      152.    Defendant is without information or knowledge to admit or deny the

24 allegations in paragraph 152 and as such generally and specifically denies them.

25      153.    Defendant is without information or knowledge to admit or deny the

26 allegations in paragraph 153 and as such generally and specifically denies them.

27      154.    Defendant is without information or knowledge to admit or deny the

28 allegations in paragraph 154 and as such generally and specifically denies them.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

DEFENDANT ELECTRONIC CHROME &                    CASE NO. 2:20-cv-02586-GW-E
GRINDING CO. INC.'S ANSWER TO COMPLAINT

**FIRST CLAIM FOR RELIEF**

155.   Defendant incorporates its prior responses to paragraphs 1 through 154 by reference as though fully set forth herein in response to this paragraph 155.

156.   Defendant states that referenced statute in paragraph 156 speaks for itself such that no response is required.

157.   Defendant states that referenced statute in paragraph 157 speaks for itself such that no response is required, and paragraph 157 is also a legal conclusion and not a material fact capable of being admitted or denied such that no response is required.  To the extent a response is required, Defendant is without information or knowledge to admit or deny the allegations in paragraph 157 and as such generally and specifically denies them.

158.   Defendant states that referenced statute in paragraph 158 speaks for itself such that no response is required, and paragraph 158 is also a legal conclusion and not a material fact capable of being admitted or denied such that no response is required.  To the extent a response is required, Defendant is without information or knowledge to admit or deny the allegations in paragraph 158 and as such generally and specifically denies them.

159.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 159 and as such generally and specifically denies them.

160.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 160 and as such generally and specifically denies them.

161.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 161 and as such generally and specifically denies them.

162.   Paragraph 162 is a legal conclusion and not a material fact capable of being admitted or denied such that no response is required.  To the extent a response is required, Defendant is without information or knowledge to admit or deny the allegations in paragraph 162 and as such generally and specifically denies them.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

163.   Paragraph 163 is a legal conclusion and not a material fact capable of being admitted or denied such that no response is required.  To the extent a response is required, Defendant is without information or knowledge to admit or deny the allegations in paragraph 163 and as such generally and specifically denies them.

164.   Defendant is without information or knowledge to admit or deny the allegations in paragraph 164 and as such generally and specifically denies them.

**SECOND CLAIM FOR RELIEF**

165.   Defendant incorporates its prior responses to paragraphs 1 through 164 by reference as though fully set forth herein in response to this paragraph 165.

166.   Paragraph 166 is a legal conclusion and not a material fact capable of being admitted or denied such that no response is required.  To the extent a response is required, Defendant is without information or knowledge to admit or deny the allegations in paragraph 166 and as such generally and specifically denies them.

167.   Paragraph 167 is a legal conclusion and not a material fact capable of being admitted or denied such that no response is required.  To the extent a response is required, Defendant is without information or knowledge to admit or deny the allegations in paragraph 167 and as such generally and specifically denies them.

The answering Defendant further alleges the following affirmative defenses in response to Plaintiffs' Complaint:

**FIRST AFFIRMATIVE DEFENSE**

Defendant alleges that one or more of the causes of action asserted in the Plaintiffs' Complaint fail to state a claim against Defendant for which relief can be granted.

/ / /

/ / /

-19-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiffs' Complaint, and each purported cause of action asserted therein, is uncertain.

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges Plaintiffs knowingly and voluntarily assumed the risk, if any, of the damages alleged in the Plaintiffs' Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that it is not liable to Plaintiffs because of the subsequent and intervening acts of Plaintiffs (and/or their predecessors in interest), other defendants, third parties and/or acts of God, all of which caused the damages, if any, alleged in the operative Plaintiffs' Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that to the extent that Plaintiffs proves that Defendant conducted any of the activities alleged in Plaintiffs' Complaint, those activities conformed with and were pursuant to statutes, government regulations and industry standards based upon the state of knowledge existing at the time of the activities.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that by virtue of the acts, conduct and omissions of Plaintiffs (and/or their predecessors in interest), Plaintiffs are estopped from asserting the claims alleged in the Plaintiffs' Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that as a result of the acts, conduct and omissions of Plaintiffs (and/or their predecessors in interest), Plaintiffs have waived their right to assert the purported causes of action in Plaintiffs' Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have failed to take reasonable steps to mitigate, reduce or otherwise avoid their alleged damages.

/ / /

-20-

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that some or all of the causes of action in Plaintiffs' Complaint asserted therein are barred by the applicable federal and/or state law statutes of limitations, including, but not limited to, CERCLA, section 113 [42 U.S.C. section 9613], and particularly CERCLA section 113(g)(3)(B); and/or C.C.P. §§ 337, 337.1, 337.15, 338, 339, 340 and 343.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that by virtue of Plaintiffs' unreasonable delay in commencing Plaintiffs' Complaint which delay has caused prejudice to Defendant, certain or all of the purported causes of action asserted in the Plaintiffs' Complaint are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that if hazardous substances or hazardous wastes as alleged by Plaintiffs leaked or spilled from its property, such leak or spill was of such a minor, trivial or insignificant amount in view of the circumstances surrounding the alleged contamination in the area that no reasonable person would conclude that Defendant created or caused any of the damages alleged in the operative Plaintiffs' Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs have failed to join all persons necessary for a full and just adjudication of the purported causes of action asserted in Plaintiffs' Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that some or all of Plaintiffs' claims are unripe.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims are barred by the doctrine of unclean hands.

/ / /

-21-

DEFENDANT ELECTRONIC CHROME &
GRINDING CO. INC.'S ANSWER TO COMPLAINT

CASE NO. 2:20-cv-02586-GW-E

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs cannot prove any facts showing that the conduct of Defendant contributed to the release or disposal of solid or hazardous wastes or hazardous substances as alleged in Plaintiffs' Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that it is not jointly and severally liable for any damage alleged in the Plaintiffs' Complaint because any effect of any act or omission of Defendant is divisible and distinct from any compensable damage incurred by Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants alleges that Plaintiffs' claims are barred to the extent its costs or alleged damages, if any, were incurred as the result of its violation of regulatory standards or failure to cooperate with public officials.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that in the event it is held liable to Plaintiffs, which liability is expressly denied, and any other defendants or parties are likewise held liable, this answering Defendant is entitled to a percentage contribution of the total liability from said parties in accordance with the principles of equitable contribution under CERCLA.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that whatever damage, injury, loss, or expense may be, or may have been, incurred by Plaintiffs under the circumstances and events alleged in the Plaintiffs' Complaint was solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of Plaintiff (and/or their predecessors in interest), other defendants or third parties or other parties.  Therefore, Defendant request that in the event Plaintiffs recover against Defendant whether by settlement or judgment, an apportionment of fault be made by the court or jury as to all parties.  Defendant further requests a judgment

-22-

and declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that any damages sustained by Plaintiffs as a result of the incidents or activities described in the operative Plaintiffs' Complaint were caused solely by the negligence, fault, or lack of care on the part of Plaintiffs and/or their agents (and/or their predecessors in interest) and were substantially contributed to by the actions or inactions of Plaintiffs and/or their agents (and/or their predecessors in interest).  Thus, Plaintiffs' claims must be barred or reduced proportionally based upon that degree by which their and/or their agents' (and/or its predecessors in interests') own actions contributed to the alleged injuries or damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant allege that to the extent that the Plaintiffs have or will receive collateral source benefits in full or partial payments of the damages sought by the Plaintiffs' Complaint, Defendant is entitled to a set off of any recovery against it to the extent of all benefits paid, or payable to, or on behalf of the Plaintiffs from any collateral source.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that, to the extent Plaintiffs prove that Defendant conducted any matters alleged in the Plaintiffs' Complaint, it exercised due care with respect to all such matters, and specifically acted in accordance with the prevailing known characteristics of any materials involved.  Furthermore, Third Party Defendants took reasonable precautions against any foreseeable acts or omissions of third-parties and the foreseeable consequences of any such acts or omissions.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-23-

DEFENDANT ELECTRONIC CHROME & GRINDING CO. INC.'S ANSWER TO COMPLAINT                    CASE NO. 2:20-cv-02586-GW-E

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant asserts any and all defenses available to it under CERCLA, 42 U.S.C. § 9601 et seq.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that it is not legally responsible for any of the acts and/or omissions of those other defendants or any third parties herein named or named in any related lawsuits by Plaintiffs, and/or named by Plaintiffs as Doe defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' claims herein are barred by the doctrine of res judicata and/or collateral estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant asserts all applicable defenses pled by any other defendant or to this action, and hereby incorporates the same herein by reference.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to offer additional defenses which cannot now be articulated due to Plaintiffs' failure to particularize its claims and/or due to Defendant's lack of knowledge of the circumstances surrounding Plaintiffs' claims.  Upon further particularization of the claims by Plaintiffs, or upon discovery of further information concerning their claims, Defendant reserves the right to assert further defenses.

WHEREFORE, this answering Defendant prays as follows:

1.    That Plaintiffs take nothing by way of the Complaint on file herein;

2.    That judgment be entered in the within action in favor of this answering Defendant and against Plaintiffs upon the issues of the Complaint, together with an award of attorneys' fees and/or costs of suit as appropriate; and

/ / /

/ / /

-24-

1     3.     For any and all other relief this Court deems just and proper.

2                                        Respectfully Submitted,

3     Dated:  March 26, 2021            GORDON REES SCULLY
                                        MANSUKHANI, LLP
4

5                                       By:   s/Kristin N. Reyna DeHart

6                                             Kristin N. Reyna DeHart
                                              Matthew Nugent
7                                             Attorneys for Defendant
                                              Electronic Chrome & Grinding, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1106924/57334414v.1

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

DEFENDANT ELECTRONIC CHROME &              CASE NO. 2:20-cv-02586-GW-E
GRINDING CO. INC.'S ANSWER TO COMPLAINT