THOMAS J. WEISS, State Bar No. 63167
tweiss@weisszaman.com
SHAWN ZAMAN, State Bar No. 306224
szaman@weisszaman.com
**WEISS & ZAMAN**
16633 Ventura Blvd., Suite 510
Encino, CA 91436
Telephone:  (818) 290-3810
Facsimile:   (818) 290-3870

SUMMER NASTICH, State Bar No. 229985
summer@nastichlaw.com
**NASTICH LAW**
2341 Derby St.
Berkeley, CA 94705
Telephone: (415) 794-4210

Attorneys for Defendant VANOWEN HOLDINGS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ARCONIC INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CAL-TRON PLATING, INC., et al., <br><br> Defendants. | CASE NO. 2:20-CV-02586-GW (Ex) <br>(Case Assigned to the Hon. George H. Wu) <br><br> VANOWEN HOLDINGS LLC COUNTERCLAIMS AGAINST PLAINTIFFS/COUNTER DEFENDANTS <br><br> [Related to Case No. 2:16-CV-02696-GW (Ex.) and. Case No. 2:14-CV-06456-GW (Ex.)] <br><br><br> Case Filed:        March 18, 2020 |

Pursuant to Fed. R. Civ. P. 13, Defendant and counter-claimant Vanowen Holdings LLC ("Counter-Claimant"), by and through the undersigned attorneys asserts the following counterclaim against Plaintiffs and counter-defendants ("Counter-Defendants").

**PARTIES**

1. Defendant and Counter-Claimant is Vanowen Holdings, LLC

2. Counter-Claimant is informed and believes that the Counter-Defendant Arconic Inc., is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Pittsburgh Pennsylvania.

3. Count-Claimant is informed and believes that Counter-Defendant MACOM Connectivity Solutions, LLC (f/k/a Applied Micro Circuits Corporation) is a limited liability company duly organized and existing under the law of the state of Delaware with its principal place of business in Lowell Massachusetts.

4. Counter-Claimant is informed and believes that Counter-Defendant BASF Corporation is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Florham Pak, New Jersey.

5. Counter-Claimant is informed and believes that Counter-Defendant Baxter Healthcare Corporation is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Deerfield, Illinois.

6. Counter-Claimant is informed and believes that Counter-Defendant C.T.L. Printing Industries, Inc. (formerly known as Cal-Tape & Label Co.) is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Anaheim, California.

7. Counter-Claimant California Hydroforming Company, Inc., is a corporation duly organized and existing under the laws of the State of California with its principal place of business in City of Industry, California.

8. Counter-Claimant is informed and believes that the Counter-Defendant Columbia Showcase & Cabinet Company, Inc. is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Sun Valley, California.

///

9.     Counter-Claimant is informed and believes that the Counter-Defendant Columbia Crosby & Overton, Inc., is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Long Beach, California.

10.     Counter-Claimant is informed and believes that the Counter-Defendant Columbia Disney Enterprises, Inc., is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Burbank, California.

11.     Counter-Claimant is informed and believes that the Counter-Defendant Columbia Forenco, Inc., is a corporation duly organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

12.     Counter-Claimant is informed and believes that the Counter-Defendant Columbia General Dynamics Corporation is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Reston, Virginia.

13.     Counter-Claimant is informed and believes that the Counter-Defendant Columbia Hercules LLC, (formerly known as Hercules Incorporated)  is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

14.     Counter-Claimant is informed and believes that the Counter-Defendant Columbia Hexcel Corporation is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Stamford, Connecticut.

15.     Counter-Claimant is informed and believes that the Counter-Defendant Columbia Honeywell International Inc., is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Morristown, New Jersey.

CASE NO. 2:20-CV-02586-GW (Ex)

16.    Counter-Claimant is informed and believes that the Counter-Defendant International Paper Company is a corporation duly organized and existing under the laws of the State of New York with its principal place of business in Memphis, Tennessee.

17.    Counter-Claimant is informed and believes that the Counter-Defendant Los Angeles County Metropolitan Transportation Authority is a public corporation, transit and county transportation commission, duly authorized by California law to plan, construct and operate public mass transit in the County of Los Angeles.

18.    Counter-Claimant is informed and believes that the Counter-Defendant Mattel, Inc.,  is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California.

19.    Counter-Claimant is informed and believes that the Counter-Defendant Masco Building Products Corporation (formerly known as Masco Corporation of Indiana) is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Taylor, Michigan

20.    Counter-Claimant is informed and believes that the Counter-DefendantM Pilkington Group Limited, formerly known as Pilkington PLC, is a private limited company duly organized and existing under the laws of England with its principal place of business in Lathom, England.

21.    Counter-Claimant is informed and believes that the Counter-Defendant Quest Diagnostics Clinical Laboratories, Inc., is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Secaucus, New Jersey.

22.    Counter-Claimant is informed and believes that the Counter-Defendant Raytheon Company is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Waltham, Massachusetts.

23.    Counter-Claimant is informed and believes that the Counter-Defendant Safety-Kleen Systems, Inc., is a corporation duly organized and existing under the

1 laws of the State of Wisconsin with its principal place of business in Norwell,
2 Massachusetts.

3     24.    Counter-Claimant is informed and believes that the Counter-Defendant
4 Soco West, Inc., is a corporation duly organized and existing under the laws of the
5 State of Delaware with its principal place of business in Stamford, Connecticut.

6     25.    Counter-Claimant is informed and believes that the Counter-Defendant
7 Sparton Technology, Inc.,  is a corporation duly organized and existing under the
8 laws of the State of New Mexico with its principal place of business in Schaumberg,
9 Illinois

10     26.    Counter-Claimant is informed and believes that the Counter-Defendant
11 The Boeing Company is a corporation duly organized and existing under the laws of
12 the State of Delaware with its principal place of business in Chicago, Illinois.

13     27.    Counter-Claimant is informed and believes that the Counter-Defendant
14 The Dow Chemical Company is a corporation duly organized and existing under the
15 laws of the State of Delaware with its principal place of business in Midland,
16 Michigan.

17     28.    Counter-Claimant is informed and believes that the Counter-Defendant
18 TriMas Corporation is a corporation duly organized and existing under the laws of the
19 State of Delaware with its principal place of business in Bloomfield Hills, Michigan.

20     29.    Counter-Claimant is informed and believes that the Counter-Defendant
21 Univar Solutions USA Inc., (formerly known as Univar USA Inc.) is a corporation
22 duly organized and existing under the laws of the State of Washington with its
23 principal place of business in Downers Grove, Illinois.

24                     **JURISDICTION AND VENUE**

25     30.    Jurisdiction over this counter-claim is based upon 42 U.S.C. § 9613 (b)
26 and 28 U.S.C. § 1331.

27     31.    Venue is proper in this district under 42 U.S.C. § 9613 (b)

28

1   laws of the State of Wisconsin with its principal place of business in Norwell,

2   Massachusetts.

3       24.    Counter-Claimant is informed and believes that the Counter-Defendant

4   Soco West, Inc., is a corporation duly organized and existing under the laws of the

5   State of Delaware with its principal place of business in Stamford, Connecticut.

6       25.    Counter-Claimant is informed and believes that the Counter-Defendant

7   Sparton Technology, Inc.,  is a corporation duly organized and existing under the

8   laws of the State of New Mexico with its principal place of business in Schaumberg,

9   Illinois

10      26.    Counter-Claimant is informed and believes that the Counter-Defendant

11  The Boeing Company is a corporation duly organized and existing under the laws of

12  the State of Delaware with its principal place of business in Chicago, Illinois.

13      27.    Counter-Claimant is informed and believes that the Counter-Defendant

14  The Dow Chemical Company is a corporation duly organized and existing under the

15  laws of the State of Delaware with its principal place of business in Midland,

16  Michigan.

17      28.    Counter-Claimant is informed and believes that the Counter-Defendant

18  TriMas Corporation is a corporation duly organized and existing under the laws of the

19  State of Delaware with its principal place of business in Bloomfield Hills, Michigan.

20      29.    Counter-Claimant is informed and believes that the Counter-Defendant

21  Univar Solutions USA Inc., (formerly known as Univar USA Inc.) is a corporation

22  duly organized and existing under the laws of the State of Washington with its

23  principal place of business in Downers Grove, Illinois.

24                          **JURISDICTION AND VENUE**

25      30.    Jurisdiction over this counter-claim is based upon 42 U.S.C. § 9613 (b)

26  and 28 U.S.C. § 1331.

27      31.    Venue is proper in this district under 42 U.S.C. § 9613 (b)

28

CASE NO. 2:20-CV-02586-GW (Ex)

1

**STATUTORY BACKGROUND**

2   32.   Section 107(a) of the Comprehensive Environmental Response,

3   Compensation Liability Act ("CERCLA"), 42 U.S.C. § 9607 (a), impose liability for

4   response costs on four categories of "covered persons" who are liable or potentially

5   liable parties.

6   33.   Liable or potentially liable parties are defined in CERCLA as (1) owners

7   and operators of facilities at which hazardous substances are located; (2) past owners

8   and operators of such facilities at the time that disposal of hazardous substances

9   occurred; (3) persons who arranged for disposal or treatment of hazardous substances;

10   (4) certain transporters of hazardous substances. 42 U.S.C. § 9607 (a)(1)-(4).

11   34.   CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny

12   person may seek contribution from any other person who is liable or potentially liable

13   under Section [Section 107(a)]."

14   35.   CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that

15   contribution claims "shall be governed by Federal Law" and "[i]n resolving

16   contribution claims, the court may allocate response costs among liable parties using

17   such equitable factors as the court determines are appropriate."

18

**GENERAL ALLEGATIONS**

19   36.   Counter-Claimant is informed and believes that the Omega Chemical

20   Corporation facility was in Whittier, California ("formerly Omega property"). As a

21   result of the operations and spills and leaks of various chemicals at the former Omega

22   property, the soil and groundwater beneath the former Omega property became

23   contaminated. Counter-Claimant is informed and believes that contaminated

24   groundwater extends four and one-half miles downgradient (south/southwest) of the

25   former Omega facility. In January 1999, the US Environmental Protection Agency

26   ("EPA") placed Omega Chemical Corporation Superfund Site ("Omega") on its

27   National Priorities List.

28   37.   EPA has designated the groundwater contamination generally

1    downgradient (south-southwest) of the former Omega Chemical Corporation facility

2    as Operable Unit Number 2 of the Omega Site.

3        38.    Counter-Defendants initiated this civil action seeking cost recovery and

4    declaratory judgment under section 113(g)(2) of CERCLA, 42 U.S.C. §§ 9601-9675.

5        39.    Counter-Claimant is informed and believes that Counter-Defendants, or

6    their predecessors, affiliated entities, assignees or obligees, are companies that sent

7    chemicals to the former Omega  property operated by Omega Chemical Corporation,

8    that groundwater contamination resulted from the chemicals sent to the former

9    Omega property, and that EPA contends that Counter-Defendants are responsible to

10   remediate the groundwater contamination at the Omega site.

11       40.    Counter-Claimant is a "person" within the meaning of CERCLA sections

12   101(21) and 113(f)(1), 42 U.S.C. § 9607 (21) and 9613(f)(1).

13       41.    Counter-Defendants are "persons" within the meaning of CERCLA

14   sections 101(21) and 113(f)(1), 42 U.S.C. § 9607 (21) and 9613(f)(1).

15       42.    If any liability is established against Counter-Claimant, the Court should

16   allocate the response costs sought in Counter-Defendants' CERCLA claim among

17   liable parties, including all Counter-Defendants, using such equitable factors as the

18   Court determines are appropriate, under 42 U.S.C. § 9613(f)(1).

19   **FIRST CLAIM FOR RELIEF AGAINST ALL COUNTER-DEFENDANTS**

20   **(CERCLA CONTRIBUTION)**

21       43.    Counter-Claimant incorporates by reference, as if fully set forth herein,

22   Paragraphs 1-42 of this Counterclaim.

23       44.    Plaintiffs have alleged a contribution claim against Counter-Claimant

24   under CERCLA section 113, 42 U.S.C. §9613(f)(1).That section also authorizes

25   Counter-Claimant to seek contribution in this action against all Counter-Defendants.

26   **SECOND CLAIM FOR RELIEF AGAINST ALL COUNTER-DEFENDANTS**

27   **(DECLARATORY RELIEF)**

28       45.    Counter-Claimant incorporates by reference, as if fully set forth herein,

Paragraphs 1-42 of this Counterclaim.

46.     Plaintiffs have alleged a claim against Counter-Claimant under CERCLA section 113, 42 U.S.C. § 9613(f)(1), such sections authorizes Counter-Claimant to seek declaratory relief in this action against all Counter-Defendants.

47.     If liability is established, the Court should grant appropriate declaratory relief under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. §2201.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimant respectfully prays this Court for judgment against all Counter-Defendants as follows:

1.     For contribution under CERCLA for past and future response costs, including Counter-Claimant's costs in this action, to investigate and remediate the alleged contamination at Operable Unit Number 2, according to proof;

2.     For a judicial declaration under CERCLA that Counter-Defendants are liable for their equitable share of all present and future response costs including Counter-Claimant's costs in this action to investigate and remediate the alleged contamination at Operable Unit Number 2, according to Proof.

3.     For costs of suit; and

4.     For such other and further relief as the Court may deem just and proper.

Date:                                    WEISS & ZAMAN

By: /S/ Thomas J. Weiss
    Thomas J. Weiss

NASTICH LAW
By:/S/Summer Nastich
    Summer Nastich

Attorneys for Vanowen Holdings, LLC