LATHROP GPM LLP
Nancy Sher Cohen (State Bar No. 81706)
    nancy.cohen@lathropgpm.com
Ronald A. Valenzuela (State Bar No. 210025)
    ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Telephone: 310.789.4600
Facsimile: 310.789.4601

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION; et al.<br><br>                Plaintiffs,<br><br>vs.<br><br>CAL-TRON PLATING, INC.; et al.<br><br>                Defendant. | Case No. 2:20-cv-02586-GW(Ex)<br><br>**PARTIES' JOINT STATUS REPORT**<br><br>Judge: Hon. George H. Wu<br><br>Status Conference: September 16, 2022<br>Time: 8:30 a.m. |

Plaintiffs BASF Corporation et al. ("Plaintiffs") and defendants Cal-Tron Plating, Inc. et al. ("Defendants") submit this Joint Status Conference Report in anticipation of the September 16, 2021 Status Conference in this matter. As described below: Plaintiffs request that the Court maintain the status quo and renew the continuance of this matter until after the Court issues its rulings on the summary-judgment motions pending in the related action before this Court, *BASF Corporation et al. v. APC Investment Co. et al.*; whereas, Defendants request that the Court order the parties to complete the FRCP Rule 26 disclosure process and allow the parties to engage in all discovery consistent with the FRCP.

## I. PROCEDURAL BACKGROUND

This is an environmental lawsuit involving the Omega Chemical Superfund Site in and near Whittier and Santa Fe Springs, California (the "Site"). Under a consent decree approved by this Court in *United States of America et al. v. Abex Aerospace et al.*, 2:16-cv-02696-GW-Ex (the "OU-2 Consent Decree"), Plaintiffs, and others, are required to design, construct, and maintain, or otherwise pay for, a containment remedy to address the groundwater contamination at Operable Unit No. 2 of the Site. In this case, Plaintiffs allege that Defendants are responsible under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA") for the OU-2 groundwater contamination and should therefore contribute to the costs arising from the OU-2 Consent Decree. Defendants deny these allegations.

Plaintiffs have asserted similar allegations regarding responsibility for the OU-2 groundwater contamination and costs arising from the OU-2 Consent Decree against a different group of companies in a related case pending before this Court, styled as *BASF Corporation et al. v. APC Investment Co. et al.*, No. 2:14-cv-06456-GW-Ex (the "*BASF* Action"). Parties in the *BASF* Action have fully briefed multiple motions for summary judgment or partial summary judgment concerning certain elements of CERCLA liability (the "Liability MSJs"). However, at the request of the parties to the

2

*BASF* Action, the Court reset the hearings on the Liability MSJs from May 17 to September 9, 2021 to accommodate settlement discussions amongst the parties to that lawsuit. *See BASF* Action, Dkt. No. 986.

In this action, on May 20, 2021, the Court conferred with the parties regarding the Liability MSJs in the *BASF* Action, continued this matter until after those motions are heard, and set a status conference for September 16, 2021. *See* May 20, 2021 Civil Minutes, Dkt. No. 101. The Court further ordered that discovery may be prepared and served, but no exchanges were permitted until further discussion during the September 16 status conference. *Id.*

Recently, the Court granted a request by the parties to the *BASF* Action to continue the September 9 hearings on the Liability MSJs to January 31, 2022 to further accommodate settlement discussions amongst the parties to that lawsuit. *See BASF* Action, Dkt. No. 990.

## II. CONTINUANCE OF THIS MATTER OR DISCOVERY

### A. Plaintiffs' Position

Plaintiffs request that the Court maintain the status quo, adopted under its May 20, 2021 Order, and renew the continuance of this matter until after the Liability MSJs are heard on January 31, 2022. As previously discussed with this Court, Plaintiffs, who are also plaintiffs in the *BASF* Action, believe that the Court's decision on the *BASF* Liability MSJs will better inform the parties here about one or more legal issues in this case and may even resolve some or all those issues. Those motions seek judicial determinations concerning the elements of CERCLA liability and the proof required to establish those elements, issues that are central in this case.

For example, the *BASF* parties involved in the Liability MSJs disagree about various issues concerning the "causation element" under CERCLA. Those issues, and others, are also implicated in this case and could be resolved or narrowed, and shape discovery here, depending upon the Court's rulings on the Liability MSJs in the *BASF* Action. Given this overlap, and the fact that those rulings very well may inform the

parties' and the Court's decisions in this case, continuing this matter until after the Court issues its rulings on the Liability MSJs in the *BASF* Action is appropriate.

Maintaining the status quo would not prejudice Defendants. Each Defendant has had the opportunity to challenge the sufficiency of Plaintiffs' allegations and assert any Rule 12 defenses. Each will have the opportunity to challenge Plaintiffs' claims on summary judgment or at trial—with the added advantage of having the Court's rulings on the Liability MSJs in the *BASF* Action to help inform the conduct of their defense. Indeed, far from *prejudicing* Defendants, maintaining the present continuance would *benefit* Defendants, promote efficiencies, and almost certainly conserve party resources. Accordingly, Plaintiffs request that the Court preserve the status quo and continue this matter until after the Court issues its rulings on the Liability MSJs in the *BASF* Action.

**B.     Defendants' Position – Further Continuances Prevent Resolution**

Plaintiffs – who chose to file this case in March 2020, more than a year and a half ago, wish to keep it indefinitely in a state of suspended animation while Plaintiffs attempt to reach settlement with parties in a separate action.  There is no reason that FRCP discovery in this case should be barred simply because it will be convenient for Plaintiffs.  The only meaningful way to move the case forward toward resolution is through discovery.

Furthermore, Defendants dispute Plaintiffs' contention that the parties and Court will somehow benefit from MSJ rulings regarding CERCLA's "causation element" involving different parties and factual issues.  Defendants disagree that there is any benefit or guidance to be gleaned regarding CERCLA's "causation element."

Therefore, Defendants respectfully request the Court lift its restriction on responding to propounded discovery and order the Parties to complete the FRCP Rule 26 disclosure process and allow discovery to proceed.

4

| | | |
|---|---|---|
| DATED: September 14, 2021 | | LATHROP GPM LLP |
| | By: | /s/ Nancy Sher Cohen |
| | | Nancy Sher Cohen<br>Attorneys for Plaintiffs |
| DATED: September 14, 2021 | | VAN NESS FELDMAN LLP |
| By: | | /s/ Brian L. Zagon |
| | | Brian L. Zagon<br>Attorney for Defendants<br>Cal-Tron Plating, Inc. |
| DATED: September 14, 2021 | | THE CRONIN LAW GROUP |
| By: | | /s/ Timothy C. Cronin |
| | | Timothy C. Cronin<br>Attorney for Defendant<br>Mid-West Fabricating Co. |
| DATED: September 14, 2021 | | GORDON REES SCULLY MANSUKHANI LLP |
| By: | | /s/ Kristin N. Reyna DeHart |
| | | Kristin N. Reyna DeHart<br>Attorney for Defendant<br>Electronic Chrome & Grinding Co., Inc. |
| DATED: September 14, 2021 | | WACTOR & WICK LLP |
| By: | | /s/ William D. Wick |
| | | William D. Wick<br>Attorney for Defendant<br>Halliburton Energy Services, Inc. |

| | | |
|---|---|---|
| DATED: September 14, 2021 | | VAN RIPER LAW |
| By: | | /s/ David Van Riper |
| | | David Van Riper<br>Attorney for Defendant<br>Santa Fe Rubber Products, Inc. |
| DATED: September 14, 2021 | | WEISS & ZAMAN |
| By: | | /s/ Thomas J. Weiss<br>Thomas J. Weiss<br>Attorney for Defendant<br>Vanowen Holdings, LLC |

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Nancy Sher Cohen, am the ECF user whose ID and password are being used to file this Joint Status Report. In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

/s/ Nancy Sher Cohen
Nancy Sher Cohen