LATHROP GPM LLP
Nancy Sher Cohen (State Bar No. 81706)
   nancy.cohen@lathropgpm.com
Ronald A. Valenzuela (State Bar No. 210025)
   ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Telephone: 310.789.4600
Facsimile:  310.789.4601

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.<br><br>                    Plaintiffs,<br><br>vs.<br><br>CAL-TRON PLATING, INC., et al.<br><br>                    Defendants. | Case No. 2:20-cv-02586-GW(Ex)<br><br>**JOINT STATUS REPORT**<br><br>**Status Conference**:<br>Date:    December 16, 2021<br>Time:    8:30 a.m.<br>Place:   350 W. 1st Street<br>            Courtroom 9D, 9th Floor<br>            Los Angeles, CA 90012<br>Judge:   Hon. George H. Wu |

Counsel for plaintiffs BASF Corporation et al. ("Plaintiffs") and for the undersigned defendants ("Defendants") hereby submit this Joint Status Report.

On November 18, 2021, Plaintiffs and Defendants (the "Parties") appeared before this Court for a telephonic scheduling conference. The Parties advised the Court that the Parties had reached an agreement regarding whether to bifurcate this action as previously proposed by Plaintiffs. The Parties agreed that this action would not be bifurcated, provided Defendants agree not to propound response cost related discovery before July 1, 2022.[1] In exchange for that agreement, Plaintiffs would provide, with their Initial Disclosures, a summary of their past costs incurred through late 2021, along with a description of the basic categories of costs and subtotals that make up that total.

Since the November 18 Scheduling Conference, the Parties have been working to devise a scheduling order, that does not include bifurcation, to present to the Court for its consideration, but they have not yet completed those discussions.[2] The Parties are continuing their efforts to attempt to resolve the outstanding issues and disagreements and believe they will be in a position, by January 17, 2022, to submit a joint report describing the results of those discussions and to discuss a proposed schedule with the Court on January 20, or as soon thereafter as the Court is available.

Additionally, Plaintiffs recently proposed to Defendants that in the first half of

---

[1] The Parties also reserved their rights to request, at the appropriate time, a bifurcated trial.

[2] For example, Defendants put forward for Plaintiffs' consideration the schedule and timetable set forth as Exhibit A to this Report. Plaintiffs oppose the schedule and have identified, and discussed with Defendants, several issues with that schedule that make it unworkable in Plaintiffs' assessment. For example, Plaintiffs believe that the Parties can be ready for trial in the spring or summer of 2023, not 2024 as suggested in Defendants' draft, and that the suggested discovery cut-off and final pretrial conference dates raised certain conflicts with this Court's Standing Order Re Final Pretrial Conferences. The Parties have provided the draft schedule merely to reassure the Court of the Parties' ongoing good-faith efforts to agree upon a schedule to present to the Court.

2022, the Parties engage in discovery focused on obtaining the information the Parties believe they need to put themselves in a position to engage in meaningful settlement discussions sometime in the summer of 2022. Under this proposal, after conferring about the information each side believes it would need to conduct such discussions and after completing that discovery, the Parties would appear before the Court in June or July 2022 to discuss whether to pause the litigation to allow for settlement talks.

Plaintiffs contend that their proposal, if incorporated into the scheduling order, provides an opportunity to dispose of this case entirely next year—before the Parties and the Court expend significant resources preparing for trial. Defendants have advised Plaintiffs that they are considering the proposal, and the Parties will continue to discuss it in the context of their efforts to present this Court with a proposed scheduling order.

The Parties will be prepared to discuss the above at the Scheduling Conference set for December 16, 2021.

DATED: December 13, 2021        LATHROP GPM LLP

By: /s/ Ronald A. Valenzuela
    Nancy Sher Cohen
    Ronald A. Valenzuela
    Attorneys for Plaintiffs

DATED: December 13, 2021        VAN NESS FELDMAN LLP

By: /s/ Brian L. Zagon
    Brian L. Zagon
    Attorney for Defendants
    Cal-Tron Plating, Inc.

DATED: December 13, 2021         THE CRONIN LAW GROUP

By: /s/ Timothy C. Cronin
    Timothy C. Cronin
    Attorney for Defendant
    Mid-West Fabricating Co.

DATED: December 13, 2021         GORDON & REES LLP

By: /s/ Kristin N. Reyna DeHart
    Kristin N. Reyna DeHart
    Attorney for Defendant
    Electronic Chrome & Grinding Co., Inc.

DATED: December 13, 2021         HAMRICK & EVANS LLP

By: /s/ Thomas P. Schmidt
    Thomas P. Schmidt
    Attorney for Defendant
    Electronic Chrome & Grinding Co., Inc.

DATED: December 13, 2021         WEISS & ZAMAN

By: /s/ Thomas J. Weiss
    Thomas J. Weiss
    Attorney for Defendant
    Vanowen Holdings, LLC

DATED:  December 13, 2021          VAN RIPER LAW

By: /s/ David Van Riper
David Van Riper
Attorney for Defendant
Santa Fe Rubber Products, Inc.

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Ronald A. Valenzuela, am the ECF user whose ID and password are being used to file this Joint Status Report. In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

/s/ Ronald A. Valenzuela
Ronald A. Valenzuela

4