1 | LATHROP GPM LLP
2 | Nancy Sher Cohen (State Bar No. 81706)
      nancy.cohen@lathropgpm.com
3 | Ronald A. Valenzuela (State Bar No. 210025)
      ronald.valenzuela@lathropgpm.com
4 | 2049 Century Park East, Suite 3500S
5 | Los Angeles, CA 90067
    Telephone: 310.789.4600
6 | Facsimile:  310.789.4601
7 |
8 | Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION, et al.<br><br>                Plaintiffs,<br><br>vs.<br><br>CAL-TRON PLATING, INC., et al.<br><br>                Defendants. | Case No. 2:20-cv-02586-GW(Ex)<br><br>**JOINT STATUS REPORT**<br><br>**Status Conference**:<br>Date:    February 14, 2022<br>Time:    8:30 a.m.<br>Place:    350 W. 1st Street<br>              Courtroom 9D, 9th Floor<br>              Los Angeles, CA 90012<br>Judge:   Hon. George H. Wu |

Plaintiffs BASF Corporation et al. ("Plaintiffs") and the undersigned defendants ("Defendants") hereby submit this Joint Status Report in anticipation of the February 14, 2022 Scheduling Conference. Plaintiffs and Defendant Halliburton Energy Services, Inc. ("Halliburton") recently reached an agreement under which Plaintiffs agreed to dismiss its claims against Halliburton without prejudice. The stipulated dismissal was filed on February 9, 2022. *See* Dkt. No. 128.

The remaining parties have been unable to agree upon a schedule for this case. Plaintiffs propose that the parties prioritize the information the parties seek through discovery for six months following the exchange of Initial Disclosures, focusing on obtaining the information that would put the parties in a position to explore settlement in late summer or early fall and perhaps dispose of this case entirely. Defendants do not want to engage in focused discovery, as proposed by Plaintiffs, and instead propose that the Court adopt the schedule described in Section II, below. The parties' respective positions are set forth below.

## I.  PLAINTIFFS' POSITION

### A.  Background

Plaintiffs initially proposed that this case be bifurcated into two phases: a liability phase followed by an allocation phase, as had been done in the related case pending before this Court, *BASF Corp. et al. v. APC Investment Co. et al.*, Case No 2:14-cv-06456-GW-E. Defendants rejected the proposal.

In the interest of conserving the party and judicial resources necessary to litigate the bifurcation issue, and to move this case forward, Plaintiffs offered a compromise. Plaintiffs offered to forego bifurcation provided that Defendants agreed to wait until after July 1, 2022, to propound discovery relating to Plaintiffs' response costs. In exchange for that agreement, Plaintiffs would provide, with their Initial Disclosures, a summary of their past costs, along with a generic description of the basic categories of costs and subtotals that make up that total. Defendants agreed to

the compromise, and the parties began negotiating a proposed scheduling order to present to the Court.

During those negations, Plaintiffs proposed that during the first half of 2022, the parties engage in discovery focused on obtaining the information the Parties believe they need to put themselves in a position to engage in meaningful settlement discussions sometime in the summer of 2022. After completing the "focused discovery," the parties would appear before the Court to discuss whether to pause the litigation so that the parties could explore settlement. Plaintiffs made this proposal because Defendants have thus far declined Plaintiffs' invitation to explore settlement on the grounds that Defendants need information about Plaintiffs' response costs to engage in meaningful settlement discussions.

Defendants expressed interest in the proposal for focused discovery, but they did not respond to Plaintiffs' invitation to confer on the subject until after the year-end holidays. In January, the parties exchanged proposals for informally providing each other with basic, relevant information, prior to Initial Disclosures, to help the parties identify the scope of the contemplated focused discovery. On Friday, February 4, counsel for Defendant Mid-West Fabricating abruptly cut off the negotiations, indicating that it was not interested in focused discovery and was impatient to move forward with discovery.

Seeking—again—to conserve the party and judicial resources that would be incurred if the parties presented "dueling schedules" to the Court, one from Plaintiffs that included focused discovery and one from Defendants that did not, Plaintiffs offered the following proposed schedule as a compromise:

1. **Initial Disclosures**: The parties would exchange Initial Disclosures 45 days from the date that the Court approves Plaintiffs' proposed schedule.
2. **Response Cost Presentation**. In lieu of including response cost information in their Initial Disclosures, Plaintiffs would provide Defendants with an oral presentation concerning those costs. The

2

    presentation would include a discussion of Plaintiffs' total past costs, including a generic description of the basic categories of costs and subtotals that make up the total, and an estimate of Plaintiffs' future costs, along with the total dollar amount collected to date in settling with non-Omega Property PRPs. The presentation would be subject to Defendants' agreement to keep the cost information confidential and not disclose it to any third parties.

3. **Meet and Confer re Focused Discovery**.
   a. Following the presentation, the parties would confer about what discovery, if any, Defendants believe they need to feel confident that they have an accurate understanding of those costs.
   b. After reviewing Defendants' Initial Disclosures, Plaintiffs would present each Defendant with a list of information that was not included in those disclosures which Plaintiffs believe they need, via discovery, to engage in meaningful settlement discussions. The parties would then confer, if necessary, to resolve any disputes concerning the requested discovery. Defendants would agree not to seek discovery concerning Defendants' financial status during focused discovery, provided that Defendants agree to disclose certain financial information to Plaintiffs (a) as part of the parties' confidential settlement discussions following focused discovery, and (b) as a prerequisite to receiving a presentation from Plaintiffs that includes their settlement demand.[1]

---

[1] In agreeing not to seek financial information from Defendants during focused discovery, Plaintiffs are in no way conceding that such information is not discoverable. To the contrary, Plaintiffs contend that this information is a proper subject of discovery in this action.

    4.    **Report to the Court**. Following the parties' conferences regarding focused discovery, the Court will report to the Court regarding whether they have reached agreement on the scope of focused discovery that the parties believe they need. If the parties are unable to agree upon focused discovery, they will present the Court with a schedule for the remaining tasks to be completed before trial.

On February 10, 2022, Defendants rejected Plaintiffs' proposal.

**B.**    **The Court Should Adopt Plaintiffs' Proposed Schedule**

The schedule set out immediately above is efficient, orderly, and places the parties in the best position to explore whether this case can be disposed of early, this year, before the parties and the Court are required to commit the time, effort, and expense of litigating Plaintiffs' CERCLA contribution claim and preparing for trial.

Plaintiffs have repeatedly offered to explore settlement with Defendants so the parties may avoid the time, effort, and cost of litigation—and to conserve judicial resources. Defendants have declined each invitation on the grounds that they need information concerning Plaintiffs' past and estimated future response costs to have meaningful discussions. Plaintiffs' proposal offers precisely what Defendants contend they need: an explanation concerning Plaintiffs' response costs and an opportunity to obtain clarifications or additional information so that Defendants are confident that they have an accurate picture of those costs. Providing this information, as Plaintiffs have proposed, will position the parties well for settlement discussions very early in the case and offer the best opportunity to dispose of the case entirely.

The only basis Defendants have offered for rejecting Plaintiffs' proposed schedule is that they are impatient to move the case forward and proceed with discovery. Again, this is precisely what Plaintiffs are proposing. The parties will exchange substantive information through their Initial Disclosures within the next 45 days, subject to the Court's approval, and then proceed with follow-on discovery, as necessary. Any complaint that requiring the parties to meet and confer about any such

follow-on, focused discovery would only "further delay" this case from moving forward ignores two important facts. First, the Initial Disclosures, the Response Cost Presentation, and the list of additional information Defendants will provide about needed discovery will help the parties quickly identify what further information they need and whether they can agree upon focused discovery.

Second, the time the parties spend meeting and conferring on focused discovery is time well spent. It is an inexpensive investment that may pay tremendous dividends, namely, setting the stage for an early resolution of this case. Moreover, even if the parties ultimately cannot reach agreement on focused discovery, their negotiations over its scope will better inform them on their discovery needs and what information each side may have and believes is appropriate to produce. This will undoubtedly smooth the way for future discovery in this case and help to reduce the number of discovery disputes.[2]

Any notion that Plaintiffs are attempting to "phase" or limit discovery is also without merit.[3] No party will be forced to forego any appropriate discovery that it believes it needs in this case. Plaintiffs' proposal merely requires the parties to prioritize what discovery they would like to receive first. Plaintiffs' proposed schedule strikes the right balance in moving this case forward. It allows for the substantive

---

[2] Defendants also fail to note that this case was stayed for a substantial period while the parties awaited the Ninth Circuit's ruling on the statute-of-limitations issue in the *APC Investment* matter. One can hardly fault Plaintiffs for this.

[3] Defendants' contention that Plaintiffs are "stonewalling" is without merit. As described above, it has been Plaintiffs, not Defendants, that have sought to move this case forward under a schedule that was efficient, mitigated against numerous discovery disputes, and put the parties in a position to *resolve the case entirely this year* by prioritizing the discovery they believe they need to engage in informed settlement discussions in late summer or early fall. For example, when Defendants resisted Plaintiffs' proposal for bifurcation, Plaintiffs were well within their rights to litigate that issue through motion practice but declined and instead offered a compromise that allowed the parties to move forward in developing a scheduling order.

exchange of information within 45 days of the Court's approval while also giving the parties an important opportunity to put this matter behind them sooner rather than later.

### C. Defendants' Proposed Schedule Is Flawed and Unworkable

Even if the Court is not inclined to adopt Plaintiffs' proposed schedule, Defendants' proposed schedule is seriously flawed and should be rejected for the following reasons.

- It provides for a **new** date for responding to Plaintiffs' complaint. *See* Ex. A (Defendants' Proposed Scheduling Order, at p. 6). The Court already set that deadline, June 4, 2021, and it has already passed. *See* Status Conference Tr. at 7:10-22, May 20, 2021.

- It provides for a discovery cut-off date that is only a month before the Final Pretrial Conference. *See id.* §§ 3, 4). This provides far too little time for the parties to meet and confer and prepare, prior to the Final Pretrial Conference, concerning any joint submissions the Court may require the parties to provide before the Final Pretrial Conference, such as a joint statement of the case, exhibits lists and objections, and witness lists. Plaintiffs fail to see how Defendants believe that this work can be completed if the parties have concluded discovery only a few days earlier.

- It provides that discovery motions may be file 30 days after the discovery cut-off date. *Id.* § 4.3. This means that a discovery motion Could be pending, and further discovery potentially conducted if the Court grants the motion, *after* the Final Pretrial Conference.

- It provides that motions in limine may be filed 3 weeks before the Final Pretrial Conference (*id.* at p. 6), which all but assures that the motion may not be ruled upon until after that conference.

- It allows non-expert depositions to continue past the discovery cut-off

6

- deadline. *Id.* § 4.1. This allows for depositions to continue, or the potential that a discovery motion related to that deposition may be pending, after the Final Pretrial Conference.
- It requires expert disclosures *before* the close of fact discovery (*id.* § 4.4) which means that the parties' experts must prepare their expert reports while fact discovery is ongoing, potentially denying those experts the information they need to complete their reports.
- It does not provide time for the parties to bring Daubert motions or the Court to conduct Daubert hearings. *See id. passim*.
- It requires for settlement procedures (*id.* § 7) that are inconsistent with the ADR procedure selected by the parties in their Rule 26(f) report in contravention of Local Rule 16-5.
- It does not provide for the parties' efforts to fashion an appropriate protective order in this case, as requested by Plaintiffs.
- It seeks a trial date in May 2024. *Id.* § 8. Plaintiffs believe that the parties will be ready for trial sooner, in late summer or early fall 2023.

Frankly, these flaws are what one might expect when one party unilaterally fashions a scheduling order. Plaintiffs should be permitted to offer alternative dates, ones that are workable, if this Court is not inclined to adopt Plaintiffs' proposed schedule.[4] Accordingly, Plaintiffs respectfully submit that the Court reject

---

[4] Defendants' contention that Plaintiffs "hid" their objections to Defendants' proposed schedule until the day this report was due is false. Plaintiffs explained those objections during the parties' December 10, 2021 meet and confer, as referenced in a December 10, 2021 e-mail from Plaintiffs' counsel to Defendants' counsel summarizing what was discussed that day. That e-mail is attached hereto as Exhibit B. The e-mail expressly invites Defendant Mid-West Fabricating's counsel, Dennis Byrne, to make any corrections if Plaintiffs' summary of the conference misstated anything. Neither Mr. Byrne nor any other Defendant's counsel indicated that the summary was inaccurate or incomplete. Indeed, in an e-mail sent just last week Mr. Byrne **admitted** that Plaintiffs had previously presented objections to the schedule, indicating that he had since "forgotten" them. Perhaps this explains why Mr. Byrne

7

1  Defendants' proposed schedule.

2  **II.   DEFENDANTS' POSITION**

3  We are now approaching two years since the filing of Plaintiffs' Complaint and remain at the initial procedural stage of this litigation. This delay is not Defendants' fault.[5] The Defendants stand ready and eager to pursue discovery of all evidence supporting Plaintiffs' CERCLA contribution claims and the facts that support the Defendants' affirmative defenses. Defendants are entitled, as a matter of law, to information supporting Plaintiffs' CERCLA contribution claims against them, and Plaintiffs' claimed response costs incurred to date and anticipated in the future, information to which Plaintiffs should have ready access.

Defendants want all the relevant information to which they are entitled which, to date, Plaintiffs have not been willing to produce. Defendants are not interested in having this information doled out to them in "focused" or "phased" segments as Plaintiffs choose which, in Defendants' view, prevents the case from moving forward and serves as an impediment to resolution. Nothing prevents any of the Defendants from pursuing the "focused" or "phased" discovery Plaintiffs contemplate if a Defendant so chooses. But Defendants as a group object to being compelled to limit their discovery efforts in this manner.

As an alternative Defendants submit the proposed Scheduling Order attached to this Report as Exhibit A. Counsel for Mid West provided this proposed schedule to Plaintiffs' counsel on February 7th and invited discussion as to any revisions Plaintiffs thought may be needed. Instead, Plaintiffs kept their objections to this proposed schedule hidden, disclosing them to Defendants for the first time in this Joint Report

---

mistakenly believes they were "hidden." Mr. Byrne's e-mail is attached hereto as Exhibit C.

[5] Plaintiffs profess innocence over time consumed in an appeal pursued in another CERCLA action. But since the conclusion of that appeal Plaintiffs have successfully stonewalled any progress in this action to the present day with arguments for "phased" and now "focused" discovery at Plaintiffs' convenience.

8

on the day of its filing.[6]  Defendants remain willing to negotiate revisions to this schedule Plaintiffs and the Court find appropriate.  Nevertheless, Defendants deem it an appropriate foundation for discussion, far superior to Plaintiffs' third proposed start and stop fractured and convoluted discovery scheme.

DATED:  February 10, 2022          LATHROP GPM LLP

                                   By: /s/ Ronald A. Valenzuela
                                       Nancy Sher Cohen
                                       Ronald A. Valenzuela
                                       Attorneys for Plaintiffs

DATED:  February 10, 2022          VAN NESS FELDMAN LLP

                                   By: /s/ Brian L. Zagon
                                       Brian L. Zagon
                                       Attorney for Defendants
                                       Cal-Tron Plating, Inc.

DATED:  February 10, 2022          THE CRONIN LAW GROUP

                                   By: /s/ Timothy C. Cronin
                                       Timothy C. Cronin
                                       Attorney for Defendant
                                       Mid-West Fabricating Co.

---

[6] Defendants object to Plaintiffs' characterization of the e-mail attached hereto as Exhibit C.

| | | |
|---|---|---|
| 1 | DATED:  February 10, 2022 | VAN RIPER LAW |
| 2 | | |
| 3 | | By: /s/ David Van Riper |
| 4 | | David Van Riper |
| 5 | | Attorney for Defendant |
| 6 | | Santa Fe Rubber Products, Inc. |
| 7 | DATED:  February 10, 2022 | GORDON & REES LLP |
| 8 | | |
| 9 | | By: /s/ Kristin N. Reyna DeHart |
| 10 | | Kristin N. Reyna DeHart |
| 11 | | Attorney for Defendant |
| 12 | | Electronic Chrome & Grinding Co., Inc. |
| 13 | DATED:  February 10, 2022 | HAMRICK & EVANS LLP |
| 14 | | |
| 15 | | By: /s/ Thomas P. Schmidt |
| 16 | | Thomas P. Schmidt |
| 17 | | Attorney for Defendant |
| 18 | | Electronic Chrome & Grinding Co., Inc. |
| 19 | | |
| 20 | DATED:  February 10, 2022 | WEISS & ZAMAN |
| 21 | | |
| 22 | | |
| 23 | | By: /s/ Thomas J. Weiss |
| 24 | | Thomas J. Weiss |
| 25 | | Attorney for Defendant Vanowen Holdings, LLC |

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Ronald A. Valenzuela, am the ECF user whose ID and password are being used to file this Joint Status Report. In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

           /s/ Ronald A. Valenzuela
            Ronald A. Valenzuela