LATHROP GPM LLP
Nancy Sher Cohen (State Bar No. 81706)
　nancy.cohen@lathropgpm.com
Ronald A. Valenzuela (State Bar No. 210025)
　ronald.valenzuela@lathropgpm.com
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Telephone: 310.789.4600
Facsimile:  310.789.4601

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BASF CORPORATION, et al.<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CAL-TRON PLATING, INC., et al.<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-02586-GW(Ex)<br><br>**JOINT STATUS REPORT**<br><br>**Status Conference**:<br>Date:　　March 3, 2022<br>Time:　　8:30 a.m.<br>Place:　　350 W. 1st Street<br>　　　　　Courtroom 9D, 9th Floor<br>　　　　　Los Angeles, CA 90012<br>Judge:　　Hon. George H. Wu |

Plaintiffs BASF Corporation et al. ("Plaintiffs") and the undersigned defendants ("Defendants") (collectively, the "Parties") hereby submit this Joint Status Report in anticipation of the March 3, 2022 Scheduling Conference.

The Parties have been able to agree upon a schedule for this case with the exception of the trial date. In pertinent part, the Parties (1) agree on the number of weeks before trial that pre-trial deadlines should be scheduled, (2) agree on a three-month stay of litigation beginning on January 1, 2023 during which they will explore settlement, (3) agree that Plaintiffs will provide, with their Initial Disclosures, a summary of their past costs as described below in Section A.2, below, and (4) agree that Plaintiffs will provide Defendants an oral presentation discussing Plaintiffs' total past costs and an estimate of Plaintiffs' future costs as described in Section A.2, below.

The only scheduling issue that the Parties disagree on is the setting of a trial date. More specifically, Plaintiffs contend it is premature to set a trial date at this nascent stage of the case, and Defendants contend that a trial date should be set now.

## A. Areas of Agreement

The Parties have come to an agreement on the following matters:

1. **Initial Disclosures**: The Parties will exchange Initial Disclosures 45 days from the date that the Court enters its Scheduling Order. Plaintiffs' Initial Disclosures will not include response cost information with one exception: Plaintiffs will provide a summary of their past costs incurred through late 2021, along with a description of the basic categories of costs and subtotals that make up that total.

2. **Total Response Cost Presentation**. The Parties have agreed that Plaintiffs will provide Defendants with an oral presentation discussing Plaintiffs' total past response costs, including a generic description of the basic categories of those costs and subtotals that make up the total, and an estimate of Plaintiffs' future response costs, along with the total dollar amount collected to date through settlements with Potentially Responsible Parties ("PRPs") other than Omega Property

PRPs. The provisions of Federal Rule of Evidence 408 shall apply to the presentation which Defendants agree not to disclose to any third parties. Nothing in this section A.2 regarding the Total Response Cost Presentation is intended to limit a party's right to discovery or to oppose any discovery.

3. **Fact Discovery**. The Parties may engage in fact discovery following their exchange of Initial Disclosures. However, Defendants will not propound response cost related discovery before October 1, 2022.

4. **Three-Month Stay to Focus on Settlement.** The Parties agree to a three-month stay of litigation beginning on January 1, 2023 and ending on March 31, 2023 during which time they will focus their efforts on settling this matter based on information obtained through initial disclosures, fact discovery conducted to date, and the Total Response Cost Presentation described above. During the stay, the Parties will respond to discovery propounded prior to December 8, 2022, and hearings on any calendared discovery motions will proceed. In addition, written discovery to third parties will be allowed during the stay. At the end of the stay period, the Parties will notify the Court whether they have reached an agreement and/or the status of their settlement negotiations. The Parties further agree that the stay may be extended by mutual agreement of the Parties.

5. **Scheduling of Pre-Trial Deadlines**. The Parties have agreed on the minimum time before trial by which all pre-trial deadlines should be scheduled once a trial date is set, as more specifically set forth below:

| Pre-trial Matter | Time Before Trial |
|---|---|
| **Fact Discovery** | |
| Fact Discovery Cutoff: Deadline to Serve Remaining Fact Discovery | 62 Weeks |
| Deadline to Respond to Fact Discovery Served on Fact Discovery Cutoff Date | 56 Weeks |

| Pre-trial Matter | Time Before Trial |
|---|---|
| Last Day to Request Conference of Counsel re Fact Discovery Motion [L.R. 37-1] | 55 Weeks |
| Last Day to File Fact Discovery Motion | 51 Weeks |
| Last Day to Hear Fact Discovery Motion | 47 Weeks |
| Last Day to Complete Discovery Under Order Re Discovery Motion Relating to Fact Discovery | 43 Weeks |
| Last Day to Add Parties | 43 Weeks |
| **Expert Discovery** | |
| Expert Disclosures Due Pursuant to Fed. R. Civ. P. 26(a)(2) | 42 Weeks |
| Last Day to Complete Expert Deposition [Fed. R. Civ. P. 26(a)(2)] | 37 Weeks |
| Expert Disclosures Pursuant to FRCP 26(a)(2)(D)(ii) | 32 Weeks |
| Last Day to Complete Deposition of Expert Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) | 27 Weeks |
| Last Day to Request Conference of Counsel re Discovery Motion Relating to Expert Discovery [L.R. 37-1] | 25 Weeks |
| Last Day to File Expert Discovery Motion | 21 Weeks |
| Last Day to Hear Expert Discovery Motion | 18 Weeks |
| Last Day to Complete Expert Discovery | 14 Weeks |
| **Other Pre-Trial Matters** | |
| Last Day to Conduct Conference of Counsel Prior to Filing Motions in Limine/Daubert Motion [L.R. 7-3] | 12 Weeks |
| File Submittals required by Sec. 2 of Judge Wu's Standing Order Re Final Pre-Trial Conferences | 21 days before Pre-Trial Conference |
| Last Day to File Motions in Limine/Daubert Motions | 11 Weeks |
| Lodge Pre-Trial Conference Order [L.R. 16-7.1] | 11 days before Pre-Trial Conference |

| Pre-trial Matter | Time Before Trial |
|---|---|
| File Oppositions to Motions in Limine/Daubert Motion | Per Local Rules |
| Meet & Confer deadline for Sec. 3 Submittals | Per Local Rules |
| File Submittals required by Sec. 3 of Judge Wu's Standing Order Re Final Pre-Trial Conferences | 5 days before Pre-Trial Conference |
| File Replies in Support of Motions in Limine/ Daubert Motion | Per Local Rules |
| Last Day to Conduct Conference of Counsel Prior to Filing Motion for Summary Judgment/Partial Summary Judgment Pursuant to L.R. 7-3 | 10 Weeks |
| Last Day to File Motion for Summary Judgment / Partial Summary Judgment | 9 Weeks |
| Last Day to Complete Mandatory ADR (Private Mediation) | 8 Weeks |
| Last Day to Hear Motions in Limine/Daubert Motions | 8 Weeks |
| Last Day to Hear Motions for Summary Judgment/Partial Summary Judgment | 6 weeks |
| Final Pretrial Conference | 4 weeks |

B.  **Area of Disagreement**

The Parties only disagree as to one matter that is, accordingly, left for the Court to decide: whether a trial date should be set now, or whether one should be set at a later date.

Plaintiffs' Position.  Plaintiffs contend that no trial date should be set until, at a minimum, the stay to conduct settlement discussions is lifted.  Until then, it would be premature to set a date given the uncertainties attendant to discovery, including the fact that discovery may reveal the need to add new parties, the fact that the availability of discoverable information regarding the environmental conditions at Defendants' properties may depend upon the timing of actions taken by state regulatory authorities overseeing remedial activities at those properties, and the fact that a trial may be entirely unnecessary if a settlement is reached during the stay period.  In addition,

even if the case is not entirely disposed of during the stay period, the number of parties that remain and issues to be tried may be significantly narrowed.

<u>Defendants' Position</u>.  Defendants have been wrapped up in this litigation for almost two years and have not been able to conduct basic fact discovery to ascertain the facts supporting Plaintiffs' legal contentions against the Defendants.  Only now are Defendants finally getting the chance to engage in basic fact discovery, albeit in a staged format due to Plaintiffs' insistence that response cost discovery wait until later this year.  Defendants want to set a trial date in this matter to push this matter towards resolution, either via settlement or through trial.  Without a trial date, the parties will not have the same urgency and pending deadlines that are necessary to get this case on track.

Instead, this Court should set a trial date in January, 2025.  A trial date in January, 2025 permits the parties with time to conduct fact discovery and prepare their respective cases for trial in this matter.  Moreover, the trial date is sufficiently far out so that it can accommodate Plaintiffs' requested stay to conduct settlement procedures in early 2023.  The issues set forth in Plaintiffs' position are not valid reasons for not setting a trial date.  If the possibilities set forth by Plaintiffs do occur, then the parties can come before the Court to change the trial date as needed.  However, this Court should set a trial date to keep this case moving along in an orderly fashion.  Lastly, setting a trial date now negates the need for a status conference upon the conclusion of the settlement stay specifically for the purpose of setting a trial date

DATED:  February 28, 2022           LATHROP GPM LLP

By: /s/ Ronald A. Valenzuela
Nancy Sher Cohen
Ronald A. Valenzuela
Attorneys for Plaintiffs

DATED: February 28, 2022          VAN NESS FELDMAN LLP

By: /s/ Brian L. Zagon
    Brian L. Zagon
    Attorney for Defendants
    Cal-Tron Plating, Inc.

DATED: February 28, 2022          THE CRONIN LAW GROUP

By: /s/ Timothy C. Cronin
    Timothy C. Cronin
    Attorney for Defendant
    Mid-West Fabricating Co.

DATED: February 28, 2022          VAN RIPER LAW

By: /s/ David Van Riper
    David Van Riper
    Attorney for Defendant
    Santa Fe Rubber Products, Inc.

DATED: February 28, 2022          HAMRICK & EVANS LLP

By: /s/ Thomas P. Schmidt
    Thomas P. Schmidt
    Attorney for Defendant
    Electronic Chrome & Grinding Co., Inc.

DATED: February 28, 2022　　　　WEISS & ZAMAN

By: /s/ Thomas J. Weiss
　　Thomas J. Weiss
　　Attorney for Defendant
　　Vanowen Holdings, LLC

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, Ronald A. Valenzuela, am the ECF user whose ID and password are being used to file this Joint Status Report. In compliance with C.D. Cal. Civ. L.R. 5-4.3.4(a)(2)(i), I hereby attest that I have obtained the concurrence of each signatory to this document.

　　　　　　　　　　　　　　　　　/s/ Ronald A. Valenzuela
　　　　　　　　　　　　　　　　　Ronald A. Valenzuela