1

2

David A. Van Riper (SBN 128059)
   eservice@vanriperlaw.com
VAN RIPER LAW

3

1254 Irvine Boulevard, Suite 200
Tustin, California 92780-3571

4

Phone:  (714) 731-1800

5

Attorneys for **SANTA FE RUBBER**

6

**PRODUCTS, INC.**

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

ARCONIC INC.; MACOM
CONNECTIVITY SOLUTIONS, LLC (f/k/a

12

APPLIED MICRO CIRCUITS

13

CORPORATION); BASF CORPORATION;
BAXTER HEALTHCARE CORPORATION;

14

C.T.L. PRINTING INDUSTRIES, INC.;
CALIFORNIA HYDROFORMING

15

COMPANY, INC.; COLUMBIA

16

SHOWCASE & CABINET COMPANY,

17

INC.; CROSBY & OVERTON, INC.;
DISNEY ENTERPRISES, INC.; FHL

18

GROUP; FORENCO, INC.; GENERAL

19

DYNAMICS CORPORATION; HERCULES
LLC (f/k/a HERCULES INCORPORATED);

20

HEXCEL CORPORATION; HONEYWELL

21

INTERNATIONAL, INC.;
INTERNATIONAL PAPER COMPANY;

22

LOS ANGELES COUNTY;

23

METROPOLITAN TRANSPORATION

24

AUTHORITY; MASCO BUILDING
PRODUCTS CORPORATION; MATTEL,

25

INC.; MERCK SHARP & DOHME CORP.;

26

Case No. 2:20-CV-02586-GW (Ex)

**ANSWER OF DEFENDANT
SANTA FE RUBBER
PRODUCTS, INC. TO
PLAINTIFFS' COMPLAINT**

27

28

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

1

1   PILKINGTON GROUP LIMITED; QUEST
2   DIAGNOSTICS CLINICAL
    LABORATORIES, INC.; RAYTHEON
3   COMPANY; SAFETY-KLEEN SYSTEMS,
4   INC.; SOCO WEST, INC.; SPARTON
    TECHNOLOGY, INC.; THE BOEING
5   COMPANY; THE DOW CHEMICAL
6   COMPANY; TRIMAS CORPORATION;
7   AND UNIVAR SOLUTIONS USA, INC.,

8          Plaintiffs,

9   vs.

10
    CAL-TRON PLATING, INC.; DENNIS
11  O'MEARA; ELECTRONIC CHROME &
12  GRINDING CO., INC.; DUNCAN
    INDUSTRIES, INC.; HALLIBURTON
13  ENERGY SERVICES, INC.; MID-WEST
14  FABRICATING CO.; OMEGA CHEMICAL
    CORPORATION; SANTA FE RUBBER
15  PRODUCTS, INC.; SUNRISE
16  PROPERTIES, LLC; AND VANOWEN
17  HOLDINGS, LLC; AND DOES 1 - 10,
    INCLUSIVE,
18
19          Defendants
20
21
22
23
24
25
26
27
28

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

2

Defendant SANTA FE RUBBER PRODUCTS, INC. (hereafter, "SANTA FE RUBBER") hereby answers Plaintiffs' Complaint ("Complaint") by admitting, denying and alleging as follows:

## NATURE OF THE ACTION

1.    In response to Paragraph 1 of the Complaint, SANTA FE RUBBER admits that this is a civil action in which Plaintiffs seek contribution and a declaratory judgment under sections 113(f) and 113(g)(2) of the federal Comprehensive Environmental Response, Compensation and Liability Act, as amended by 42 U.S.C. §§ 9601-9675 ("CERCLA"), but denies that it caused any environmental contamination on which Plaintiffs' claims allegedly arise.

2.    In response to Paragraph 2 of the Complaint, SANTA FE RUBBER admits that groundwater under portions of the Whittier and Santa Fe Springs communities is contaminated with high concentrations of numerous substances that are hazardous to the environment and human health, and that the United States Environmental Protection Agency ("EPA") has designated this regional groundwater contamination as Operable Unit No. 2 of the Omega Superfund Site ("OU-2"), but lacks sufficient knowledge and information on which to form a

_____

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

3

belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

3.   In response to Paragraph 3 of the Complaint, SANTA FE RUBBER admits that it owned and operated a business at or very near OU-2, but lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

4.   In response to Paragraph 4 of the Complaint, SANTA FE RUBBER admits that companies that sent chemicals to Omega Chemical Corporation for processing, along with others that have contributed to the OU-2 groundwater contamination, should contribute to the response costs incurred to address that contamination, but lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

5.   In response to Paragraph 5 of the Complaint, SANTA FE RUBBER denies that it is responsible for releases of hazardous substances to the OU-2 groundwater and therefore should contribute to the costs arising from the alleged consent decree, but lacks sufficient knowledge and information on which to form a

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

4

belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

6.    In response to Paragraph 6 of the Complaint, SANTA FE RUBBER admits that Plaintiffs' seek the described relief through this action.

## PARTIES

### A.    **Plaintiffs**

7.    In response to Paragraph 7 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

8.    In response to Paragraph 8 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

9.    In response to Paragraph 9 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

10.    In response to Paragraph 10 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

11.     In response to Paragraph 11 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

12.     In response to Paragraph 12 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

13.     In response to Paragraph 13 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

14.     In response to Paragraph 14 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

15.     In response to Paragraph 15 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

16.     In response to Paragraph 16 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

17. In response to Paragraph 17 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

18. In response to Paragraph 18 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

19. In response to Paragraph 19 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

20. In response to Paragraph 20 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

21. In response to Paragraph 21 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

22. In response to Paragraph 22 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

23.    In response to Paragraph 23 of the Complaint, SANTA FE RUBBER admits that Plaintiff Los Angeles County Metropolitan Transportation Authority is a public corporation, transit district, and county transportation commission, duly authorized by California law to plan, construct and operate public mass transit in the County of Los Angeles.

24.    In response to Paragraph 24 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

25.    In response to Paragraph 25 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

26.    In response to Paragraph 26 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

27.    In response to Paragraph 27 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

28.     In response to Paragraph 28 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

29.     In response to Paragraph 29 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

30.     In response to Paragraph 30 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

31.     In response to Paragraph 31 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

32.     In response to Paragraph 32 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

33.     In response to Paragraph 33 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

9

34.     In response to Paragraph 34 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

35.     In response to Paragraph 35 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

36.     In response to Paragraph 36 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**B.      Defendants**

**1.      Cal-Tron Plating**

37.     In response to Paragraph 37 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**2.      Electronic Chrome**

38.     In response to Paragraph 38 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
10

### 3. Sunrise Properties

39.     In response to Paragraph 39 of the Complaint, SANTA FE RUBBER
lacks sufficient knowledge and information on which to form a belief as to the
truth of each and every allegation contained therein, and on that basis denies them.

### 4. MID WEST Fabricating Co.

40.     In response to Paragraph 40 of the Complaint, SANTA FE RUBBER
lacks sufficient knowledge and information on which to form a belief as to the
truth of each and every allegation contained therein, and on that basis denies them.

### 5. Santa Fe Rubber

41.     In response to Paragraph 41 of the Complaint, SANTA FE RUBBER
admits that it is a corporation duly organized and existing under the laws of the
State of California with its principal place of business in Whittier, California.
SANTA FE RUBBER also admits that it is a successor-in-interest to Santa Fe
Holding Corporation and that SANTA FE RUBBER is a current or previous
"owner" or "operator," as those terms are defined under CERCLA, of its property
in Whittier.  SANTA FE RUBBER denies each and every other allegation
contained therein.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

11

### 6.   Halliburton Energy

42.     In response to Paragraph 42 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### 7.   Duncan Industries

43.     In response to Paragraph 43 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### 8.   Omega Chemical Source Property Defendants

44.     In response to Paragraph 44 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

45.     In response to Paragraph 45 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

46.     In response to Paragraph 46 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**C.** **Doe Defendants**

47.     In response to Paragraph 47 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

48.     In response to Paragraph 48 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

## JURISDICTION AND VENUE

49.     In response to Paragraph 49 of the Complaint, SANTA FE RUBBER admits that this is a civil action arising under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* and that this Court has original jurisdiction pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331.

50.     In response to Paragraph 50 of the Complaint, SANTA FE RUBBER admits that the Declaratory Judgments Act, 42 U.S.C. §§ 2201, 2202, and Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), authorizes the Court to grant declaratory relief.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

13

51.     In response to Paragraph 51 of the Complaint, SANTA FE RUBBER admits that venue in this district is proper pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the alleged releases of hazardous substances which give rise to the asserted claims occurred in this district.

## FACTUAL ALLEGATIONS

### A.     OU-2 Regional Groundwater Contamination

52.     In response to Paragraph 52 of the Complaint, SANTA FE RUBBER admits that the OU-2 groundwater is contaminated with hazardous substances, but lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

53.     In response to Paragraph 53 of the Complaint, SANTA FE RUBBER admits the truth of the allegations contained therein that historically the land that sits atop OU-2 has been used mostly for industrial and commercial purposes, but lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
14

54.   In response to Paragraph 54 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

55.   In response to Paragraph 55 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

56.   In response to Paragraph 56 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

57.   In response to Paragraph 57 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**B.    The OU-2 Consent Decree**

58.   In response to Paragraph 58 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

15

59.     In response to Paragraph 59 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

60.     In response to Paragraph 60 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

61.     In response to Paragraph 61 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

62.     In response to Paragraph 62 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

63.     In response to Paragraph 63 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**C.      Defendants Have Contributed to the OU-2 Groundwater Contamination**

64.     In response to Paragraph 64 of the Complaint, SANTA FE RUBBER admits that the Source Properties set forth in Section C of the Complaint are

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

16

located above or immediately adjacent to OU-2, but denies that SANTA FE RUBBER is a source of the groundwater contamination. SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

### 1.   The Cal-Tron Source Property – 11919 Rivera Road

65.   In response to Paragraph 65 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### a.   Source Property Ownership and Operation

66.   In response to Paragraph 66 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

67.   In response to Paragraph 67 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

68.    In response to Paragraph 68 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

69.    In response to Paragraph 69 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

70.    In response to Paragraph 70 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

71.    In response to Paragraph 70 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

72.    In response to Paragraph 72 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

///

///

///

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

18

b. <u>Disposals and Releases of Hazardous Substances</u>

73.     In response to Paragraph 73 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

74.     In response to Paragraph 74 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

75.     In response to Paragraph 75 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

76.     In response to Paragraph 76 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

77.     In response to Paragraph 77 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

///

///

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

**2. The Electronic Chrome Source Property – 9128 and 9132 Dice Road**

78.    In response to Paragraph 78 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

a.  Source Property Ownership and Operation

79.    In response to Paragraph 79 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

80.    In response to Paragraph 80 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

81.    In response to Paragraph 81 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

82.    In response to Paragraph 82 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

20

83. In response to Paragraph 83 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

b. Disposal and Releases of Hazardous Substances

84. In response to Paragraph 84 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

85. In response to Paragraph 85 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

86. In response to Paragraph 86 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

87. In response to Paragraph 87 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

88.     In response to Paragraph 88 of the Complaint, SANTA FE RUBBER

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained therein, and on that basis denies them.

### 3. The Sunrise Source Property – 12353-12357 E. Whittier Blvd.

89.     In response to Paragraph 89 of the Complaint, SANTA FE RUBBER

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained therein, and on that basis denies them.

90.     In response to Paragraph 90 of the Complaint, SANTA FE RUBBER

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained therein, and on that basis denies them.

91.     In response to Paragraph 91 of the Complaint, SANTA FE RUBBER

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained therein, and on that basis denies them.

### a. Source Property Ownership and Operation

92.     In response to Paragraph 92 of the Complaint, SANTA FE RUBBER

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained therein, and on that basis denies them.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
22

93.     In response to Paragraph 93 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

94.     In response to Paragraph 94 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

95.     In response to Paragraph 95 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

b. <u>Disposal and Releases of Hazardous Substances</u>

96.     In response to Paragraph 96 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

97.     In response to Paragraph 97 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

98.     In response to Paragraph 98 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

99.     In response to Paragraph 99 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

100.    In response to Paragraph 100 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

101.    In response to Paragraph 101 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

102.    In response to Paragraph 102 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### 4.     The MID WEST Source Property – 8623 Dice Road

103.    In response to Paragraph 103 of the Complaint, SANTA FE RUBBER

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
24

lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### a. Source Property Ownership and Operation

104.   In response to Paragraph 104 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

105.   In response to Paragraph 105 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

106.   In response to Paragraph 106 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

107.   In response to Paragraph 107 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### b. Disposal and Releases of Hazardous Substances

108.   In response to Paragraph 108 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

109.   In response to Paragraph 109 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

110.   In response to Paragraph 110 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained within the Paragraph, and on that basis denies them.

111.   In response to Paragraph 111 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained within the Paragraph, and on that basis denies them.

112.   In response to Paragraph 112 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

113.   In response to Paragraph 113 of the Complaint, SANTA FE RUBBER

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
26

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained therein, and on that basis denies them.

114.   In response to Paragraph 114 of the Complaint, SANTA FE RUBBER

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained within the Paragraph, and on that basis

denies them.

115.   In response to Paragraph 115 of the Complaint, SANTA FE RUBBER

lacks sufficient knowledge and information on which to form a belief as to the

truth of each and every allegation contained within the Paragraph, and on that basis

denies them.

**5. The Santa Fe Rubber Source Property – 12306 E. Washington Blvd.**

116.   In response to Paragraph 116 of the Complaint, SANTA FE RUBBER

denies each and every allegation contained therein.

a.   <u>Source Property Ownership and Operation</u>

117.   In response to Paragraph 117 of the Complaint, SANTA FE RUBBER

admits each and every allegation contained therein.

118.   In response to Paragraph 118 of the Complaint, SANTA FE RUBBER

denies each and every allegation contained therein.

119.   In response to Paragraph 119 of the Complaint, SANTA FE RUBBER admits it stored and used TCE from approximately 1994 to 2003, SANTA FE RUBBER denies each and every remaining allegation contained within the Paragraph.

### b.  Disposal and Releases of Hazardous Substances

120.   In response to Paragraph 120 of the Complaint, SANTA FE RUBBER Admits it stored waste in a waste storage container at the rear of its parking lot. SANTA FE RUBBER denies each and every remaining allegation contained within the Paragraph.

121.   In response to Paragraph 121 of the Complaint, SANTA FE RUBBER denies each and every allegation contained therein.

122.   In response to Paragraph 122 of the Complaint, SANTA FE RUBBER denies each and every allegation contained therein.

**6.  The Halliburton Source Property – 12310, 12314 and 12320 South Bloomfield Avenue**

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
28

123.   In response to Paragraph 123 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### a. Source Property Ownership and Operation

124.   In response to Paragraph 124 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

125.   In response to Paragraph 125 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

126.   In response to Paragraph 126 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

127.   In response to Paragraph 127 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
29

128.   In response to Paragraph 128 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

///

///

### b. Disposal and Releases of Hazardous Substances

129.   In response to Paragraph 129 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

130.   In response to Paragraph 130 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

131.   In response to Paragraph 131 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

132.   In response to Paragraph 132 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

133.   In response to Paragraph 133 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### 7.   The Duncan Source Property – 12110 Clark Street

134.   In response to Paragraph 134 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

#### a.   Source Property Ownership and Operation

135.   In response to Paragraph 135 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

136.   In response to Paragraph 136 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

31

137.   In response to Paragraph 137 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

b.   Disposal and Releases of Hazardous Substances

138.   In response to Paragraph 138 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

139.   In response to Paragraph 139 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

140.   In response to Paragraph 140 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**8. The Omega Chemical Source Property – 12504 and 12512 Whitier Blvd.**

141.   In response to Paragraph 141 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

### a. Source Property Ownership and Operation

142.   In response to Paragraph 142 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

143.   In response to Paragraph 143 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

144.   In response to Paragraph 144 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

145.   In response to Paragraph 145 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

146.   In response to Paragraph 146 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

147.   In response to Paragraph 147 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

148.   In response to Paragraph 148 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

149.   In response to Paragraph 149 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

150.   In response to Paragraph 150 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

b. Disposal and Releases of Hazardous Substances

151.   In response to Paragraph 151 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

152.   In response to Paragraph 152 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

153.   In response to Paragraph 153 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

154.   In response to Paragraph 154 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

## FIRST CLAIM FOR RELEIF
### Contribution Under CERCLA Against All Defendants

155.   In response to Paragraph 155 of the Complaint, SANTA FE RUBBER incorporates by reference its responses to Paragraph 1 through 154 as if fully set forth herein.

156.   In response to Paragraph 156 of the Complaint, SANTA FE RUBBER admits that it is, and on information and belief asserts that all other defendants are a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
35

157.   In response to Paragraph 157 of the Complaint, SANTA FE RUBBER denies that it is a covered person within the meaning of one of more of Section 107 (a)(1), (2), (3) or (4) of CERCLA, 42 U.S.C. § 9601(a)(1), (2), (3), or (4).  With respect to other defendants, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

158.   In response to Paragraph 158 of the Complaint, SANTA FE RUBBER admits that its property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).  SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

159.   In response to Paragraph 159 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

160.   In response to Paragraph 160 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

161.   In response to Paragraph 161 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
36

162.   In response to Paragraph 162 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

163.   In response to Paragraph 163 of the Complaint, SANTA FE RUBBER denies that Plaintiffs are entitled to any contribution from SANTA FE RUBBER.  SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

164.   In response to Paragraph 164 of the Complaint, SANTA FE RUBBER lacks sufficient knowledge and information on which to form a belief as to the truth of each and every allegation contained therein, and on that basis denies them.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment Under Federal Law – Against All Defendants

165.   In response to Paragraph 165 of the Complaint, SANTA FE RUBBER incorporates by reference its responses to Paragraph 1 through 164 as if fully set forth herein.

166.   In response to Paragraph 166 of the Complaint, SANTA FE RUBBER admits the allegations contained therein.

167.   In response to Paragraph 167 of the Complaint, SANTA FE RUBBER denies that Plaintiffs are entitled to a declaratory judgment holding SANTA FE RUBBER liable under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

37

contribution for its alleged equitable share of Plaintiffs' alleged costs and damages. SANTA FE RUBBER lacks sufficient knowledge and information to form a belief as to the truth of each and every additional allegation contained therein, and on that basis denies them.

## FIRST AFFIRMATIVE DEFENSE

(Statute of Limitations)

SANTA FE RUBBER asserts that Plaintiffs' claims are barred by the applicable statute of limitations, CERCLA Section 113(g)(3), 42 U.S.C. § 9613(g)(3).

## SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

SANTA FE RUBBER asserts that the Complaint, and each of the purported claims therein, fails to state facts sufficient to state a cause of action against SANTA FE RUBBER.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

SANTA FE RUBBER asserts Plaintiffs' claims are barred by the doctrine of laches from asserting all of the claims in the Complaint in that Plaintiffs have unreasonably delayed in bringing this action, and such delay has caused prejudice to SANTA FE RUBBER.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
38

SANTA FE RUBBER asserts Plaintiffs' claims are barred by the doctrines of collateral and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

SANTA FE RUBBER asserts Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Untimely)

SANTA FE RUBBER asserts the Complaint should be barred because it is untimely.

## SEVENTH AFFIRMATIVE DEFENSE

(Comparative Fault of Plaintiffs)

The negligence, or other fault or misconduct of Plaintiffs, or their agents, directly and proximately contributed to Plaintiffs' alleged damages, which is conduct that either bars or reduces Plaintiffs' recovery.

## EIGHTH AFFIRMATIVE DEFENSE

(Proximate Cause)

SANTA FE RUBBER's conduct was not the proximate cause of any

releases or threatened releases of hazardous substances alleged in the Complaint

that resulted in any damage to Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiffs have failed to exercise reasonable efforts to minimize or avoid any

damages which are alleged to have been caused by SANTA FE RUBBER, and

therefore any recovery against SANTA FE RUBBER should be barred or reduced

accordingly.

## TENTH AFIRMATIVE DEFENSE

(Consent)

Each purported claim in the Complaint is barred because Plaintiffs

consented, or may be deemed to have consented, to the acts or omissions, if any, of

SANTA FE RUBBER.

## ELEVENTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
40

Each purported claim in the Complaint is barred because Plaintiffs' injuries, if any, are the result, in whole or in part, of Plaintiffs' assumption of the risk.

## TWELFTH AFFIRMATIVE DEFENSE
### (De Minimis Effect)

SANTA FE RUBBER asserts that if hazardous substances or hazardous wastes as alleged by Plaintiffs migrated to or from SANTA FE RUBBER's property, such migration was of such a minor, trivial or insignificant amount in view of the circumstances surrounding the alleged contamination that no reasonable person would conclude that SANTA FE RUBBER had created or caused the damages alleged in the Complaint. SANTA FE RUBBER further alleges that in the event that at any time mentioned in the Complaint SANTA FE RUBBER was not in compliance with any statute or regulation described therein, which SANTA FE RUBBER denies, any such instance of noncompliance was *de minimis*, both in absolute terms and relative to the contributions of hazardous waste treatment, storage, and disposal facilities within the jurisdiction of Plaintiffs, and therefore insufficient as a matter of law under the due process and equal protection rights guaranteed by the United States Constitution and pursuant to the *de minimis curat lex* doctrine to give rise to any liability.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

### (Defense Under Section 107(b)(3) of the CERCLA,
Based on the Actions or Omissions of a Third Party)

SANTA FE RUBBER asserts that the migration of hazardous substances and hazardous wastes, if any, alleged in the Complaint and the alleged resulting damages therefrom, were solely caused by the acts or omissions of a third party or parties. Such third party or parties were neither an employee nor an agent of SANTA FE RUBBER nor did the acts or omissions of such third party or parties occur in connection with a contractual relationship, existing directly or indirectly, with SANTA FE RUBBER. If it is determined that there were releases of hazardous substances or hazardous wastes at the SANTA FE RUBBER property, then SANTA FE RUBBER asserts that SANTA FE RUBBER exercised due care with respect to the hazardous substances and hazardous wastes allegedly concerned, taking into consideration the characteristics of such hazardous substances and hazardous wastes in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of any third party and the consequences that could foreseeably result from such acts or omissions.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
42

Therefore, SANTA FE RUBBER  is not liable for any resulting response costs or damages by reason of the CERCLA Section 107(b)(3), 42 U.S.C. § 9607(b)(3).

## FOURTEENTH AFFIRMATIVE DEFENSE

(Defense Under Section 107(b)(1) and 107(b)(2) of the CERCLA, Based on an Act of God and Act of War)

SANTA FE RUBBER asserts that some or all of the alleged releases/migrations or threats of releases of hazardous substances or hazardous wastes, if any, alleged in the Complaint and the resulting damages therefrom, were solely caused by an Act of God, as defined by CERCLA Section 101(1), 42 U.S.C. § 9601(1), or by Act of War. To the extent this caused releases or threatened releases of hazardous substances or hazardous wastes, SANTA FE RUBBER is not liable for any resulting response costs or damages by reason of the provisions of the CERCLA § 107(b)(1), 42 U.S.C. § 9607(b)(1) or 107(b)(2).

///

## FIFTEENTH AFFIRMATIVE DEFENSE

(Defense Under Section 107(b)(4) of the CERCLA, Based on a Combination of an Act of God and the Actions of a Third Party)

SANTA FE RUBBER asserts that some or all of the releases or threats of release of hazardous substances or hazardous wastes, if any, alleged in the

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
43

Complaint and the alleged resulting damages therefrom, were caused by an Act of God, as defined by the CERCLA Section 101(1), 42 U.S.C. § 9601(1), in combination with the acts of a third party or parties. To the extent this caused releases or threatened releases of hazardous substances or hazardous wastes at or from OU-2 Site, SANTA FE RUBBER is not liable for any resulting response costs or damages by reason of the provisions of the CERCLA Section 107(b)(1), (3) and (4), 42 U.S.C. § 9607(b)(1), (3) and (4).

## SIXTEENTH AFFIRMATIVE DEFENSE
(Inconsistency with the National Contingency Plan)

Section 107(a)(4)(B) of the CERCLA, 42 U.S.C. § 9607(a)(4)(B), authorizes recovery only for response costs incurred which are necessary and consistent with the National Contingency Plan.  SANTA FE RUBBER asserts that part or all of the response costs allegedly incurred and to be incurred by Plaintiffs are not a necessary cost of response or are not consistent with the National Contingency Plan. As such, Plaintiffs are not entitled to recovery for such activities and costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(No Release During Ownership or Operation)

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
44

SANTA FE RUBBER asserts that any release or threatened release that caused Plaintiffs to incur response costs did not occur during any period of ownership or operation of any portion of the OU-2 by SANTA FE RUBBER and therefore SANTA FE RUBBER cannot be liable under the CERCLA.

## EIGTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

SANTA FE RUBBER asserts that Plaintiffs' claims, in whole or in part, are barred by the doctrine of unclean hands.

## NINTEENTH AFFIRMATIVE DEFENSE

(No Right to Recovery for Substances Excluded by Petroleum Products Exclusion)

The Complaint fails to state a claim upon which relief may be granted under the CERCLA insofar as the "hazardous substances" allegedly released or that threaten to be released at the Property are petroleum products. Petroleum, including crude oil or any fraction thereof that is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of 42 U.S.C. § 9601(14), is not a "hazardous substance" within the meaning of the CERCLA, 42 U.S.C. § 9601 et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
45

(No Right to Recovery for Substances Excluded by Gas Products Exclusion)

The Complaint fails to state a claim upon which relief may be granted under the CERCLA insofar as the "hazardous substances" allegedly released or that threaten to be released at the Site are natural gas products. Natural gas products, including gas, natural gas liquids, liquified natural gas and synthetic gas usable for fuel (or mixtures of natural gas and such and synthetic gas), are not a "hazardous substance" within the meaning of the CERCLA, 42 U.S.C. § 9601 et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Right to Recovery for Violations of Regulatory Standards or to Cooperate)

Plaintiffs' claims are barred to the extent its costs, if any, were incurred as the result of its violation of regulatory standards or failure to cooperate with public officials.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Costs are Not Response Costs)

The costs Plaintiffs seek to recover by means of the Complaint are not response costs within the meaning of CERCLA, 42 U.S.C. § 9607(a).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Right to Recovery for Non Cost Effective Remedial Actions)

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
46

Plaintiffs are not entitled to a recovery of remedial costs from SANTA FE RUBBER because Plaintiffs' alleged remedial actions were not and are not "cost-effective" pursuant to the CERCLA, 42 U.S.C. § 9621.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Imputation of Liability to Plaintiffs)

Any release or threat of release of any hazardous substance, any imminent and substantial endangerment relating to any hazardous waste, and any other damage alleged in the Complaint were caused by the acts, omissions or fault of persons or entities other than SANTA FE RUBBER whose acts, omissions or fault are imputed to Plaintiffs by reason of the relationship of said persons or entities to Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Apportionment)

Whatever damage, injury, loss, or expense may be, or may have been, incurred by Plaintiffs under the circumstances and events alleged in the Complaint was solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of other defendants named in the Complaint, third party defendants and cross-defendants and by third parties whose

identities are not now known to SANTA FE RUBBER. Therefore, SANTA FE

RUBBER requests that in the event Plaintiffs recover against SANTA FE

RUBBER, whether by settlement or judgment, an apportionment of fault be made

by the Court or jury as to all parties. SANTA FE RUBBER further requests a

judgment and declaration of indemnification and contribution against all those

parties in accordance with the apportionment of fault.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Due Care)

SANTA FE RUBBER asserts it exercised due care with respect to all

matters alleged in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to Do Equity)

SANTA FE RUBBER asserts and is informed and believes, and on that

basis alleges, that Plaintiffs' claims are barred, in whole or in part, by reason of

Plaintiffs' failure to do equity in the matters alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Offset)

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

48

Without conceding that any act of SANTA FE RUBBER caused damage to Plaintiffs or any other person in any respect, SANTA FE RUBBER asserts that SANTA FE RUBBER is entitled to offset and recoupment against any judgment that may be entered against SANTA FE RUBBER.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Equitable Indemnity)

Without conceding that any act of SANTA FE RUBBER caused damage to Plaintiffs or any other person in any respect, SANTA FE RUBBER asserts that SANTA FE RUBBER is entitled to equitable indemnity against any judgment that may be entered against it.

### THIRTIETH AFFIRMATIVE DEFENSE

(Lack of Knowledge and Control)

SANTA FE RUBBER is informed and believes, and on that basis alleges, that Plaintiffs' claims against SANTA FE RUBBER are barred, in whole or in part, as any alleged pollution to or contamination of the OU-2 Site occurred prior to SANTA FE RUBBER's alleged ownership or occupation of any portion of the OU-2 Site and SANTA FE RUBBER asserts that it had no knowledge or control

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

over sources which may have caused such contamination or pollution to the OU-2 Site.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Innocent Purchaser Defense)

SANTA FE RUBBER is informed and believes and on that basis alleges that to the extent it may be established that SANTA FE RUBBER owned a portion of the OU-2 Site before Plaintiffs' claims against SANTA FE RUBBER, Plaintiffs are barred in whole or in part because SANTA FE RUBBER came to own the Property after the disposal of hazardous substances and with no knowledge or reason to know of the contamination as set out under the CERCLA Section 42 U.S.C. § 9601(35)(A), and by equitable principles.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Liability)

SANTA FE RUBBER asserts that SANTA FE RUBBER is not liable for any acts or omissions undertaken by or at the direction or sufferance of local, State, or federal authority, including, without limitation, acts or omissions made in accordance with any statutes, laws, or regulations applicable at the time the acts or omissions occurred.

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

## **THIRTY-THIRD AFFIRMATIVE DEFENSE**

(No Liability for Migration)

SANTA FE RUBBER is not liable for the migration of any alleged contamination at the OU-2 Site because Plaintiffs failed to respond to and remediate the alleged contamination.

## **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Incorporation of All Applicable Defenses)

SANTA FE RUBBER asserts all applicable defenses pled by any other defendant to this action, and hereby incorporates the same herein by reference.

## **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Reservation of Right to Assert Additional Defenses)

SANTA FE RUBBER reserves the right to assert additional defenses which cannot now be articulated due to Plaintiffs' failure to particularize its claims or to SANTA FE RUBBER's lack of knowledge of the circumstances surrounding Plaintiffs' claims. Upon further particularization of the claims by Plaintiffs, or

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**

upon discovery of further information concerning Plaintiffs' claims, SANTA FE RUBBER reserves the right to assert additional defenses.

WHEREFORE SANTA FE RUBBER prays as follows:

1.     That Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Plaintiffs be denied the relief sought by way of the prayer contained in its Complaint;

2.     That Plaintiffs take nothing by this action;

3.     That SANTA FE RUBBER be awarded its costs, expert consultants' and witness' fees, and reasonable attorneys' fees;

4.     For costs of suit incurred;

5.     For a declaration that SANTA FE RUBBER is not liable to Plaintiffs in any amount; and

6.     For such other relief as the Court deems just and proper.

Dated: March 21, 2022            Respectfully submitted,

VAN RIPER LAW GROUP


BY: _____
DAVID A. VAN RIPER
Attorneys for Defendant
Santa Fe Rubber Products, Inc.

---

**ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
52

1

## CERTIFICATE OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1254 Irvine Boulevard, Suite 200, Tustin California 92780-3571; Fax 714-731-1811; E-mail address: eservice@vanriperlaw.com.

5

      I hereby certify that on March 21, 2022, I served the foregoing documents described as: **Answer of Defendant Santa Fe Rubber Products, Inc.** on the interested parties as follows:

6

**SEE ATTACHED LIST**

7

8

9

☒    ELECTRONIC TRANSMISSION: Pursuant to Local Rule 352 & California Rules of Court, rule 2.251(b)(1)(B) and (b)(2) and/or an agreement of the parties, I electronically transmitted a true and correct copy thereof to the notification electronic mail address(es) of record before close of business for the purpose of effecting service and the transmission was complete and without report of error.

10

11

☐    FACSIMILE TRANSMISSION: Pursuant to ☐ court order ☐ agreement of the parties, I caused a true copy thereof to be served by transmitting via facsimile machine to the notification facsimile number(s) of record before close of business.  The facsimile machine I used complied with California Rules of Court, Rule 2.301(2), and the transmission was reported as complete, without error by a transmission report issued by the transmitting facsimile machine immediately upon completion of transmittal.

12

13

☐    BY PLACING ☐ an original ☐ a true copy thereof enclosed in sealed envelope(s) to the notification address(es) of record and transmitting via:

14

15

16

☐    U.S. MAIL:  I caused such envelope(s) to be delivered by first-class mail.  I am "readily familiar" with the firm's practice of collection and processing of First Class Mail.  It is deposited with the Postal Service on the same day with postage thereon fully prepaid at Tustin, California in the ordinary course of business and deposited in a mailbox or other like facility regularly maintained by the United States Postal Service.

17

18

☐    OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered by overnight delivery by close of business of the next business day.  I am "readily familiar" with the firm's practice of collection and processing parcels for overnight carrier. It is deposited with the overnight carrier or at a location authorized to receive parcels on behalf of the overnight carrier on the same day, fully prepaid at Tustin, California in the ordinary course of business.

19

20

☐    PERSONAL DELIVERY: ☐ an original ☐ a true copy thereof to be delivered by hand to the notification address(es) of record by an employee or independent contractor of a registered California process service.

21

22

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

      Executed on March 21, 2022, in the City of Tustin, County of Orange, California.

24

Name: Sherry Carver

*Sherry Carver*
(Signature)

25

26

27

28

## ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.

53

1

## **SERVICE LIST**

2

3   **Plfs Arconic Inc., et al.**
    **Nancy Sher Cohen**
4   **Ronald A. Valenzuela**
    Email: nancy.cohen@lathropgpm.com
5   Email: Ronald.valenzuela@lathropgpm.com
6   LATHROP GAGE LLP
7   1888 Century Park East, Suite 1000
    Los Angeles, CA 90067-1623
8   Tel: 310.789.4600
9   Fax: 310.789.4601

10  **Def Electronic Chrome & Grinding Col, Inc.**
11  **Thomas B. Schmidt**
    Email: tpjschmidt@gmail.com
12  LAW OFFICES OF THOMAS P. SCHMIDT
13  900 Fulton Avenue, Suite 250
    Sacramento, CA 95825
14  Tel: 310.962.9128
15

16  **Def Duncan Industries, Inc.**
    **Aaron P. Allen**
17  Email: aallan@glaserweil.com
18  GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP
19  10250 Constellation Boulevard, 19th Floor
    Los Angeles, CA 90067
20  Tel: 310.282.6279
21  Fax: 310.556.2920

22

23

24

25

26

27  ─────────────────────────────────────
    **ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
28  54

1  **Def Cal-Tron Plating, Inc.**
2  **Justin Panitchpakdi**
   Email: jpanitchpakdi@vnf.com
3  VAN NESS FELDMAN LLP
4  3717 Mt. Diablo Boulevard, Suite 200
   Lafayette, CA 94549
5  Tel: 925.282.8012
6  Fax: 925.284.0870

7  **Def Mid-West Fabricating Co.**
8  **Timothy C. Cronin**
9  **Dennis J. Byrne**
   Email: tcronin@crowlaw.com
10 Email: dbyrne@crowlaw.com
11 THE CRONIN LAW GROUP
   390 Bridge Parkway, Suite 220
12 Redwood City, CA 94065
13 Tel: 415.951.0166
14 Fax: 415.951.0167

15 **Def Vanowen Holdings, LLC (Via ECF only)**
16 **Thomas J. Weiss**
   Email: tweiss@weisslawla.com
17 WEISS & ZAMAN
18 1925 Century Park East, Suite 2140
   Los Angeles, CA 90067
19 Tel: 310.788.0710
20 Fax: 310.788.0735

21

22

23

24

25

26

27
   _____
   **ANSWER OF DEFENDANT SANTA FE RUBBER PRODUCTS, INC.**
28                          55